| | |
|---|---|
| CASPER J. RANKIN (CA SBN 249196)<br>TRAVIS J. LILLIE (CA SBN 267339)<br>PITE DUNCAN, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-0933<br>Telephone: (858) 750-7600<br>Facsimile: (619) 590-1385<br><br>Attorneys for CITIMORTGAGE, INC. | |

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Case No. 10-52330<br><br>Chapter 13<br><br>**REPLY TO DEBTOR'S SUPPLEMENT TO AMENDED OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY**<br><br>DATE: November 3, 2010<br>TIME: 2:00 pm<br>CTRM: 3020<br><br>280 South 1st St. #3035<br><br>San Jose, CA 95113-3099 |

CITIMORTGAGE, INC. (hereinafter "Citi"), secured creditor of the above-entitled Debtor, David Randall Smith (hereinafter "Debtor"), respectfully submits the following Reply to Debtor's Supplement to Amended Objection to Motion for Relief from Automatic Stay and Co-Debtor Stay ("Objection").

/././

/././

/././

- 1 -

# I.

# STATEMENT OF FACTS

1. On or about January 23, 2006, Debtor and Sandra K. Smith (collectively, the "Borrowers"), for valuable consideration, made, executed and delivered to Reunion Mortgage, Inc. ("Lender") a Note in the principal sum of $227,000.00 (the "Note"). Pursuant to the Note, Borrowers are obligated to make monthly principal and interest payments commencing March 1, 2006, and continuing until February 1, 2036, when all outstanding amounts are due and payable. A true and correct copy of the Note is attached to the Declaration in Support of Motion for Relief From Automatic Stay as **exhibit A** and incorporated herein by reference.

2. On or about January 23, 2006, Borrowers made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the certain real property located at 23 Pine Avenue, Mount Hermon, California 95041 (hereinafter "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on January 31, 2006, in the Official Records of Santa Cruz County, State of California. A true and correct copy of the Deed of Trust is attached to the Declaration in Support of Motion for Relief From Automatic Stay as **exhibit B** and incorporated herein by reference.

3. Subsequently, Lender's beneficial interest in the Deed of Trust was sold, assigned and transferred to Citi. A true and correct copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Deed of Trust to Citi is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit C and incorporated herein by reference.

4. On or about March 10, 2010, Debtor filed the instant Chapter 13 bankruptcy petition.

5. On or about June 15, 2010, Citi filed a Motion for Relief from Automatic Stay ("Motion") with respect to the Real Property.

6. On or about September 27, 2010, Debtor filed the aforementioned Objection wherein the Debtor alleges that Citi lacks standing to enforce the Note and Deed of Trust and that Freddie Mac owns the Note and Deed of Trust.

# II.

# ANALYSIS

**A. WHILE FREDDIE MAC IS THE OWNER OF THE NOTE, CITIMORTGAGE, INC., AS HOLDER OF THE NOTE, HAS STANDING TO PROSECUTE THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY.**

**1. Legal Standard.**

Pursuant to Ninth Circuit precedent, "[t]he hearing on a motion for relief from stay is meant to be a summary proceeding, and the statute requires the bankruptcy court's action to be quick." Biggs v. Stovin, 219 B.R. 837 (9th Cir. BAP 1997); See also Grella v. Salem Five Cent Sav. Bank, 42 F. 3d 26, 33-34 (1st Cir. 1994). Given the restricted and specific statutory grounds for obtaining an order granting the motion, coupled with the short time frame for the hearing, most courts "hold that the hearings should not involve an analysis or resolution of the merits of claims, defenses or counterclaims, ***but rather simply determine whether the creditor has a colorable claim to the property of the estate***." In re Johnson, 756 F. 2d 738, 740 (9th Cir. 1985). (emphasis added). A relief from stay hearing is not, nor was it intended to be, the forum in which to determine the merits of the claims presented in support of relief from the automatic stay. Biggs v. Stovin, 219 B.R. at 842. Rather the motion for relief from the stay hearing is merely a threshold requirement which, if met by the creditor, allows a creditor to fully pursue its claims against the debtor without incurring liability for violating the automatic stay. Id. Relief from stay hearings are limited in scope to adequacy of protection, equity, and necessity to an effective reorganization; the validity of the underlying claims is not litigated. In re Johnson, supra. Fed. R. Bankr. P. 7001 requires an adversary proceeding to determine rights in property or to obtain declaratory relief.

