```
1   DAVID RANDALL SMITH
    P.O. Box 436
2   Mt. Hermon, Ca. 95041
    (831) 234-8407
3   Debtor pro se
```


UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA- SAN JOSE DIVISION

| In the Matter of: | Case No. 10-52330 |
|---|---|
| DAVID RANDALL SMITH | Chapter 13 |
| | REPLY TO MOVANT'S REPLY TO DEBTOR'S SUPPLEMENT TO AMENDED OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY. |
| | DATE:    November 3, 2010<br>TIME:    2:00 pm<br>ROOM:   3020 |
| | 280 South 1st St. #3035<br>San Jose, CA 95113-3099 |

## I. Introduction:

Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of collection and enforcement actions. 11 U.S.C. 362(a). The purpose of the automatic stay is to provide debtors with "protection against hungry creditors" and to assure creditors that the debtor's other creditors are not "racing to various courthouses to pursue independent remedies to drain the debtor's assets." *In re Tippett, Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755-56 (9th Cir. 1995).

## II. Background

1. On January 23, 2006 Debtor executed a note payable to Reunion Mortgage Corp. in the principle sum of $227,000.

2. On February 7, 2006 loan was allegedly transferred from Reunion to Citimortgage.

3. On March 7, 2006, the loan was reported by Freddy Mac to have been placed in Freddie Mac Mortgage Participation Certificates Pool Number A33088.

4. On April 2, 2010, Citimortgage filed a proof of claim listing itself as the creditor to whom a sum of $222.926.35 was due and attached a copy of note alleged to be a true and correct copy.

5. On June 15, 2010 Citimortgage filed a motion for relief from stay and declaration by "Bankruptcy Specialist" Eric Rose employee of Citimortgage who declared to have knowledge of Movant's business records.

6. On August 11, 2010 the Bankruptcy Court rejected the declaration of Eric Rose in the matter affirming note possession and ordered a declaration by bank officer or attorney.

7. On September 16, 2010 Travis Lillie, attorney for Citimortgage, filed a declaration verifying possession of note and deed of trust. Attached to this declaration was a copy of the note with an additional endorsement not seen in previous filings.

8. On September 27, 2010 Debtor filed a Supplement to Amended Objection and Declaration stating that Freddy Mac, not Citimortgage was owner of the loan.

9. On September 29, 2010, in open court, Movant claimed to be the ***owner*** of the note. The court ordered briefs on how Citimortgage could own the note and FreddyMac own the loan.

10. On October 13, 2010, Citimortgage filed a reply to Debtor's objection stating Freddie Mac was owner of the note but Citimortgage was holder of the note.

## III. Preliminary Statement

Citimortgage (Movant) now admits that it is not the owner of the note and as a consequence, the owner of the loan. Movant has not provided the court with information outlining their relationship to mortgage owner Freddie Mac, except to argue a right to enforce the note in the present Motion to Lift Stay based on possession of the original document endorsed in blank.

Whether Movant has the right to enforce the note as "note holder" under California Uniform Commercial code is only part of the test of standing in a federal bankruptcy action. Upon the debtor's objection, the burden of proof falls upon the Movant. Debtor alleges that Movant has not met the burden in its effort to prove standing in that it is not the real party of interest and has not joined the true owner in its action.

According to the Freddie Mac Legal Department, Citimortgage is the servicer of Freddie Mac Loan No. 323601448 (Exhibit A). Freddie Mac placed the loan into its Mortgage Participation Certificates Pool #A44088. (Exhibit B).

## IV. THE NOTE IS DEFECTIVE

On page 5 of its Reply, Movant, argues that it is entitled to enforce the note because it possesses the note and the note shows it as transferee, and an endorsement by Citimortgage makes it a bearer instrument. This endorsement, however, is suspect because the copy of the note presented to the court on September 16, 2010 is different than the one filed with Motion for Relief From Stay (MFRS) and Proof of Claim (POC):

1. The copy of note filed with Proof of Claim (POC) does not include an endorsement from Reunion Mortgage to alleged "Creditor" Citimortgage.
2. Note on file with POC and MFRS does not include endorsement by Citimortgage immediately below the signature line on page 3.

