| | |
|---|---|
| CASPER J. RANKIN (CA SBN 249196)<br>HIEU T. PHAM (CA SBN 265146)<br>PITE DUNCAN, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-0933<br>Telephone: (858) 750-7600<br>Facsimile:  (619) 590-1385<br><br>Attorneys for  CITIMORTGAGE, INC. | |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Case No.  10-52330<br><br>Chapter  13<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY**<br><br>DATE:    February 7, 2011<br>TIME:    2:15 PM<br>CTRM:    3020<br><br>280 South 1st St. #3035<br><br>San Jose, CA 95113-3099 |

CITIMORTGAGE, INC. (hereinafter "Citi"), secured creditor of the above-entitled Debtor, David Randall Smith (hereinafter "Debtor"), respectfully submits the following Supplemental Brief in Support of Citi's Motion for Relief from Automatic Stay and Co-Debtor Stay ("Motion").

/././

/././

/././

**I.**

## STATEMENT OF FACTS

1. On or about January 23, 2006, Debtor and Sandra K. Smith (collectively, the "Borrowers"), for valuable consideration, made, executed and delivered to Reunion Mortgage, Inc. ("Lender") a Note in the principal sum of $227,000.00 (the "Note"). Pursuant to the Note, Borrowers are obligated to make monthly principal and interest payments commencing March 1, 2006, and continuing until February 1, 2036, when all outstanding amounts are due and payable. A true and correct copy of the Note is attached to the Declaration in Support of Motion for Relief From Automatic Stay as **exhibit A** and incorporated herein by reference.

2. On or about January 23, 2006, Borrowers made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the certain real property located at 23 Pine Avenue, Mount Hermon, California 95041 (hereinafter "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on January 31, 2006, in the Official Records of Santa Cruz County, State of California. A true and correct copy of the Deed of Trust is attached to the Declaration in Support of Motion for Relief From Automatic Stay as **exhibit B** and incorporated herein by reference.

3. Subsequently, Lender's beneficial interest in the Deed of Trust was sold, assigned and transferred to Citi. A true and correct copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Deed of Trust to Citi is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit C and incorporated herein by reference.

4. On or about March 10, 2010, Debtor filed the instant Chapter 13 bankruptcy petition.

5. On or about June 15, 2010, Citi filed a Motion for Relief from Automatic Stay with respect to the Real Property.

6. On or about September 27, 2010, Debtor filed an Objection to Citi's Motion wherein the Debtor alleged that Citi lacks standing to enforce the Note and Deed of Trust and that Freddie Mac owns the Note and Deed of Trust.

/./../

7. On or about November 3, 2010, the Court heard the arguments of the parties and ordered Citi to provide a supplemental brief to address whether ownership of the note is relevant to the resolution of this matter. Citi now addresses the issue regarding ownership of the note below:

## II.

## ANALYSIS

### A. FREDDIE MAC'S OWNERSHIP OF THE NOTE IS NOT RELEVANT FOR THE PURPOSES OF DETERMING CITIMORTGAGE, INC.'S ABILITY TO PROSECUTE THE MOTION FOR RELIEF AS HOLDER OF THE NOTE

#### 1. The Note Holder, Not The Owner of The Note, Has The Right Under California Law to Prosecute the Motion.

The issue that has arisen is whether Freddie Mac's ownership of the loan is relevant in determining Citi's standing to prosecute the Motion. The United States District Court of the Central District of California addressed this very issue in deciding In re Hwang, making the distraction that the note holder, not the owner (coincidently also Freddie Mac), has the right to enforce the Note. In re Hwang, 438 B.R. 661. The Debtor in In re Hwang executed an adjustable rate note to MortgageIt, Inc. ("Mortgageit") which was secured by a Deed of Trust encumbering real property located in Las Vegas, Nevada. The Note and Deed of Trust were then indorsed and assigned to IndyMac Bank.. Subsequently, IndyMac brought a Motion for Relief from Automatic Stay in the Debtor's Chapter 7 bankruptcy. *Id.* at 663.

At the hearing for IndyMac's Motion, the bankruptcy court was presented with testimony "that IndyMac physically possessed the Note, that the deed of trust had been assigned to it, that the assignment had been recorded, that IndyMac remained the note holder even though it had sold the loan to the Federal home Loan Mortgage Corporation ("Freddie Mac") and serviced the loan on Freddie Mac's behalf." *Id*. at 664. The bankruptcy court denied IndyMac's Motion on the grounds that IndyMac was not the real party in interest under Red.R.Civ.P. 17 ("Rule 17") and the Note's present owner was required to be joined under Fed.R.Civ.P. 19 ("Rule 19). *Id.* at 665. However, on appeal, the District Court reversed the bankruptcy court's decision, finding that the bankruptcy court abused its discretion on both of the grounds given for denying IndyMac's Motion for Relief.

