```
EDDIE R. JIMENEZ (CA SBN 231239)
PARADA KOVADI (CA SBN 272724)
GABRIEL OZEL (CA SBN 269098)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for  CITIMORTGAGE, INC
```

**Entered on Docket**
**June 16, 2011**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**IT IS SO ORDERED.**
**Signed June 16, 2011**

*Arthur S. Weissbrodt*
**Arthur S. Weissbrodt**
**U.S. Bankruptcy Judge**



UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>DAVID RANDALL SMITH,<br><br><br><br><br><br><br><br>Debtor. | Case No. 10-52330-ASW<br><br>Chapter 11<br><br>R.S. No. PXO - 242<br><br>ORDER GRANTING ADEQUATE PROTECTION<br><br>DATE:     March 9, 2011<br>TIME:     2:00 PM<br>CTRM:    3020<br><br>Northern District of California - San Jose Division<br>United States Bankruptcy Court<br>280 South 1st St. #3035<br>San Jose, CA 95113-3099 |

The above-captioned matter came on for hearing on March 9, 2011, at 2:00 PM, in Courtroom 3020, upon the Motion of CitiMortgage, Inc ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of David Randall Smith ("Debtor") commonly known as 23 Pine Avenue, Mount Hermon, California 95041 (the "Real Property"), which is legally described as follows:

> SEE LEGAL DESCRIPTION IN DEED OF TRUST ATTACHED AS EXHIBIT B TO MOTION FOR RELIEF FROM STAY, DOCKET ENTRY NUMBER 20.

Appearances as noted on the record.

Based on the arguments of counsel, and good cause appearing therefore,

IT IS HEREBY ORDERED:

1. Debtor shall tender regular monthly payments in the amount of $1,607.08 to Movant, which amount is subject to change, pursuant to the terms of the subject Note (the "Note"), commencing April 1, 2011, and continuing until all such outstanding amounts under the Note are to be paid in full. Payments are to be remitted to CitiMortgage at 1000 Technology Drive O'Fallon, MO 63368.

2. The post-petition arrears are calculated as follows:

| | |
|---|---|
| 4/1/10-3/1/11 12 payments @ $1,607.08 | $19,284.96 |
| Accrued Late Charges | $860.76 |
| Property Inspection Fees | $162.00 |
| Foreclosure Costs | $1,021.24 |
| Bankruptcy Attorneys' Fees | $1,332.00 |
| Total Arrears | $22,660.96 |

3. In addition to regular monthly payments, Debtor shall also tender payments to Movant in the amount of $1,888.42, commencing August 15, 2011, and continuing through and including July 15, 2012, when all post-petition arrears due and owing under the Note, in the current sum of $22,660.96, are paid in full.

4. If Debtor provides proof of additional post-petition payments received and negotiated by Movant, the requirement to make an additional payment to Movant pursuant to paragraph three (3) herein shall be revised accordingly.

5. Debtor shall maintain real property taxes and real property hazard insurance paid current for the Real Property, and provide proof of said insurance to Movant on a timely basis.

7. In the event of any future default on any of the above-described provisions, inclusive of this Order, Movant shall provide written notice to Debtor David Randall Smith, P.O.

Box 436, Mt. Hermon, California 95041, indicating the nature of the default. If Debtor fails to cure the default with certified funds after the passage of ten (10) calendar days from the date said written notice is placed in the mail, then Movant may file an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay with the court. Upon entry of said Order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

8. The acceptance by Movant of a late or partial payment shall not act as a waiver of Movant's right to proceed hereunder.

9. In the event that Movant is granted relief from the automatic stay, the 14-day stay provided by Bankruptcy Rule 4001(a)(3) shall be waived.

10. The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Real Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against the Debtor.

11. In the event this case is converted to a Chapter 7 proceeding, the Automatic Stay shall be terminated without further notice, order, or proceedings of the court. If the Automatic Stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the property and/or against the Debtor.

13. Any notice that Movant shall give to Debtor, or attorney for Debtor, pursuant to this Order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

\*\* END OF ORDER \*\*

## COURT SERVICE LIST

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

David Randall Smith
P.O. Box 436
Mt. Hermon, CA 95041

U.S. Trustee
Department of Justice
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004