1  EDDIE R. JIMENEZ (CA SBN 231239)
   PARADA KOVADI (CA SBN 272724)
2  PITE DUNCAN, LLP
   4375 Jutland Drive, Suite 200
3  P.O. Box 17933
   San Diego, CA 92177-0933
4  Telephone: (858) 750-7600
   Facsimile: (619) 590-1385
5
   Attorneys for CITIMORTGAGE, INC.
6

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Case No. 10-52330-ASW<br><br>Chapter 11<br><br>**CITIMORTGAGE, INC.'S OPPOSITION TO DEBTOR'S MOTION TO SET ASIDE/ RECONSIDER ORDER GRANTING ADEQUATE PROTECTION** |

CitiMortgage, Inc. ("CitiMortgage") respectfully submits its opposition to the above-captioned Debtor David Randall Smith's ("Debtor") Motion to Set Aside/Reconsider Order Granting Adequate Protection ("Motion for Reconsideration"). This opposition is based upon the memorandum of points and authorities cited herein.

## I. INTRODUCTION

The Debtor's Motion for Reconsideration is unsupported by any sufficient fact or basis under 11 U.S.C. 105(a), Fed. R. Civ. P. 59(e), and Fed. R. Civ. P. 60(b). At best, the Debtor conclusorily asserts that Veal constitutes new controlling case law and on that basis, the Debtor argues that the court should reconsider and/or set aside its Order Granting Adequate Protection. First, a BAP decision is not binding on this court unless it overrules a decision of this court. Second, the BAP's reasoning and holding in Veal does nothing to change the controlling law in this district with respect to establishing standing to move for relief and enforcing obligations under a note. Furthermore, the lone fact that the Veal decision was issued after the Motion for

- 1 -

Relief was granted does not constitute sufficient grounds for the court to reconsider or set aside an order based upon change in controlling law.

## I. STATEMENT OF FACTS

**A.** **Plaintiffs' Loan:**

On or about January 23, 2006, the Debtor and Sandra K. Smith (collectively, "Borrowers"), executed a Note in the principle sum of $227,000.00 ("Note"), which was made payable to Reunion Mortgage, Inc. ("Lender"). Pursuant to the Note, the Borrowers are obligated to make monthly principal and interest payments commencing March 1, 2006, and continuing until February 1, 2036, when all outstanding amounts are due and payable. (Court Dockets ("Dckt"), 25, 29, 33, and 52).[1]

On or about January 23, 2006, the Borrowers executed a Deed of Trust ("Deed of Trust") granting the Lender a security interest in the certain real property located at 23 Pine Avenue, Mount Hermon, California 95041 ("Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust reflects that it was recorded on January 31, 2006, in the Official Records of Santa Cruz County, State of California. (Dckts, 25, 33, and 52). The Note and Deed of Trust are hereinafter collectively referred to as the "Subject Loan."

Subsequently, the beneficial interest in the Subject Loan was assigned and transferred to CitiMortgage as evidenced by the specially indorsed Note and Assignment of Deed of Trust. (Dckts 25, 33, and 52).

As a result of the Borrowers' default under the Subject Loan, on or about November 17, 2009, a Notice of Default reflecting that the Borrowers' obligations under the Subject Loan were delinquent in the amount of $21,665.31 was recorded in the Official Records of Santa Cruz County, State of California. (*See* Req. for J.N., **Exhibit A**).

**B.** **Plaintiffs' Bankruptcy Case:**

---

[1] Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of adjudicative facts which are "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(b). Notably, the court may "take judicial notice of facts that are a matter of public record." Hefner v. Chao, Civil No. 08cv1586 (BLM), 2009 WL 2485754, *1 (S.D.Cal. August 11, 2009); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001); Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986).

On or about March 10, 2010, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, and was assigned case number 10-52330. (*See* Req. for J.N., **Exhibit B**).

On April 23, 2010, the Debtor filed a Chapter 13 Plan wherein he provided for surrender of the Subject Property. (Dckt. 17). On November 2, 2010, the Debtor filed an Amended Plan which did not provide for CitiMortgage's claim. (Dckt. 38).

On or about February 14, 2011, said case was converted to a case under Chapter 11 of the Bankruptcy Code. (*See* Req. for J.N., **Exhibit B**). Nearly 16 months have passed since the Debtor filed for relief under the Bankruptcy Code and he has yet to file a Plan of Reorganization.

