EDWINA E. DOWELL, # 149059
Assistant U.S. Trustee
NANETTE DUMAS, # 148261
JOHN S. WESOLOWSKI, # 127007
EMILY S. KELLER, # 264983
U.S. Department of Justice
Office of the United States Trustee
280 S. First Street, Suite 268
San Jose, CA 95113-0002
Telephone: (408) 535-5525
Fax: (408) 535-5532

Attorneys for August B. Landis
Acting United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>DAVID RANDALL SMITH,<br><br><br>Debtor. | Case No. 10-52330 ASW<br><br>Chapter 11<br><br>Date: September 9, 2011<br>Time: 2:15 p.m.<br>Place: Courtroom 3020 |

### U. S. TRUSTEE'S OBJECTION TO MOTIONS TO INCUR NEW SECURED AND UNSECURED DEBT (PARTS 1 AND 2)

The United States Trustee (the "UST") hereby objects to the motions to incur new secured and unsecured debt (Parts 1 and 2) filed by David Randall Smith ("Debtor") on the following grounds:

The Debtor seeks to borrow approximately $47,000 from a lender pool comprised of four individuals and one company, all of them out of state (and one residing in Spain). See Schedule of Lender Pool, attached to Part 1. The Debtor seems to propose that the loan will be used partly to pay off arrearages owed to CitiMortgage, and partly as working capital for Debtor's business. The Debtor further seeks to borrow approximately $226,000 from a hedge fund, Van Eck Old Europe Capital Fund ("Van Eck"), to be placed into an escrow-like account to purportedly "discharge" in part the obligations of Debtor to CitiMortgage on its secured claim against

real property owned by the Debtor. The UST does not believe the Debtor's motions pass muster under the Bankruptcy Code, and the motions should be denied.

1. In the first place, the Debtor has not complied with Federal Rule 4001(c) or the Court's Guidelines for Cash Collateral and Financing Motions and Stipulations. The Debtor has not included copies of any of the notes, agreements, deed of trust or other instruments which will be used to document the transactions, as required by the Guidelines. Also, there is little or no information about any of the lenders, particularly the unsecured lender pool – the Debtor should disclose more information about these proposed lenders, including any connections that they may have with the Debtor. And it appears that the lenders other than Van Eck will receive only a prepetition unsecured claim in exchange for their loan. Do these lenders truly understand that to be the case?

2. The Debtor apparently wishes to have another court determine the legitimacy of CitiMortgage's claim in the case. This would supposedly be accomplished by the deposit into an escrow-type account of the $226,000 and permitting Van Eck to litigate the Debtor's claims against CitiMortgage in a different forum, including in a class action case pending in New York. What are the terms of this escrow-type account? Who holds the money? Does it become property of the estate? Also, it is not known what consideration the Debtor is receiving for "assigning" this right to Van Eck – is the only consideration the "substitution" of Van Eck in place of CitiMortgage as the secured lender? The UST believes that as a result of this proposed transaction, there will actually be two secured lenders on the subject real property – CitiMortgage and Van Eck. And CitiMortgage already has an adequate protection/relief from stay order in the case (which has been appealed). If CitiMortgage forecloses, will the debtor still owe Van Eck $226,000? Bottom line, there is simply too much that is not known about this proposed transaction.

3. The Debtor has been litigating with CitiMortgage for many months now, and claims that CitiMortgage's proof of claim is a "falsity." Motion, Part 1, ¶ 4. However, the Debtor has apparently paid CitiMortgage pursuant to the adequate protection order

(see CitiMortgage's Opposition, 4:1-3. If the Debtor believes the claim is a falsity, why is he paying CitiMortgage?

    4. There is currently an adversary proceeding filed by the Debtor against CitiMortgage pending in this Court (A.P. No. 11-05107). That is the forum for determining the legitimacy of CitiMortgage's claim in the case.

    5. Finally, the Debtor does not provide any authority for his ability to "discharge" his obligations to CitiMortgage simply by borrowing funds and placing them in an escrow-type account, as he proposes to do in Part 2 of the Motion. And it is highly questionable whether the Bankruptcy Court has the jurisdiction and power to declare the CitiMortgage loan instruments "declared void and struck from the Official Records of the County of Santa Cruz" absent a final determination as to the validity of its secured claim in the case. In sum, the proposed transaction is simply too vague and uncertain, and the Court should not approve it.

    For the foregoing reasons, the UST objects to the Debtor's motions to incur new secured and unsecured debt in this case.

Dated: August 31, 2011                  Respectfully submitted,

                                          By: */s/ John S. Wesolowski*
                                               John S. Wesolowski
                                               Attorney for the U.S. Trustee