David E. McAllister (SBN 185831)
dmcallister@piteduncan.com
Ellen Cha (SBN 250243)
echa@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Defendants*
CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Bankruptcy Case No. 10-52330<br><br>Chapter 11<br><br>Adv. Case No. 11-05107 |
| DAVID RANDALL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>CITIMORTGAGE, INC.; FEDERAL HOME LOAN MORTGAGE CORPORATION; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-150, inclusive,<br><br>Defendants. | **DECLARATION OF FEDERAL HOME LOAN MORTGAGE CORPORATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

I, Dean Meyer, declare:

1. I am over 18 years of age and employed as a Director of Loss Mitigation/Assistant Treasurer for Federal Home Loan Mortgage Corporation. ("Freddie Mac"). In this capacity, I am authorized to make this declaration regarding the loan described below (the "Loan").

2. I have access to Freddie Mac's business records, including the business records for and relating to the Loan. I am familiar with and understand the manner in which Freddie Mac

- 1 -
CASE No. 11-05107
**DECLARATION OF FEDERAL HOME LOAN MORTGAGE CORPORATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Case: 11-05107   Doc# 168   Filed: 04/15/13   Entered: 04/15/13 17:26:52   Page 1 of 4

maintains its business records. These records are obtained, kept, and maintained by Freddie Mac in the regular course of its business and Freddie Mac relies on such records in the ordinary course of its business. I make this declaration based upon my review of those records relating to the Loan and from my own personal knowledge of how they are kept and maintained.

3. I have reviewed Freddie Mac's business records that relate to the Loan and I relied upon these records for the statements made in this declaration.

## I. THE LOAN

4. The Loan is evidenced by a promissory note (the "Note"), dated January 23, 2006, which was executed by David Randall Smith ("Plaintiff") and Sandra K. Smith (collectively, the "Borrowers"), and is secured by a deed of trust (the "Deed of Trust") encumbering the real property located at 23 Pine Avenue, Mount Hermon, California 95041 (the "Property").

## II. FREDDIE MAC'S ACQUISITION OF THE LOAN

5. On or about March 13, 2006, Freddie Mac purchased the Loan from CitiMortgage, Inc. ("Citi"). According to Freddie Mac's records, Freddie Mac paid Citi the amount of $226,794.80 for the Loan. A copy of the Freddie Mac's records evidencing Freddie Mac's acquisition of the Loan and the amount paid to Citi is attached hereto as **Exhibit A**.

6. In conjunction with its acquisition of the Loan, Freddie Mac required: (i) Citi to deliver the Note and Deed of Trust to Freddie Mac, or its designee; (ii) the Note to be indorsed in blank; and (iii) the designated document custodian to verify certain information contained in the Note and related documents for the Loan, and certify that it performed the verification and that the original Loan documents were in its possession, a process Freddie Mac refers to as "certification" or "certifying" the Note.

7. Freddie Mac authorized Citibank, N.A. ("Citibank") to serve as its document custodian for the Loan. Pursuant to its custodial agreement with Citibank, Freddie Mac authorized Citibank to accept delivery of the Note and related Loan documents from Citi.

8. Before the closing of the sale of the Loan to Freddie Mac, the following occurred: (i) Citi delivered the original Note, indorsed in blank, and Deed of Trust to Citibank; (ii) Citi represented and warranted to Freddie Mac that it was the owner of the Loan; and (3) Citibank

completed the certification of the Note.

9. Freddie Mac authorizes Citi to service the Loan. Citi has been Freddie Mac's authorized loan servicing agent with respect to the Loan since Freddie Mac acquired the Loan and continues to service the Loan on Freddie Mac's behalf. Citi's servicing obligations are governed by the Freddie Mac Single Family/Single-Family Seller/Servicer Guide (the "Guide") and the Guide authorizes Citi to take certain action with respect to the Loan.

10. Freddie Mac authorizes Citi to physically possess and enforce the Note and Deed of Trust in trust for and on behalf of Freddie Mac.

11. Citi is authorized to enforce the Note and collect the payments due thereunder.

12. Plaintiff is not a party to or an intended beneficiary of the Guide or any other servicing agreement to which Freddie Mac is a party. Freddie Mac does not and never has disputed that Citi is the authorized servicer of the Loan on Freddie Mac's behalf.

### III. POOLING OF LOAN

13. Freddie Mac issues and offers Mortgage Participation Certificates ("PCs"). PCs are securities that represent interests in, and receive payments from, pools of one- to four-family residential mortgages.

14. On or about February 1, 2001, Freddie Mac entered into a Mortgage Participation Certificates Agreement (the "Agreement"), as amended on June 28, 2004, with holders of PCs. A copy of the Agreement is attached hereto as **Exhibits B**.

15. On July 1, 2004, Freddie Mac issued an Offering Circular for Mortgage Participation Certificates (the "Offering Circular") that contained information about PCs being offered to potential investors pursuant to the terms of the Agreement. A copy of the Offering Circular is attached hereto as **Exhibit C**.

16. On or about March 6, 2006, Freddie Mac issued a Pool Supplement (the "Supplement") to the Offering Circular that incorporated by reference the terms of the Offering Circular and identified PCs being offered to potential investors under PC Pool A44088. The pool of mortgages in PC Pool A44088 were included in a mortgage loan schedule (the "Mortgage Loan Schedule") annexed to the Supplement. A copy of the Supplement and Mortgage Loan Schedule is

- 3 -  CASE NO. 11-05107
DECLARATION OF FEDERAL HOME LOAN MORTGAGE CORPORATION
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Case: 11-05107  Doc# 168  Filed: 04/15/13  Entered: 04/15/13 17:26:52  Page 3 of 4

attached hereto as **Exhibit D**.

17. The Mortgage Loan Schedule identifies loans in the PC Pool A44088, by reference to, among other things, the original principal balance, outstanding balance, term, interest rate, location of the property securing the loan, and seller. (*See* **Exhibit D**).

18. The Loan is identified in the Mortgage Loan Schedule as A44088000046 and by the following characteristics of the Loan: (i) the original balance ($227,000.00); (ii) the outstanding balance at the time of Freddie Mac's acquisition of the Loan ($226,794.79); (iii) the Loan term (360 months); (iv) the interest rate (6.5%); (v) the location of the Property (California); and (vi) the seller (Citi). (*See* **Exhibit D**, p. 74).

19. Since the purchase of the Loan from Citi in March 2006, Freddie Mac has always owned a 100% interest in the Note. Freddie Mac and purchasers of the PCs are the only parties to the PC Agreement and supplemental agreements.

20. The Pool Supplement identifies Citi as the seller and servicer of the loans in the Pool. (*See* **Exhibit D**, p. 70).

21. As a result of the Borrowers' default under the Loan, the Loan was removed from PC Pool A44088 on February 15, 2010, pursuant to the terms of the Supplement and Agreement. By virtue of the removal of the Loan from the PC, the holders of the PCs are no longer entitled to any principal or interest payments from the Loan.

I declare under penalty of perjury that the foregoing is true and correct.

Executed April 9, 2013, at 8100 Jones Branch Dr., McLean, VA 22102.

_____
DEAN MEYER

DIRECTOR OF LOSS MITIGATON

ASSISTANT TREASURER