David E. McAllister (SBN 185831)
dmcallister@piteduncan.com
Ellen Cha (SBN 250243)
echa@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Defendants*
CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Bankruptcy Case No. 10-52330<br><br>Chapter 11<br><br>Adversary Case No. 11-05107 |
| DAVID RANDALL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>CITIMORTGAGE, INC.; FEDERAL HOME LOAN MORTGAGE CORPORATION; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-150, inclusive,<br><br>Defendants. | **OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing**: (N/A)<br>Date:<br>Time:<br>Ctrm:<br>Judge: |

CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation (hereinafter collectively "Defendants"), hereby submit the following opposition to Plaintiff's Motion to Continue Hearing on Defendants' Motion for Summary Judgment.

- 1 -  CASE NO. 11-05107
**REPLY BRIEF**

## I. FACTUAL AND PROCEDURAL SUMMARY

On April 15, 2013, Defendants filed their Motion for Summary Judgment. The motion was set for hearing on May 30, 2013.

The same day, Defendants filed their Status Reports informing the Court that Plaintiff had emailed Defendants' counsel requesting an extension of the dispositive motion deadline to June 2013 so that he could file his own summary judgment motion. The Court was further informed that Defendants would be willing to stipulate to allow the Plaintiff to bring any cross-motion for summary judgment past the April 30, 2013 dispositive motion deadline.

At the continued Status Conference on April 25, 2013, Plaintiff indicated to the Court that Defendants' Motion for Summary Judgment required a substantial response on his part and that additional time was needed to respond. When the Court inquired whether Defendants would oppose a continuance of the hearing on their Motion for Summary Judgment, Defendants' counsel responded that Defendants would be opposed to any further delays in resolving this matter which has been pending for over 2 years. Overruling Defendants' oral objections, the Court continued Defendants' hearing on the Motion for Summary Judgment to June 27, 2013, without an opportunity to formally oppose the ruling and stated that it was simply a procedural matter. The Court also extended the dispositive motion deadline to July 31, 2013.

On May 23, 2013, Plaintiff filed an Application for Order Setting Hearing on Shortened Notice on his Motion to Continue Hearing on Defendants' Motion for Summary Judgment ("Motion for Continuance"). Plaintiff argues that Defendants' Motion for Summary Judgment is extensive and that he is unable to thoroughly respond to the motion without discovery responses that Defendants have allegedly failed to turnover. Additionally, Plaintiff argues that his motion to compel discovery, filed on April 29, 2013, four (4) months after the expiration of the discovery deadline, is pending and needs to be resolved. Plaintiff requests that Defendants' Motion for Summary Judgment be continued to August 29, 2013.

Although not entirely clear on its face, Plaintiff's Motion for Continuance appears to be one under Federal Rule of Civil Procedure 56(f) for an extension of time to oppose summary judgment. Defendants submit their opposition below.

## II. ARGUMENT

### A. PLAINTIFF'S MOTION FAILS TO DEMONSTRATE THE NECESSARY REQUIREMENTS OF RULE 56(f)

#### 1. Legal Standard

Federal Rule of Civil Procedure 56(f) provides as follows:

> When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

*See* Fed. R. Civ. P. 56(f). Federal Rule of Civil Procedure 56(f) is made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7056.

Rule 56(f) provides that the court may order a continuance to permit further discovery if the party opposing summary judgment needs time to discover central facts. *Mercury Service, Inc. v. Allied Bank of Texas*, 1990 WL 90216, at *4 (Ct. App. 1990); *see also, Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (trial court may deny motion for summary judgment or continue hearing to allow for discovery in order to obtain facts essential to justify the party's opposition). Under Rule 56(f), "[t]he burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists and that it would prevent summary judgment." *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161, n.6 (9th Cir. 2001) (citing *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 920 (9th Cir. 1996)); see also, *Hall v. Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986) (stating burden is on party opposing summary judgment to show what material facts would be discovered that would precluded summary judgment. Specifically, a Rule 56(f) motion requires the moving party to show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Henderson v. Peterson*, 2010 WL 2572885 (N.D. Cal. June 24, 2010) (citing *State of Cal., on Behalf of California Dept. of Toxic Substance Control v.*

*Campbell*, 138 F.3d 772, 779 (9th Cir. 1998); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523-24 (9th Cir. 1989) (Rule 56(f) requires party seeking postponement to show how additional discovery would preclude summary judgment and why it cannot immediately provide specific facts demonstrating a genuine issue of material fact) (quotations omitted); *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) (affidavits must set forth the particular facts expected from movant's discovery).

