David E. McAllister (SBN 185831)
dmcallister@piteduncan.com
Ellen Cha (SBN 250243)
echa@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for CitiMortgage, Inc. and
Federal Home Loan Mortgage Corporation

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Case No.: 10-52330<br><br>Chapter 11<br><br>Adv. Case No.: 11-05107 |
| DAVID RANDALL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>CITIMORTGAGE, INC., *et al.*,<br><br>Defendants. | **SUPPLEMENTAL DECLARATION OF FEDERAL HOME LOAN MORTGAGE CORPORATION**<br><br>**Status Conference:**<br>Date: July 25, 2013<br>Time: 3:15 p.m.<br>Ctrm: 3020<br>Judge: Hon. Arthur S. Weissbrodt |

I, E. Shannon Pastras, declare as follows:

1. I am employed as Associate General Counsel in the Legal Division ("Legal") at Federal Home Loan Mortgage Corporation ("Freddie Mac"). In this capacity, I am authorized to testify and make this declaration, which is based on my own personal knowledge of the events described herein.

2. As Associate General Counsel, I am responsible for, among other things, overseeing litigation involving certain Freddie Mac loans, including the loan that is the subject of this action (the "Loan"). I am an experienced attorney having practiced law for 10 years and am admitted to practice in multiple jurisdictions, including Florida, Maryland and in Virginia as Corporate Counsel. My

experience includes working at a law firm, as in house counsel and since 2010 as Associate General Counsel at Freddie Mac. At Freddie Mac, my job duties include: reviewing claims, demands and litigation ("complaints") directed against Freddie Mac; making decisions regarding how to respond to these complaints; delegating responsibility to handle certain aspects of the defense of these complaints to paralegals who work in my section of Legal; retaining outside counsel as necessary to defend Freddie Mac's interests; responding to written discovery demands by, among other things, determining which departments of Freddie Mac have custody of information and documents described in written discovery; formulating and following through on inquiries directed to various departments at Freddie Mac in order to locate and obtain necessary information and documents responsive to written discovery; and, working with outside counsel to prepare responses to written discovery demands.

3. I have access to, am familiar with, and personally reviewed Freddie Mac's books and records regarding the Loan. I am familiar with the manner in which Freddie Mac maintains its books and records, including computer records relating to the Loan. Freddie Mac's records are made at or near the time of the occurrence of the matters set forth in such records, by an employee or representative with knowledge of the acts or events recorded. Such records are obtained, kept and maintained by Freddie Mac in the regular course of its business. Freddie Mac relies on such records in the ordinary course of its business.

4. On May 23, 2013, the Court ordered Freddie Mac to file a supplemental declaration regarding its discovery efforts in this case.

5. Freddie Mac's general procedure whenever one of its loans is the subject of litigation is to assign the matter to an Associate General Counsel ("AGC") in Legal who is then responsible for overseeing the litigation. For purposes of responding to discovery, the AGC will, among other things, determine which departments of Freddie Mac have custody of information and documents described in written discovery; formulate and follow through on inquiries directed to various departments at Freddie Mac in order to locate and obtain necessary information and documents responsive to written discovery; and, work with outside counsel to prepare responses to written discovery demands. The AGC and retained outside counsel will review any information and

documents obtained from the departments to evaluate whether it is: (a) responsive to the request; (b) privileged; (c) proprietary; and/or (d) otherwise within the scope of discoverable information under the applicable rules of procedure. As the responsible AGC for this case, I carried out these tasks.

6. In response to the Court's order, I identified the following departments of Freddie Mac that I reasonably believe may have information related to the Loan: (a) the Contracting and Business Operations Department; (b) the Servicing Department; (c) the Securitization/Securities Operations Department; (d) the Loss Mitigation Department; and (e) the Legal Department (collectively, the "Departments").

7. I then communicated with managers in each of these Departments and requested that they conduct a thorough search of their records for information related to the Loan. All communications with the Departments were via email and/or telephone. The documents and/or information that I received from each of the Departments are summarized in the table attached hereto as **Exhibit A** and incorporated herein by reference.

8. Freddie Mac has spent approximately 16 hours in responding to the Court's order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed this 27th day of June, 2013, at McLean, VA.

_____
E. SHANNON PASTRAS