David E. McAllister (SBN 185831)
dmcallister@piteduncan.com
Ellen Cha (SBN 250243)
echa@piteduncan.com
**PITE DUNCAN, LLP**
4375 JUTLAND DRIVE, SUITE 200
P.O. BOX 17933
SAN DIEGO, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Defendants* CitiMortgage, Inc. and
Federal Home Loan Mortgage Corporation

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Case No. 10-52330<br><br>Chapter 11<br><br>Adv. Case No. 11-05107 |
| DAVID RANDALL SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC; FEDERAL HOME LOAN MORTGAGE CORPORATION; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-150, Inclusive,<br><br>Defendants. | **REPLY IN SUPPORT OF FEDERAL HOME LOAN MORTGAGE CORPORATION'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26**<br><br>**Hearing**:<br>Date: September 10, 2013<br>Time: 3:00 p.m.<br>Ctrm: 3020<br>Judge: Hon. Arthur S. Weissbrodt |

*Defendant* Federal Home Loan Mortgage Corporation ("Freddie Mac") hereby submits its Reply to Plaintiff's Objection to Federal Home Loan Mortgage Corporation's Motion for Protective Order.

/./././

# I. INTRODUCTION

The reasons articulated in Plaintiff's Objection to the Motion for Protective Order are precisely why the Court should grant the motion. Rather than prosecuting his claims, Plaintiff has used this litigation as a personal vehicle to harass and defame defendants. To deny the motion would cause Freddie Mac the exact type of harm the rules were designed to prevent. Because Plaintiff has not and cannot articulate any prejudice that would result from the issuance of a protective order, which would only prevent Plaintiff from publically disseminating the Confidential Information, the balance of the risks weighs in favor of Freddie Mac. Of course, this is assuming the Court finds that Plaintiff has met his burden of demonstrating the relevancy of the requested information and the need for the material in developing its case which Plaintiff has clearly failed to do.

# II. REPLY

**A. Balancing of the Risks Weighs in Favor of the Court Granting the Protective Order**

While it is well-established that the pre-trial discovery is presumptively public absent a court order, Rule 26(c) authorizes a court to override this presumption where "good cause" is shown. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) (citations omitted). Although there is no absolute privilege for highly confidential information, such information, even if not privileged, may be protected under Rule 26(c)(1)(G). *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362 (1979); *Hartley Pen Co. v. United State Dist. Court for the S. Dist. Of Cal.*, 287 F.2d 324, 330 (9th Cir. 1961); *In re Remington Arms Co., Inc.*, 952 F.2d 1029, 1031-1032 (8th Cir. 1991). Rule 26(c)(1)(G) allows the court, for good cause, to issue an order "requiring that a trade secret or other commercial information not be revealed or be revealed only in a specified way." Recognizing that there is no bright-line test, the relevant test that the court must apply is a balancing of the risks. *See, e.g.*, Advisory Committee Notes to the 1970 amendment to Rule 26(c) (courts need to weigh claims to privacy against the need for disclosure).

Freddie Mac has presented declaratory evidence regarding the risks to its financial or competitive standing that would result if the Confidential Information is publically disclosed. The evidence also establishes that the Confidential Information is generally known only between Freddie

Mac and its business partners. This is supported by the fact that the Freddie Mac website publishes a plethora of information related to loan activities and yet the Confidential Information is not publically available. On the other hand, Plaintiff offers no valid reason opposing the entry of a standard protective order as the one proposed by defendants to protect information from being disseminated to third parties. Nor has Plaintiff argued that such an order would prejudice his claims or his prosecution of this litigation. Thus, the balance of the risks weighs in Freddie Mac's favor and the issuance of the proposed Protective Order.

**B.     Arguments Raised By Plaintiff Fail to Demonstrate the Relevancy and Need for the Confidential Information**

Plaintiff argues that he is unable to address the confidential nature of Confidential Information because he has not seen the documents. Instead, Plaintiff appears to attack the motion on grounds that Defendants have failed to specifically state that the exhibits listed in Exhibit 1 (to the proposed Protective Order) are purchase records of Plaintiff's loan. (Adversary Docket ("Adv. Dkt."), No. 240 [page:line] 2:14-15). Plaintiff's contentions are wholly unsubstantiated by the record. Exhibit 1 clearly provides an itemized list of documents that fall under the scope of "purchase records and accounting records" related to Plaintiff's loan, including the following:

- Line No. 449: Master Agreement dated October 22, 2004
- Line No. 450: Master Commitment dated July 7, 2005
- Line No. 451: Amendments to Master Commitment dated July 7, 2005
- Line No. 452: Selling Contract Detail
- Line No. 453: Freddie Mac Form 15A Settlement Summary Fixed Rate Multilender
- Line No. 454: Freddie Mac Funding Detail Report
- Line No. 455: Information re removal of loan from pool

(*See* Adv. Dckt, No. 221-2, pp. 4-5). Plaintiff also appears to argue that the motion should be denied because defendants have not produced any documents related to Freddie Mac's transaction with the alleged pool investors. (Opposition, 2:16-18).

Plaintiff has failed to demonstrate that the Confidential Information is relevant and necessary for litigating his claims. Freddie Mac has briefed the irrelevancy of any information related to the

| | |
|---|---|
| 1 | pool investors on numerous occasions. (*See* Adv. Dkt. No. 221-1; *see also* Adv. Dkt., No. 237). |
| 2 | Additionally, Plaintiff's alleged need for "charge-off status" of the loan to show that Freddie Mac |
| 3 | owned the loan and whether Citi sold the loan simply makes no sense. (Opposition, 3:6-9). Citi's |
| 4 | authority to collect on the note is not dependent upon the charged-off status of the subject loan but |
| 5 | rather on the fact that Citi qualifies as the holder under Article 3 of the Uniform Commercial Code. |
| 6 | Freddie Mac previously testified that the subject loan has not been charged off and briefed the issue |
| 7 | that the charge-off status of a loan is not the legal equivalent of forgiving a debt. (*See* Adv. Dkt. No. |
| 8 | 221-1; see also Adv. Dkt., No. 237). The Objection is devoid of any factual or legal basis for the |
| 9 | Court to find that Plaintiff has satisfied his burden that the Confidential Information is relevant and |
| 10 | necessary. Based on the foregoing, the Court should deny production in its entirety. |

### III. CONCLUSION

Freddie Mac has demonstrated good cause for the issuance of the Protective Order. Plaintiff has provided no factual or legal authority demonstrating that the Confidential Information is relevant and necessary to prosecuting his claims. However, if the Court finds that he has in which case the balance of the risks weighs in favor of issuing the Protective Order.

Respectfully submitted,

Dated: September 3, 2013    **PITE DUNCAN, LLP**

/s/ *Ellen Cha*_____
ELLEN CHA
Attorneys for *Defendant* CitiMortgage, Inc. and
Federal Home Loan Mortgage Corporation

- 4 -                                   Case No. 11-05107
**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**
Case 11-05107    Doc# 241    Filed: 09/03/13    Entered: 09/03/13 16:36:33    Page 4 of 4