Pursuant to the Debtor's Objection, the Debtor alleges that Citi lacks standing to enforce the Note and Deed of Trust because Freddie Mac is the owner. For the reasons detailed more fully below, Citi has standing to enforce the terms of the Note and Deed of Trust and has otherwise demonstrated that it has a colorable claim against the Debtor's bankruptcy estate. Consequently, Citi is entitled to relief from the automatic stay.[1]

---

[1] Debtor does not dispute that post-petition payments have not been made and has not amended his Chapter 13

## 2. Citi Qualifies as the Note Holder under the California Commercial Code, is the Real Party in Interest and Has Standing to Enforce the Note

Fed. R. Civ. P. 17, made applicable to this case by Fed. R. Bankr. P. 7017 and Fed. R. Bankr. P. 9014, provides that an action must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a)(1). In addition to the "real party in interest" requirements of Rule 17, a litigant must also have standing to bring a motion. Warth v. Seldin, 422 U.S. 490, 498 (1975). Having standing to bring a motion is different than being a "real party in interest" under Rule 17. Davis v. Yageo Corp., 481 F. 3d 661, 678 (9th Cir. 2007). Standing is a requirement grounded in Article III of the U.S. Constitution and a defect in standing cannot be waived by the parties. In re Kang Jin Hwang, 396 B.R. 757, 768 (Bankr. C. D. Cal. 2008). A litigant must have both constitutional standing and prudential standing for a federal court to have jurisdiction to hear the case. Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S.C. 1, 11, (2004). Constitutional standing requires an injury to be fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. United Food & Commercial Workers Union Local 751 v. Brown Group, Inc., 517 U.S. 544, 551 (1996). Prudential standing is a set of principles that places limits on the class of persons who may invoke a federal court's powers. Newdow, 542 U.S. at 11. To comply with the requirement of prudential standing, the litigant must assert its own legal rights and interests. Oregon v. Legal Servs. Corp., 552 F.3d 965, 971 (9th Cir. 2008).

In bankruptcy proceedings, state substantive law controls the rights of note and lienholders. See United States v. Butner, 440 U.S. 48 (1979). Accordingly, in order to determine whether Citi has standing to enforce the Note in this case, the court must look to the California Commercial Code ("CCC"), which is the substantive state law governing negotiable instruments.

CCC § 3301 provides in pertinent part:

> [The] [p]erson entitled to enforce an instrument means (a) ***the holder of the instrument***, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. (emphasis added).

---

Plan which surrenders the Real Property to Citi. Accordingly, Citi submits that it has met its prima facie burden under Section 362(d)(1) of the Bankruptcy Code for relief from the automatic stay.

CCC § 1201(21)(a) defines "Holder" as the "person in possession of a negotiable instrument that is payable either *to bearer* or, to an identified person that is the person in possession..." (emphasis added).

In this case, the Note was originally made payable to the order of Reunion Mortgage, Inc. The payee of an instrument may negotiate it by indorsing it and delivering it to another person, who then becomes its holder. (See Cal. Com. C. § 3201). CCC § 3201 provides in pertinent part:

> (a) "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.
>
> (b) Except for negotiation by a remitter, *if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder*. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone. (emphasis added).

Since the Note was made payable to the order of Reunion Mortgage, Inc., an identified party, in order to negotiate the Note, Reunion Mortgage, Inc. was required to: (1) transfer possession of the Note; and (2) indorse the Note to the transferee *or in blank*. Subsequent to the Debtor's execution of the Note, Reunion Mortgage, Inc. properly negotiated the Note by indorsing the back page of the Note specially to CitiMortgage, Inc. Subsequent to this, Citi indorsed the front of the last page of the Note in blank, thus converting the Note to a bearer instrument. As Citi is currently in rightful possession of the indorsed in blank Note, it qualifies as the Note holder with standing to enforce the Note under California law. Therefore, Citi and not Freddie Mac is the real party in interest with respect to the Motion for Relief from Automatic Stay in this case.

**3. The Beneficial Interest in the Deed of Trust Necessarily Follows the Note**

It is well established that the transfer of a note secured by a deed of trust carries with it the security, without any formal assignment or delivery, or even mention of the latter. Carpenter v. Longan, 83 U.S. 271, 275 (1873). In fact, California codified this principle in Cal. Civ. Code § 2936, which provides that "[t]he assignment of a debt secured by a mortgage carries with it the security." It follows that "a mortgage may be enforced only by, or on behalf of, a person who is

entitled to enforce the obligation that the mortgage secures." Restatement (Third) of Property (Mortgages) § 5.4 (Citing Carpenter v. Longan). Indeed, a recorded assignment of mortgage is not legally required to enforce the obligations of a note and mortgage. Restatement (Third) of Property: Mortgages § 5.4 (1997) specifically states:

> (a) A transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise;
> (b) Except as otherwise required by the Uniform Commercial Code, a transfer of a mortgage also transfers the obligation the mortgage secures unless the parties to the transfer agree otherwise;
> (c) A mortgage may be enforced only by, or on behalf of, a person who is entitled to enforce the obligation the mortgage secures.

In this case, the Note is the obligation that is secured by the Deed of Trust. Pursuant to Supreme Court precedent and California law, any transfer of the Note necessarily carries with it the security, without the need for any formal assignment. As previously discussed, Citi qualifies as the Note holder with standing to enforce the Note. It necessarily follows that Citi is the party entitled to enforce the Deed of Trust, regardless of whether there was a valid assignment of the Deed of Trust. Notwithstanding this well settled principle, Citi caused an Assignment to be recorded wherein Citi is reflected as the record beneficiary under the Deed of Trust. (See **Exhibit C**). Based upon the foregoing, Citi is entitled to enforce the Deed of Trust.

As the holder of the Note, Citi has constitutional standing to prosecute the Motion because the Debtor's default under the Note can be redressed by allowing Citi to enforce the Note. Moreover, because Citi asserts its own interest in the Note, it has prudential standing to prosecute the Motion. Accordingly, Citi's Motion must be granted.

**4. Freddie Mac is the Owner of the Note and Deed of Trust, but is not the Holder of the Note and is not an Indispensible Party to the Motion for Relief from Stay**

Freddie Mac does not originate loans in the primary residential mortgage market. Freddie Mac purchases mortgages in the secondary market and utilizes the mortgagee banks and non-bank financial companies to service the mortgages that Freddie Mac owns. As a result, typically, the movant in a Motion for Relief from the Automatic Stay is not the owner of the underlying note or loan that is secured by the subject property. Freddie Mac's servicers initiate the Motion for Relief

from the Automatic Stay in their names, even though they are not the owners of the notes or loans in question because they are the mortgagees as shown on the land records and they are the **holders or otherwise in possession of the note**.

Pursuant to Fed. R. Civ. P. 19, a necessary or indispensible party is, among other things, a party who's ability to protect its interest will be impaired due to its absence from the litigation. But the impairment of the party's ability to protect its interest must be **caused** by the party's absence from the litigation. *See* Fed. R. Civ. P. 19(a)(1)(B); Mastercard In'l, Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 387 (2d Cir. 2006). Protecting Freddie Mac's interest on this Motion for Relief from Automatic Stay does not result from Freddie Mac's absence, but from Freddie Mac "not having the right under California law to enforce the Note." In re Hwang, 2010 WL 3422718 (C.D.Cal. Jul 21, 2010). While Freddie Mac owns the Note, it is not the holder of the Note, it does not have the right to enforce the Note, and as such Freddie Mac is not an indispensible party to this Motion for Relief from Automatic Stay and is not the real party in interest.

### III.

### CONCLUSION

While Freddie Mac is the owner of the Note, Freddie Mac is not the holder of the Note and is not an indispensible party to the Motion for Relief from Automatic Stay. Citi, as the holder of the Note, is the real party in interest with constitutional and prudential standing to seek relief from the automatic stay. In the absence of any valid substantive defenses to Citi's Motion, Citi's Motion should be granted.

**WHEREFORE,** CitiMortgage, Inc. respectfully requests:

1. That this court issue an Order terminating the automatic stay of Title 11 U.S.C. § 362 to allow Citi (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Subject Property;

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

3. That the 14-day stay prescribed by Fed. R. Bankr. P. 4001(a)(3) be waived;

4. That Debtor's request for sanctions be denied;

| | |
|---|---|
| 1 | 5. For reasonable attorneys' fees and costs; and |
| 2 | 6. For such other and further relief as this Court deems just and proper. |

Respectfully submitted,

PITE DUNCAN, LLP

Dated: October 13, 2010          By: /s/ Travis J. Lillie (CA SBN 267339)
                                     TRAVIS J. LILLIE
                                     Attorneys for CitiMortgage, Inc.