3. Note filed by attorney for Movant includes a new signature, but appears to be a digital or scanned product.

4. Alleged Citimortgage endorsement appears before the alleged Reunion endorsement in sequence.

5. The placement of the stamped endorsement in the lower right hand corner on the back of the third page is indicative of a fraudulent manufacture. Debtor alleges this was done as an allonge in the original and placed as a scanned product on the last page as a reproduction.

These defects render any claimed interest **unperfected** and invalidates any other claims the Movant may have to colorable interest, equity, and adequate protection payments.

Debtor alleges that the indorsements affixed after the commencement of bankruptcy petition were actions intended to perfect a claim and are prohibited under Bankruptcy rules.

Citimortgage Proof of Claim is not is not valid because it is not accompanied by evidence that the security interest has been perfected pursuant to rule 3001. Citimortgage listed itself as the creditor and attached a defective copy of note and the Declaration of Eric Rose is unreliable because a copy of note was attached represented as a "true and correct copy". The note Movant's now offers to the court appears to be a **document manufactured for the purposes of this hearing**.

Wherefore, debtor objects to note as evidence, and requests an evidentiary hearing and forensic note examination.

In light of current events of fraudulent affidavits, assignments, forgeries, robosigners, backdating, securitization trusts without mortgage assets, clouded titles, tarp payments, credit default swaps, homes uninsurable by title insurance companies, and securitization schemes, the court should carefully consider the recent actions of Citimortgage and its lack of standing for relief from stay.

# V. CITIMORTGAGE IS NOT THE REAL PARTY IN INTEREST

Movant argues a right to enforce the note under California law. But even if it is found to have such a right to enforce the note, as the holder, it does not dispose of the motion before the court. In coming to federal court to enforce this right, Movant must comply with the applicable procedures of federal court. Two such procedures stand in the way of granting the motion for relief from stay in this case. The first procedural problem arises from the real party in interest rule. *Rule 17 of the Federal Rules of Civil Procedure* provides: "An action must be prosecuted in the name of the real party in interest." The purpose of this rule is to require that an action be brought "in the name of the party who possesses the substantive right being asserted under the applicable law . . . ." 6A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1541 (1990) ("WRIGHT"); Fed. R. Civ. P. 17(a).

The right to enforce a note on behalf of a noteholder does not convert the noteholder's agent into a real party in interest. "As a general rule, a person who is an attorney-in-fact or an agent solely for the purpose of bringing suit is viewed as a nominal rather than a real party in interest and will be required to litigate in the name of his principal rather than in his own name." 6A WRIGHT § 1553. Consequently, even if Movant possesses the note and has a proper relationship with the note owner, this does not excuse the agent from the requirement that an action be prosecuted in the name of the note holder, who is the real party in interest. *FED. R. CIV. P. 17(a)(1)*. Thus, even if Movant is the loan servicer for Freddie Mac, the owner of the note here at issue, it is not the real party in interest that is required to bring the motion before the court.

> " The real party in interest in relief from stay is whoever is entitled to enforce the obligation sought to be enforced.
> Even if a servicer or agent has authority to bring the motion on behalf of the holder, it is the holder, rather than the servicer, which must be the moving party, and so identified in the papers and in the electronic docketing done by the moving party's counsel.

REPLY TO MOVANT'S REPLY TO DEBTOR'S SUPPLEMENT TO AMENDED OBJECTION TO MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY   P. 5

Case: 10-52330   Doc#635   Filed: 17/27/10   Entered: 10/27/10 03:17:25   Page 5 of 14

> It follows that orders granting relief from stay must
> do so to the holder of the obligation to be enforced — not the
> servicer or others, or the collective "Movant," as in the proposed
> order UBS AG submitted."
> *In re Jacobson* 402 B.R. at 370.

## VI. STANDING

Contrary to Movants argument, Citimortgage has an unproven interest in the note and therefore fails to prove constitutional and prudential standing and its right to prosecute the motion.

Citimortgage, does not have standing to maintain a Motion For Relief From Stay, because it is not the real party in interest. Movant now admits that Freddie Mac owns the note but offers the argument that although the loan and note are owned by Freddie Mac, Citimortage has standing as is the real party in interest.

On April 2, 2010, Movant filed a Proof of Claim listing itself as the creditor to whom a principle sum of $222.926.35 was owed. Subsequent to an objection being filed, movant now admits it is not the owner of the loan. Whether or not Movant has authority to enforce the loan in a California foreclosure action for Freddy Mac is irrelevant to required standing to lift an automatic stay in a federal bankruptcy action:

In order to establish a colorable claim, a movant for relief from stay bears the burden of proof that it has standing to bring the motion. *In re Wilhelm*, 407 B.R. 392, 400 (Bankr. D. Idaho 2009). The issue of standing involves both "constitutional limitations on federal court jurisdiction and prudential limitations on its exercise." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Constitutional standing concerns whether the plaintiff's personal stake in the lawsuit is sufficient to have a "case or controversy" to which the federal judicial power may extend under Article III. *Id.*; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992); *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 899 (9th Cir. 2000).

Additionally, the "prudential doctrine of standing has come to encompass several judicially self-imposed limits on the exercise of federal jurisdiction.'" *Pershing Park Villas*, 219 F.3d at 899. Such limits are the prohibition on third-party standing and the requirement that suits be maintained by the real party in interest. *See Warth v. Seldin*, 422 U.S. at 498-99; *Gilmartin v. City of Tucson*, 2006 WL 5917165, at *4 (D. Ariz. 2006).

Thus, prudential standing requires the plaintiff to assert its own claims rather than the claims of another. The purpose of this rule is to require that an action be brought in the name of the party who possesses the substantive right that is being asserted under the applicable law. *In re Smith*, 419 B.R. 622, 628 (Bankr. E.D. Va. 2008).
The requirements of Fed. R. Civ. P. 17, made applicable in stay relief motions by Rule 9014, "generally falls within the prudential standing doctrine." *In re Wilhelm*, 407 B.R. at 398.

Constitutional standing is a requirement of Article III of the Constitution, is a threshold jurisdictional requirement, and cannot be waived. *Pershing Park Villas Homeowners Ass'n v. United Pacific Ins. Co.*, 219 F.3d 895, 899-900 (9th Cir. 2000); Jacobson, supra at p. 12.

Constitutional standing concerns whether the plaintiff's personal stake in the lawsuit is sufficient to have a "case or controversy" to which the federal judicial power may extend under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). Because Movant has no financial interest in the Note, at least one that it is willing to demonstrate, it will suffer no injury if the Note is not paid and will realize no benefit if the DOT is foreclosed. Accordingly, Movant cannot satisfy the requirements of constitutional standing.

To obtain relief in federal court, a party must meet both the constitutional requirements (Article III) and the prudential requirements (including "real party in interest") of standing. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed Cir. 2007).

In the instant proceeding, debtor challenges Citimortgage status as a party having constitutional standing under Article III or having prudential standing as a "real party in interest" under FRCP 17 in the context of a 11 U.S.C. § 362 proceeding:

> "The upshot of these several provisions of the Code, Rules, local rules and case law is this: to obtain stay relief, a motion must be brought by a party in interest, with standing. This means the motion must be brought by one who has a pecuniary interest in the case and, in connection with secured debts, by the entity that is entitled to payment from the debtor and to enforce security for such payment. That entity is the real party in interest. It must bring the motion or, if the motion is filed by a servicer or nominee or other agent with claimed authority to bring the motion, the motion must identify and be prosecuted in the name of the real party in interest."
> *In re Sheridan*, 2009 WL 631355, *4 (Bankr. D. Idaho 2009).

## VII. REQUIRED JOINDER OF PARTIES

If a loan has been securitized, the real party in interest is the trustee of the securitization trust, not the servicing agent. *See LaSalle Bank N.A. v. Nomura Asset Capital Corp., 180 F. Supp. 2d 465, 469-71 (S.D.N.Y 2001)* ("*LaSalle-Nomura*"); *accord, LaSalle Bank N.A. v. Lehman Bros. Holdings, Inc., 237 F. Supp. 2d 618, 631-34 (D. Md. 2002)* ("*LaSalle-Lehman*"). **This rule does not turn on who is in possession of the note.** In the *LaSalle-Nomura* case, the bank brought an action against Nomura Asset Capital Corp., the asset securitization trustee, "as Trustee for [*20] Certificate Holders of Asset Securitization Corporation Commercial Mortgage Pass-Through Certificates, Series 1997- D5." Defendants moved to dismiss, in part on the grounds that the real party in interest, pursuant to *Rule 17*, was the mortgage servicer. In denying the motion, the court found that the real party in interest was the trustee of the trust (the plaintiff in the case), and not its loan servicer (which had not been joined in the litigation). *LaSalle Nomura, 180 F. Supp. 2d at 469-71.*

REPLY TO MOVANT'S REPLY TO DEBTOR'S SUPPLEMENT TO AMENDED OBJECTION TO MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY    P. 8

Case: 10-52330    Doc#95    Filed: 10/27/10    Entered: 10/27/10 15:31:25    Page 8 of 14

On or about March 7, 2006, debtor's loan was securitized by Freddie Mac and placed into Freddie Mac Pool A33088. (Attachment) The law, therefore, requires the Trustee of the pool to be joined in the action to remove stay.

Consequently, if a loan servicer wishes to seek relief from the automatic stay, either as agent or nominee of the note holder, the servicer may do so only if the note holder either joins or ratifies the motion. Absent joinder or ratification, the note holder must substitute into the servicer's place, and prosecute the motion on its own. See *Fed. R. Civ. P. 17(a)(3)*.

Contrary to Movant's argument, the Trustee of Freddie Mac Pool A33088 as owner of the note are indispensible parties to the action as required by *Rule 19* which requires every person with interest in the note to be brought before the court. *Rule 17* must be interpreted together with *Rule 19*, which requires the joinder of parties in appropriate circumstances. *See* 6A WRIGHT § 1543. Movant fails to satisfy the required joinder of parties rule in this case.

Joinder of a person under *Rule 19* is required whenever nonjoinder would produce one of the following effects: (a) nonjoinder prevents complete relief from being accorded among those who are parties to the action; (b) the absentee claims an interest relating to the subject matter of the action and is so situated that disposing of the matter in that person's absence may (i) as a practical matter impair or impede that person's ability to protect the interest, or (H) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of that party's interest. 16 The purpose of *Rule 19* is "to bring before the court all persons whose joinder would be desirable for a just adjudication" of the matter before the court. 7 WRIGHT § 1604. This loan has become part of a securitization, and the burden of joining the owner of the note is not substantial. This securitization involves the creation of a trust, the appointment of a trustee, a transfer to the trust of some ten thousand secured real estate notes (such as the one involved in this case) and the sale of interests in the trust to a substantial number of investors. *See generally, Katherine Porter, Mistake and*

*Misbehavior in Bankruptcy Mortgage Claims*, 87 TEX. L. REV. , (2008). The trustee of the trust is authorized, pursuant to trust law, to act on behalf of the trust. Thus only the trustee, and not the investors, should be joined as the owner of the note at issue. Indeed, this is exactly what happened in both *LaSalle-Nomura* and *LaSalle-Lehman*.

The status of the loan belonging to a security is especially important now in light of the news of massive fraud in the securitization and foreclosure mill industry. The loan which was originated by Reunion Mortgage was transferred into a pool in violation of note terms.

The note was never delivered to the Trustee but was combined with thousands of other notes into a portfolio creating a series of tranches. All the borrowers became co-borrowers and all of the investors became co-investors. The securities sold to the investors were bonds not stocks, mortgages, or notes. The lien rights in this case go directly to the investors. Yet the loan was not delivered to the trust and so the investors have no collateral. The structure of such investment vehicles is in reality a Ponzi scheme.

Also, because the note was not delivered to the trust, the federal tax exempt status of the trust is not met and taxes on gains are due. This, combined with the increasing lawsuits investors are filing against originators of mortgage backed securities, are reasons why the joinder of the Trustee is necessary and an indispensible party to the action..

## VIII. Conclusion

Citimortgage does not have constitutional or prudential standing to prosecute a motion for relief from stay, not being the real party in interest. They are not the creditor as listed on Proof of Claim and not the owner of loan and note. Two versions of the note have been submitted and an interest has not been perfected. Freddie Mac reports Citimortgage to be the servicer. Whatever the relationship of Movant to Freddie Mac, the owner of the loan, Movant has not documented it.

**WHEREFORE,** the debtor would enter his Objection to Motion for Relief From Stay, filed by Movant Citimortgage, and would ask the Motion be denied with prejudice, and THAT this Court Order and schedule an Evidentiary Hearing wherein Declarant Eric Rose is summonsed before it, to explain the alterations and substitutions to the note. And further that, should an explanation of proper probity not be forthcoming, that this Court *sua sponte* Order Movant to show cause why an Order of Sanctions should not issue.

Dated: October 26, 2010                    Respectfully submitted,

_____
DAVID RANDALL SMITH

**From:** Amy Metzel (amy_metzel@freddiemac.com)
**To:** davidwood100@yahoo.com;
**Date:** Mon, September 27, 2010 2:31:58 PM
**Cc:**
**Subject:** Inquiry re mortgage on property at: 23 Pine Ave, Mount Hermon, CA 95041

Dear Mr. Smith:

This email acknowledges receipt of your request for verification that Freddie Mac owns your loan on the above-referenced property. This information can be obtained from the www.freddiemac.com website, on the right side of the homepage, under "Does Freddie Mac Own Your Mortgage?" However, in response to your request, the following information is provided from our system for the mortgage owned by Freddie Mac in connection with this property:

Freddie Mac Loan No: 323601448
Property Address: 23 Pine Avenue, Mount Hermon, CA 95041
Borrower: David R. Smith
Servicer: Citimortgage, Inc.

Sincerely,
Amy B. Metzel
Legal Analyst Consultant
Legal Division
Litigation Department (Distressed Real Estate)
Federal Home Loan Mortgage Corporation
8200 Jones Branch Drive
McLean, Virginia 22102-3110
Tel: 703.903.3849
Email: amy_metzel@freddiemac.com

# Basic Information, Fixed Rate Pool

**Pool Type:** 30 Year Gold PC
<u>Visit the Glossary of Terms for descriptions of disclosure elements.</u>

| Pool Number: | A44088 |
|---|---|
| As of Date: | 3/1/2006 |
| Original WARM: | 359 |
| Original WAOLT: | 360 |
| Original AOLS: | $263,868.00 |
| Original WAOLS: | $283,923.00 |
| Original TPO%: | 0 |
| Initial Interest Period: | 0 |

| Payment Date: | 9/15/2010 |
|---|---|
| Payoff Date: | |
| Current WARM: | 299 |
| Current WAOLT: | 360 |
| Current AOLS: | $257,809.00 |
| Current WAOLS: | $276,334.00 |
| Current TPO%: | 78.71 |

Seller Name: CITIMORTGAGE, INC.
Seller Address: 1000 TECHNOLOGY DRIVE MAIL STATION 822
Seller Address: OFALLON, MO 63368-2240

Legend 1:
Legend 2:

Record Date:
'*Last Business Day of the month for payment on the 15th of the following month*'
Accrual Period:
'*1st through the 30th, payable on the 15th of the following month.*'

| Cusip Number: | | 3128K4RH0 | Original UPB: | $124,166,784.00 |
|---|---|---|---|---|
| Maturity Date: | | 3/1/2036 | Original Coupon: | 6 |
| Original WALA: | | 1 | Original WAC: | 6.486 |
| Original WAMTAM: | | | | |
| Original WAOCS: | | 689 | Original WAOLTV: | 74 |
| Original Credit Score Unknown % UPB: | | 0 | Original LTV Unknown % UPB: | 0 |
| Original WAODTI: | | 0 | Original WAOCLTV: | 0 |
| Reduced Minimum Servicing Flag (Y/N): | N | | | |

| Current Factor Date: | 9/1/2010 | Current UPB: | $41,554,378.72 |
|---|---|---|---|
| Current Factor: | 0.33466582 | Current Coupon: | 6 |
| Current WALA: | 55 | Current WAC: | 6.473 |
| Current WAMTAM: | | | |
| Current WAOCS: | 694 | Current WAOLTV: | 73 |
| Current Credit Score Unknown % UPB: | 0 | Current LTV Unknown % UPB: | 0 |
| Current WAODTI: | 40 | Current WAOCLTV: | 74 |