Case: 10-52330   Doc# 52   Filed: 02/04/11   Entered: 02/04/11 16:59:35   Page 3 of 6

First, the District Court found that the noteholder was the real party in interest as required under Rule 17. The Court, stated that the "real party in interest under Rule 17 is the party with the right to enforce a claim under applicable substantive law." *Id.* at 665, citing U-haul Intern., Inc. v. Jartran, Inc., 793 F. 2d 1034. Also, citing the California Commercial Code § 3301 ("CCC"), the District Court stated that "the holder of the note has the right to enforce the note, regardless of whether the holder is the owner of the note or is in wrongful possession of the note." *Id.* at 665. As IndyMac had possession of the note and also had the right to enforce the claim, IndyMac was also the real party in interest in the Motion. *Id.* 665.

Furthermore, in finding that Freddie Mac (the owner of the note) was not an indispensible party for the purposes of Rule 19, the Court stated that "only IndyMac, as the noteholder, has the right to enforce the Note*; neither Freddie Mac nor any subsequent owner of the Note has that right*." *Id.* at 667 (Emphasis added). Thus, the District Court found that Freddie Mac's relationship as note owner, does not affect IndyMac's (the noteholder) ability to bring the Motion as the real party in interest. In fact, as the Court clearly stated, Freddie Mac had not right to enforce the note at all.

Similar to IndyMac, Citi services the loan on behalf of the owner of the Note, Freddie Mac. Additionally, Citi qualifies as the noteholder entitled to payments under the Note as the Note was indorsed to Citi by the original lender and Citi is in physical possession of the Note. *See* Movant's Supplemental Declaration in Support of Motion for Relief, Exhibit A. As solely the owner of the Note, Freddie Mac does not have a right under CCC enforce the Note, but instead would have a claim Citi itself. Therefore, Freddie Mac's status only as the owner of the note is not relevant to the determination of Citi's ability to bring the Motion as the noteholder.

**2.  Citi Qualifies as the Note Holder under the California Commercial Code, is the Real Party in Interest and Has Standing to Enforce the Note**

As stated in Movant's original Supplemental Brief in Support of Citi's Motion for Relief, in bankruptcy proceedings, state substantive law controls the rights of note and lienholders. See United States v. Butner, 440 U.S. 48 (1979). Accordingly, in order to determine whether Citi has standing to enforce the Note in this case, the court must look to the California Commercial Code, which is the

- 4 -
Case: 10-52330    Doc# 52    Filed: 02/04/11    Entered: 02/04/11 16:59:35    Page 4 of 6

substantive state law governing negotiable instruments.

CCC § 3301 provides in pertinent part:

> [The] [p]erson entitled to enforce an instrument means (a) ***the holder of the instrument***, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. (emphasis added).

CCC § 1201(21)(a) defines "Holder" as the "person in possession of a negotiable instrument that is payable either ***to bearer*** or, to an identified person that is the person in possession..." (emphasis added).

In this case, the Note was originally made payable to the order of Reunion Mortgage, Inc. The payee of an instrument may negotiate it by indorsing it and delivering it to another person, who then becomes its holder. (See Cal. Com. C. § 3201). CCC § 3201 provides in pertinent part:

> (a) "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.
>
> (b) Except for negotiation by a remitter, ***if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder***. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone. (emphasis added).

Since the Note was made payable to the order of Reunion Mortgage, Inc., an identified party, in order to negotiate the Note, Reunion Mortgage, Inc. was required to: (1) transfer possession of the Note; and (2) indorse ***the Note to the transferee*** or in blank. Subsequent to the Debtor's execution of the Note, Reunion Mortgage, Inc. properly negotiated the Note by indorsing the back page of the Note specially to CitiMortgage, Inc. Subsequent to this, Citi indorsed the front of the last page of the Note in blank, thus converting the Note to a bearer instrument. As Citi is currently in rightful possession of the indorsed in blank Note, it qualifies as the Note holder with standing to enforce the Note under California law.

/././

## III.
## **CONCLUSION**

While Freddie Mac is the owner of the Note, Citi is the rightful holder of the note. Citi, as the holder of the Note, is the real party in interest with constitutional and prudential standing to seek relief from the automatic stay. In the absence of any valid substantive defenses to Citi's Motion, Citi's Motion should be granted.

**WHEREFORE,** CitiMortgage, Inc. respectfully requests:

1. That this court issue an Order terminating the automatic stay of Title 11 U.S.C. § 362 to allow Citi (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Subject Property;

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

3. That the 14-day stay prescribed by Fed. R. Bankr. P. 4001(a)(3) be waived;

4. That Debtor's request for sanctions be denied;

5. For reasonable attorneys' fees and costs; and

6. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

PITE DUNCAN, LLP

Dated: February 4, 2011  By: /s/ Hieu T. Pham (CA SBN 265146)
HIEU TRONG PHAM
Attorneys for CitiMortgage, Inc.