## C. <u>CitiMortgage's Motion for Relief:</u>

On June 15, 2010, CitiMortgage filed a Motion for Relief from Automatic Stay, as amended to request relief from co-debtor stay ("Motion for Relief"), to enforce its state law remedies with respect to the Subject Property. (Dckts. 20 and 25).

On July 27, 2010, the Debtor filed an Objection to the Motion for Relief. Although unclear on its face, in essence it appeared that the Debtor objected to CitiMortgage's standing to enforce the Subject Loan on the basis that the copy of original note proffered by CitiMortgage included an endorsement on a separate piece of paper and, therefore, it was insufficient to negotiate it. (Dckt. 27).

On September 15, 2010, the Debtor filed an Amended Objection to the Motion for Relief. The twelve page Memorandum in support of the Amended Objection was primarily a cut and paste job of case law and arguments from various briefs that was generally incomprehensible, incoherent, and irrelevant to the issue before the court. To the extent discernable, it appeared that the Debtor was arguing that Mortgage Electronic Registration Systems, Inc. ("MERS") lacked standing to enforce the Subject Loan on the basis that MERS was not the owner of the Note and had no beneficial interest in the Deed of Trust although this was never alleged by CitiMortgage. (Dckt. 28).

In response to the Debtor's Objections and as ordered by the court, CitiMortgage provided Pite Duncan, LLP with the original, blue-ink Note executed by the Borrowers. The Declaration of Travis J. Lillie testifying to this fact was filed with the court on September 16,

2010. (Dckt. 29). CitiMortgage also submitted a supplemental brief regarding CitiMortgage's standing as the note holder under the California Commercial Code to enforce the terms of the Subject Loan ("Supplemental Brief"). (Dckt. 33).

On October 27, 2010, the Debtor filed a Reply to CitiMortgage's Supplemental Brief arguing that establishing standing to enforce the note under the California Commercial Code was only part of the test of standing in a federal bankruptcy action and that joinder of the real party in interest was necessary. (Dckt. 35).

At the November 3, 2010 hearing on the Motion for Relief, the court ordered CitiMortgage to file a brief and declaration as to CitiMortgage's relationship to the owner of the Note and continued the hearing to March 9, 2011. (*See* Req. for J.N., **Exhibit B**).

On February 4, 2011, CitiMortgage filed a Brief addressing for the Debtor and the court CitiMortgage's relationship to the owner of the Note. (Dckt. 52). On March 1, 2011, the Debtor filed a Response to CitiMortgage's Brief. Although unclear on its face, CitiMortgage presumed that the Debtor's objection was based on CitiMortgage's purported lack of standing. (Dckt. 71).

At the March 9, 2011 continued hearing on the Motion for Relief, the court overruled the Debtor's Objections to CitiMortgage's standing and held that CitiMortgage had a colorable claim for standing to pursue the Motion for Relief. Accordingly, the court granted an adequate protection order in favor of CitiMortgage (*See* Req. for J.N., **Exhibit B**).

On June 16, 2011, an Order Granting Adequate Protection ("Order Granting Adequate Protection") was entered by the court. Pursuant to the Order, the Debtor was ordered to make: (1) regular monthly payments in the amount of $1,607.08, commencing April 1, 2011; and (2) monthly adequate protection payments in the amount of $1,888.42, commencing August 15, 2011, continuing through and including July 15, 2012, when all post-petition arrears in the current sum of $22,660.96 are paid in full. (Dckt. 94).

To date, the Debtor has failed to make any payments pursuant to the terms of the Order. Thus, CitiMortgage will issue a written notice of default to the Debtor and proceed with an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay in the event that the Debtor fails to cure the default.

- 4 -

Case: 10-52330    Doc# 100    Filed: 07/20/11    Entered: 07/20/11 19:38:44    Page 4 of 11

On June 29, 2011, the Debtor filed this instant Motion to Reconsider the Order Granting Adequate Protection pursuant to 11 U.S.C. 105(a), Fed. R. Civ. P. 59(e), and 60(b) requesting that the court reconsider its Order on the basis that new case law regarding standing and real party interest issues have been entered.

### III. LEGAL ARGUMENT

**A. DEBTOR FAILS TO DEMONSTRATE SUFFICIENT GROUNDS FOR THE COURT TO RECONSIDER OR SET ASIDE THE ORDER GRANTING ADEQUATE PROTECTION**

**1. Motion to Amend Judgment or Order pursuant to Fed. R. Civ. P. 59(e), Made Applicable By Fed. R. Bankr. P. 9023 - Legal Standard**

Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure contemplate motions for reconsideration. In re Curry and Sorensen, Inc., 57 B.R. 824, 826-27 (9th Cir. BAP 1986). However, Fed. R. Civ. P. 59, which is made applicable to the instant case by Fed. R. Bankr. P. 9023, permits a party to file a motion to alter or amend a judgment within twenty (28) days[2] of the date of the entry of the judgment. *See* Fed. R. Civ. P. 59(e).

"A motion for reconsideration of a judgment or order after its entry by the court should not be granted, absent highly unusual circumstances." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). Nonetheless, there are grounds upon which a Rule 59(e) motion for reconsideration may be granted if: (1) the motion is "necessary to correct manifest errors of law or fact upon which a judgment is based;" (2) the moving party presents "newly discovered or previously unavailable evidence;" (3) the motion is necessary to "to prevent manifest injustice;" and (4) there is an "intervening change in controlling law." Id.; see also Circuit City Stores, Inc. v. Mantor, 417 F. 3d 1060, 1064 n. 1 (9th Cir. 2005); see also McDowell v. Calderon, 197 F.3d 1253, 1254 (9th Cir. 1999). A motion under Rule 59 is not permitted to rehash the same arguments made the first time or to simply express an opinion that the court was wrong. In re Greco, 113 B.R. 658 (Bankr. D. HI 1990), *aff'd* and *remanded*, 952 F.2d 406 (9th Cir. 1991). Indeed, a motion to reconsider is not to be used by the losing party

---

[2] Under Fed. R. Bankr. P. 9023, a motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment.

- 5 -

Case: 10-52330    Doc# 100    Filed: 07/20/11    Entered: 07/20/11 19:38:44    Page 5 of 11

who failed to raise available arguments or who simply disagrees with a court's decision. In re Kellog, 197 F.3d 1116 (11th Cir. 1999). The party seeking relief under Fed. R. Civ. P. 59 bears the burden to clearly establish manifest error, or present newly discovered evidence or intervening change in the controlling law. Marlyn Nutraceuticals, 571 F.3d at 880.

**2. Relief from Judgment or Order under Fed. R. Civ. P. 60(b), Made Applicable By Fed. R. Bankr. P. 9024 – Legal Standard**

Fed. R. Civ. P. 60(b), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024, provides, in pertinent part:

> (b) *Grounds for Relief From A Final Judgment, Order, or Proceeding.* On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

*See* Fed. R. Civ. P. 60(b).

Rule 60 gives courts the authority "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Klapprott v. U.S., 335 U.S. 601, 614-615 (1949). Fed. R. Civ. P. 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The Ninth Circuit has stated that "[a] reasonable time is before irrevocable acts have occurred. It is before other persons can be injured by the [movant's] inaction. A reasonable time is time by which [the court] can still undo that which was done." In re Cada Invs., Inc., 664 F.2d 1158 (9th Cir. 1981); see also In re Reinertson, 241 B.R. 451 (9th Cir. B.A.P. 1999).

Here, the Debtor's Motion to Reconsider is completely devoid of any facts or evidence to show that the Debtor can meet any the requirements set forth under Rule 60 for the court to

- 6 -

Case: 10-52330    Doc# 100    Filed: 07/20/11    Entered: 07/20/11 19:38:44    Page 6 of 11

vacate the entered Order. In fact, the Debtor fails to address or acknowledge any basis for why the Order should be vacated pursuant to Rules 60(b). As more fully discussed below, the Debtor has failed to meet his burden in demonstrating that sufficient grounds exists for the court to reconsider or set aside its Order Granting Adequate Protection and, therefore, the Motion to Reconsider must be denied in its entirety.

**3. The Debtor's Motion for Reconsideration Fails to Establish Any Basis for the Court to Set Aside or Reconsider Order Granting Adequate Protection Pursuant to 11 U.S.C. §105(a)**

Section 105(a) of the Bankruptcy Code permits a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *See* 11 U.S.C. §105(a). However, 11 U.S.C. §105(a) is not without bounds. The bankruptcy courts equitable powers can only be exercised within the confines of the Bankruptcy Code. Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206 (1988). Also, bankruptcy courts cannot "create substantive rights that are otherwise not available." United States v. Sutton, 786 F.2d 1305, 1308 (5th Cir. 1986).

The Debtor's Motion for Reconsideration fails to demonstrate that reconsideration of the Order Granting Adequate Protection is necessary or appropriate. Although the Debtor conclusorily alleges that there is new controlling case law, as more fully summarized below, the Debtor's request is neither necessary nor appropriate.

**4. The Debtor's Motion for Reconsideration Fails to Establish Any Basis for Altering or Amending the Order Granting Adequate Protection Under 11 U.S.C. 105(a), Fed. R. Civ. P. 59(e), or Fed. R. Civ. P. 60(b).**

In this case, the Debtor asserts that grounds exist for the court to reconsider its Order Granting Adequate Protection based on new case law. Specifically, the Debtor cites to In re Veal, 449 B.R. 542 (9th Cir. B.A.P. 2011) where the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") reversed a lower court's ruling that the lender had demonstrated standing to move for relief from stay based upon an assignment of mortgage. Additionally, the Debtor references, In re Campoverde, a Kansas bankruptcy case, where a lender filed a motion for relief that was opposed by the Chapter 7 Trustee and subsequently resolved by the parties. The Debtor

argues that In re Veal is now controlling precedent and since the decision was filed on June 10, 2011, after briefing on the Motion for Relief was concluded, reconsideration of the Order Granting Adequate Protection is warranted.

First, the decisions of the BAP do not carry the weight of *stare decisis*. In re Bank of Maui, 904 F.2d 470, 471 (9th Cir. 1990). The decisions of the BAP are binding only on the judges whose orders have been reversed or remanded by the BAP in that particular dispute. In all other instances, the decisions of the BAP are effective only to the extent they are persuasive. Id. Accordingly, the holding in Veal would not be binding upon this court. However, even if this court were to look to Veal for its persuasive effect, there would be no basis for CitiMortgage to object as the reasoning and holding in Veal only supports its position that it has established a colorable claim to move for relief from the automatic stay. Moreover, in reversing the lower court's order granting relief from stay in favor of the lender in Veal, the BAP did not change the controlling law of this district regarding the necessary standard to move for relief from stay and enforce obligations under a note. Furthermore, it is unclear as to the basis for the Debtor's belief that Veal is at all relevant to this case, especially since that the facts in Veal are inapposite to this case.

In In re Veal, one issue before the BAP, *inter alia*, was whether Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-3 Asset-Backed Certificates, Series 2006-3 ("Wells Fargo") established standing to move for relief from stay as to the real property. Wells Fargo filed a Motion for Relief from Stay supported by (1) a copy of the Mortgage; (2) itemization of post-petition amounts due; and (3) a copy of the debtors' bankruptcy schedules A and D. In re Veal, 449 B.R. at 549. Subsequently, Wells Fargo filed supplemental exhibits containing (1) a copy of the Note, specially indorsed from the original Lender to Option One Mortgage Corporation ("Option One"); (2) a copy of a recorded Assignment of Mortgage, purporting to assign the Note and Mortgage, from the original lender to Option One; and (3) a copy of an Assignment of Mortgage from "Sand Canyon Corporation formerly known as Option One Mortgage Corporation" to Wells Fargo. Id. at 549-50. The lower court found that Wells

- 8 -

Fargo established standing to move for relief from stay solely based upon the Assignment of the Mortgage. Id. at 550-51.

The BAP disagreed with the lower court and reversed the order granting relief from the stay based upon Wells Fargo's lack of a connection to the Note. Id. at 560-63. The BAP held that a party has standing to seek relief from the stay if it is has a property interest in, or is entitled to enforce or pursue remedies related to, the secured obligation that forms the basis of its motion for relief from stay. Id. at 562-63. A party may qualify as a "person entitled to enforce" a note if the party is the "holder" of the note. Id. at 555 (*citing* UCC § 3-301(i)). The party is the holder of the note if (1) the party in possession of the note, and (2) the note is made payable to the party in possession or to the bearer of the note. Id. at 556 (*citing* UCC § 1-201(b)(21)(A)). Further, the BAP went on to explain the distinction between that of an owner of a note and the person entitled to enforce a note stating that a party who has ownership interest in the note may not necessarily be the party entitled to enforce the note, and held that ownership of the note is irrelevant to determine standing to pursue relief from stay. Id. at 557 (explaining that under established rules the borrowers should be indifferent as to who owns or has an interest in the note so long as it does not affect the maker's ability to make payments on the note; the borrowers should not care who actually owns the note and it is irrelevant whether the note has been fractionalized or securitized so long as they know the identity of the person entitled to enforce the note). In reversing the lower court's decision, the BAP held that in order for the lender to have demonstrated that it was entitled to receive payments pursuant to the note, it was necessary to establish that it was the person entitled to enforce the note under Article 3 of the UCC ***or*** by showing that it had some ownership or other property interest in the note) (emphasis added). Id. at 558.

The BAP's analysis and holding in Veal affirms the standard, under applicable state law that a note holder has standing to enforce the note and a party seeking stay relief only needs to establish that it has a colorable claim to enforce a right against property of the estate. Id. at 559. A motion for relief hearing is merely a threshold requirement which, if met by the creditor, allows a creditor to fully pursue its claims against the debtor without incurring liability for

- 9 -

Case: 10-52330    Doc# 100    Filed: 07/20/11    Entered: 07/20/11 19:38:44    Page 9 of 11

violating the automatic stay. Biggs v. Stovin, 219 B.R. 837, 842 (9th Cir. BAP 1997). Relief from stay hearings are limited in scope to adequacy of protection, equity, and necessity to an effective reorganization; the validity of the underlying claims is not litigated. In re Johnson, 756 F. 2d 738, 740 (9th Cir. 1985). The BAP's analysis of the established law in Veal only supports CitiMortgage's position that it demonstrated a colorable claim to receive payments by showing that it had standing as the Note holder under Article 3 of the UCC and as a real party in interest, regardless of who the owner of the Note is. (Dckts. 20, 25, 29, 33, and 52). Clearly, this court agreed with CitiMortgage when it overruled the Debtor's Objections to CitiMortgage's standing and adjudicated and determined that CitiMortgage had colorable claim for standing and issued an Order Granting Adequate Protection. (Dckt. 94).

After raising a whole gambit of meritless and wholly unsubstantiated objections, based upon authenticity of an endorsement, MERS's lack of ownership and standing, real party in interest, securitization of the Subject Loan, to CitiMortgage's Motion for Relief over a span of a year, the Debtor's Motion to Reconsider is nothing more than another attempt by the Debtor to delay and avoid making payments to CitiMortgage for over three years while generating rental income from the Subject Property.[3] Veal does not present intervening change in controlling law but reaffirms the standard upon which a party establishes standing to pursue relief from stay. Additionally, the Campoverde Order, which is an order of the United States Bankruptcy Court for the District of Kansas and neither persuasive nor controlling case law, is irrelevant to the issue before the court. As the Debtor fails to establish any basis under 11 U.S.C. 105(a), Fed. R. Civ. P. 59(e), or Fed. R. Civ. P. 60(b) for the court to set aside or reconsider its Order Granting Adequate Protection, the Motion for Reconsideration must be denied in its entirety.

## IV. CONCLUSION

Based upon the foregoing, the Debtor's Motion for Reconsideration must be denied in its entirety.

---

[3] At the March 9, 2011 hearing on the Motion for Relief, the Debtor represented to the court that he was leasing the Subject Property and receiving rental income in the amount of $1,500.00.

1 | WHEREFORE, CitiMortgage respectfully prays:
2 | 1. That the court deny the Debtor's Motion for Reconsideration in its entirety;
3 | 2. Alternatively, to the extent that the court does not deny the Debtor's Motion for
4 | Reconsideration, that the court order the Debtor to make adequate protection payments pursuant
5 | into a separate escrow account while the matter is pending resolution;
6 | 3. For an award of attorneys' fees and costs;
7 | 4. For such other and further relief as the court deems just and property.

Dated: July 20, 2011                    PITE DUNCAN, LLP

/s/ PARADA KOVADI (CA SBN 272724)
Attorneys for CITIMORTGAGE, INC.