### 2. Plaintiff's Declaration Fails to Identify Specific Facts Needed to Oppose Summary Judgment

The Plaintiff's Motion for Continuance is lacking in several respects. First, Plaintiff's Declaration filed in support of the Motion for Continuance fails to comply with even the minimum substantive requirements of Rule 56(f). Plaintiff asserts that he continues to experience discovery obstruction in regards to written discovery requests, depositions examination, declarations and court ordered responses. (Adversary Docket No. ("Adv. Dkt.") 186, Declaration, [page:line] 2:5-6). However, Plaintiff's Declaration does not identify the specific "essential" facts needed to oppose the Motion for Summary Judgment and merely lists broad, general categories of discovery allegedly being obstructed. See *Hall v. Hawaii*, 791 F.2d 759, 761 (9th Cir. 1991) (although Rule 56(f) simply requires an affidavit which sets for the information sought, a proper Rule 56(f) motion must contain more than a list of desired documents); see also, *Cramer v. Target Corp.*, 2011 WL 666760 (E.D. Cal Feb. 11, 2011) (court finding that even reference to specific discovery needed is not necessarily sufficient for the court to grant Rule 56(f) motion); *Patterson v. Shaw*, 2009 WL 2563494, at * 2 (D. Ariz. August 19, 2009) (such general requests of identifying files Plaintiff wants full access to is insufficient to satisfy an element requiring specific facts). Plaintiff's Declaration fails to set forth the specific facts expected from further discovery and, therefore, fails to satisfy the initial Rule 56(f) requirement.

### 3. Plaintiff's Declaration Fails to Demonstrate How the Missing Essential Facts will Preclude Summary Judgment

Not only must the opposing party identify what evidence or facts he lacks to oppose the summary judgment motion, but the party must also show how the missing evidence or facts

would preclude the motion and why the party cannot immediately provide specific facts demonstrating a genuine issue of material fact. *Margolis*, 140 F.3d at 853; *Brae Transp., Inc*. 790 F.2d at 1443; *Mackey*, 867 F.2d at 523. At best, Plaintiff generally asserts that he is without access to "genuine material facts" (Adv. Dkt., 186, Declaration, 2:7-8). Plaintiff's Declaration fails to articulate how these "genuine material facts", if discovered, would preclude summary judgment and what specific facts Plaintiff cannot immediately provide specific facts to demonstrate a genuine issue of material fact. Once again, Plaintiff's Motion for Continuance, as with every motion filed in this action, is premised the Court's previous order requiring Defendants to turn everything and anything related to the subject loan (without any determination as to relevancy) rather than standing on the merits of his claims. In fact, this action has been pending for over 2 years and Plaintiff has had ample opportunity to conduct written discovery and take 5 depositions of the Defendants prior to the expiration of the discovery deadline on March 31, 2013. Yet, Plaintiff appears to assert that he is without ***any*** facts to oppose the Motion for Summary Judgment and that additional discovery is needed but does not articulate what and why. Under the circumstances, the Court must make a determination whether Plaintiff has satisfied his burden under Rule 56(f) and Plaintiff may not rely solely on vague assertions that additional discovery is needed to oppose Defendants' summary judgment. See *Harris v. Duty Free Shoppers Ltd. Partnership*, 940 F.2d 1272, 1276 (9th Cir. 1987); *Continental Maritime*, 817 F.2d 1391, 1395 (9th Cir. 1987). Plaintiff's Declaration fails to comply with Rule 56(f) and, therefore, the Motion for Continuance must be denied.

/././

/././

/././

/././

/././

/././

/././

### III. CONCLUSION

Based on all of the foregoing, the Court must find that Plaintiff has failed to meet the requirements under Rule 56(f) and deny the Motion for Continuance in its entirety.

Respectfully submitted,

**PITE DUNCAN, LLP**

Dated: May 28, 2013

/s/ *Ellen Cha*
ELLEN CHA
Attorneys for *Defendants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation