David E. McAllister (SBN 185831)
dmcallister@piteduncan.com
Ellen Cha (SBN 250243)
echa@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Defendants* CitiMortgage, Inc.
and Federal Home Loan Mortgage Corporation

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Bankruptcy Case No. 10-52330<br><br>Chapter 11<br><br>Adversary Case No. 11-05107 |
| DAVID RANDALL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>CITIMORTGAGE, INC.; FEDERAL HOME LOAN MORTGAGE CORPORATION; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-150, inclusive,<br><br>Defendants. | **RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**<br><br>**Hearing:**<br>Date: October 4, 2013<br>Time: 3:00 p.m.<br>Ctrm: .3020<br>Judge: Hon. Arthur S. Weissbrodt |

| UDF No. | UNDISPUTED MATERIAL FACTS | DEFENDANTS' RESPONSE |
|---|---|---|
| 1. | Yvonne Wheeler is the signer of the substitution of trustee and assignment of deed of trust. Defendant's Request for Judicial Notice ("RJN") **EXHIBIT "C", "D"** | Undisputed. However, Defendants assert that this fact is immaterial and fails to raise a genuine factual dispute as to the claims in the action. |

-1- Case No. 11-05107
**RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

| | | | |
|---|---|---|---|
| 1, 2, 3, 4 | 2. | The Notice of Trustee's Sale states "The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Notice of Default and Demand for Sale.<br><br>Defendant's Request for Judicial Notice ("RJN") **EXHIBIT "F"** | Undisputed. However, Defendants assert that this fact is immaterial and fails to raise a genuine factual dispute as to the claims in the action. |
| 5, 6, 7 | 3. | Yvonne Wheeler considered the Declaration of Default to be the "referral" by CitiMortgage. (Wheeler Transcript 80:12-18; 82:5-6) | Undisputed. However, Defendants assert that this fact is immaterial and fails to raise a genuine factual dispute as to the claims in the action. |
| 8, 9, 10 | 4. | The "referral" is reflected in California Western Reconveyance Corp. ("CWR") document submission pages 027-062. (Wheeler Transcript 85:8-17) | Undisputed. However, Defendants assert that this fact is immaterial and fails to raise a genuine factual dispute as to the claims in the action. |
| 11, 12, 13 | 5. | Yvonne Wheeler said a transfer from original trustee to substitute trustee requires an act of the beneficiary of deed of trust.<br><br>(Wheeler Transcript 109:8-11) | Undisputed. However, Defendants assert that this fact is immaterial and fails to raise a genuine factual dispute as to the claims in the action. |
| 14, 15 | 6. | Yvonne Wheeler determined an Assignment need to be drawn up to show of public record that CitiMortgage was the current beneficiary.<br>(Wheeler Transcript 113-:1-114:2) | Undisputed. However, Defendants assert that this fact is immaterial and fails to raise a genuine factual dispute as to the claims in the action. |
| 16, 17, 18, 19, 20, 21 | 7. | Yvonne Wheeler determined that the endorsement stamp by Reunion indicated that CitiMortgage was the Holder of the Note. (Wheeler Transcript 90;22-93:4) | Disputed. Misstates witness testimony. Wheeler testified that Citi informed Cal-Western that they are the holder of the Note. (See Supplemental Declaration of Ellen Cha ("Cha Supplemental Declaration"), ¶4, Exhibit 1-Wheeler Transcript, 90:22-24). Defendants assert that this fact is immaterial and fails to raise a genuine factual dispute as to the claims in the action. |
| 22, 23, 24, 25, 26, 27, 28 | 8. | Yvonne Wheeler determined CitiMortgage did not transfer the Note because the endorsement stamp has no entry of a transferee. (Wheeler Transcript 100:13-18;116:15-18) | Disputed. Misstates witness testimony. Yvonne Wheeler testified that Citi did not inform Cal-Western of a transfer of an interest (See Cha Supplemental Declaration, ¶4, Exhibit 1-Wheeler Transcript, 92:6-11). Yvonne Wheeler testified that it is not unusual for Cal-Western to see indorsements in blank by a current beneficiary that are later specially indorsed when there is a transfer of the note. (See Cha Supplemental |

| | | | |
|---|---|---|---|
| 1<br>2<br>3 | | | Declaration, ¶4, Exhibit 1-Wheeler Transcript, 116:9-18). Defendants assert that this fact is immaterial and fails to raise a genuine factual dispute as to the claims in the action. |
| 4<br>5<br>6<br>7<br>8<br>9<br>10 | 9. | Yvonne Wheeler determined that at the time of transfer, CitiMortgage would complete the specially endorsed note by filing out the top portion of the endorsement stamp.<br>(Wheeler Transcript 87:4-25) | Disputed. Misstates witness testimony. Yvonne Wheeler testified that Citi "stamped the mortgage showing that they are the owner. Should they at such time transfer that, then they would be filling out that top portion. And I'm sorry, the holder." (See Cha Supplemental Declaration, ¶4, Exhibit 1- Wheeler Transcript, 87:1-5). Defendants assert that this fact is immaterial and fails to raise a genuine factual dispute as to the claims in the action. |
| 11<br>12<br>13 | 10. | Yvonne Wheeler determined that CitiMortgage provided proof that they were the beneficiary.<br>(Wheeler Transcript 92:15-22) | Undisputed. However, Defendants assert that this fact is immaterial and fails to raise a genuine factual dispute as to the claims in the action. |
| 14<br>15<br>16<br>17<br>18 | 11. | Yvonne Wheeler had no personal knowledge that Citi was beneficiary.<br>(Wheeler Transcript 95:3-5) | Disputed. Yvonne Wheeler testified that she was aware that Citi is the current beneficiary based on the information she was given. (See Cha Supplemental Declaration, ¶4, Exhibit 1- Wheeler Transcript 95:13-16). Defendants assert that this fact is immaterial as to the claims in the action. |
| 19<br>20<br>21<br>22<br>23 | 12. | Yvonne Wheeler was aware that Freddie Mac was investor and owner of the note.<br>(Wheeler Transcript 104:5-13) | Undisputed. However, Yvonne Wheeler testified that the referral indicated that Freddie Mac was the investor. (See Cha Supplemental Declaration, ¶4, Exhibit 1- Wheeler Transcript 104:7-9). Defendants assert that this fact is immaterial and fails to raise a genuine dispute of material fact as to the claims in the action. |
| 24<br>25<br>26 | 13. | Yvonne Wheeler had no knowledge of the Freddie Mac purchase because CWR is not provided those types of details.<br>(Wheeler Transcript 104:19-105:2) | Undisputed. However, Defendants assert that this fact is immaterial and fails to raise a genuine dispute of material fact as to the claims in the action. |
| 27<br>28 | 14. | Yvonne Wheeler had no knowledge of any value received when she signed the Assignment of Deed of Trust.<br>(Wheeler Transcript 104:24-105:2) | Disputed. Misstates witness testimony. Yvonne Wheeler testified that Cal-Western has no knowledge of information regarding the purchase of the note |

-3- Case No. 11-05107
**RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | | |
|---|---|---|
| | | because it is not provided to Cal-Western. (See Cha Supplemental Declaration, ¶4, Exhibit 1- Wheeler Transcript 104:24-25; 105:1-7). Defendants assert that this fact is immaterial and fails to raise a genuine dispute of material fact as to the claims in the action. |
| 15. | Yvonne Wheeler spends approximately 15 seconds reviewing an assignment before signing.<br><br>(Wheeler Transcript 12:15-17) | Undisputed. Defendants assert that this fact is immaterial and fails to raise a genuine dispute of material fact as to the claims in the action. |
| 16. | Yvonne Wheeler is not an employee or officer of MERS 38.<br>(Wheeler Transcript 38:16-19) | Undisputed. However, Yvonne Wheeler testified that she was appointed as assistant secretary for the purposes of signing documents in foreclosures. (See Cha Supplemental Declaration, ¶4, Exhibit 1- Wheeler Transcript, 38:16-19; Cha Declaration, ¶3,Exhibit A, page 20). |
| 17. | Reunion did not fund the Loan.<br><br>Declaration of David Smith **EXHIBIT "A"** | Disputed. (*See* Cha Declaration, ¶4, Exhibit B- Berlinski Transcript, 14:20-25; 15:1-2; 16:16-24; 17:4-7; 17:19-20; 22:7-9; 42:23-25; 43:1-4; 13:19-25; 14:1-3; 16:9-11). Defendants object to the admissibility of Exhibit A on grounds that Plaintiff does not have personal knowledge of the exhibit for the purposes of authentication and therefore the exhibit is not admissible as evidence. |
| 18. | Reunion has a separate undisclosed contract with First collateral Services regarding funding the Smith Loan.<br>(Berlinski Transcript 14:4-19 "Decl" **EXHIBIT "B"**) | Disputed. Misstates witness testimony. Berlinski testified that in funding situations there would normally be a contract between Reunion and First Collateral. (Cha Supplemental Declaration, ¶5, Exhibit 2- Berlinski Transcript 14:4-10). Defendants assert that this fact is immaterial and fails to raise a genuine dispute of material fact as to the claims in the action. |
| 19. | Reunion's contribution to the Smith Loan funding contract was around 2%<br>(Berlinski Transcript 15:3-20) | Disputed. Misstates witness testimony. Berlinski testified that Reunion's typical cash contributions were around two percent but that Reunion owns the loans. (Cha Supplemental Declaration, ¶5, Exhibit 2- Berlinski Transcript 15:15-18). Defendants assert that this fact is immaterial and fails to raise a |

| # | | | |
|---|---|---|---|
| | | | genuine dispute of material fact as to the claims in the action. |
| | 20. | Reunion did not specially endorse the note to CitiMortgage.<br>(Berlinski Transcript 34:20-35:1 | Disputed. Berlinski testified that the note was sent to First collateral who filled in the name of the investor who she knew to be Citi. (Cha Supplemental Declaration, ¶5, Exhibit 2- Berlinski Transcript, 44:5-12; Citi Declaration, ¶4, Exhibit B). |
| | 21. | Citibank, NA transferred funds to First Collateral to fund the Smith Note.<br>(Berlinski Transcript 27:9-28:25) | Disputed. Misstates witness testimony. Berlinski testified that that these were wiring instruction to be paid to First Collateral and that she did not recognize or know any account to be a Citibank account number. (Cha Supplemental Declaration, ¶5, Exhibit 2- Berlinski Transcript, 28:3-14). Defendants assert that this fact is immaterial and fails to raise a genuine dispute of material fact as to the claims in the action. |
| | 22. | Reunion did not transfer the note to CitiMortgage 35.<br>(Berlinski Transcript 33:21-35:1) | Disputed. Misstates witness testimony. Berlinski testified that the note was sent to First collateral who filled in the name of the investor who she knew to be Citi. (Cha Declaration, ¶4, Exhibit B- Berlinski Transcript, 44:5-12; 23:1-9; 23:19-23: 24:1-10; 33:21-23; 34:5-6; 34:15-16; 34:25; 44:2-5). |
| | 23. | Janet Sims did not stamp the note on page 3.<br>(Sims Transcript 24:13-27-4 "Decl: **EXHIBIT "D"**) | Disputed. Sims testified that an employees in document custody as part of their certification review would attach the note endorsement stamp (Cha Supplemental Declaration, ¶6, Exhibit 3- Sims Transcript, 24:16-23) and they were provided the stamps to use with Sims' signature on them to endorse the notes (Sims Transcript, 25:13-16). |
| | 24. | Sims did not know who stamped the note.<br>(Sims Transcript 24:13-27-4) | Disputed. Sims testified that employees in document custody as part of their certification review would attach the note endorsement stamp (Cha Supplemental Declaration, ¶6, Exhibit 3- Sims Transcript, 24:16-23) and they were provided the stamps to use with Sims' signature on them to endorse the notes (Sims Transcript, 25:13-16). |
| | 25. | Sims did not know when the note was stamped. | Disputed. Sims testified that an |

| | | |
|---|---|---|
| | (Sims Transcript 24:13-27-4) | employees in document custody as part of their certification review would attach the note endorsement stamp (Cha Supplemental Declaration, ¶6, Exhibit 3- Sims Transcript, 24:16-23) and they were provided the stamps to use with Sims' signature on them to endorse the notes (Cha Supplemental Declaration, ¶6, Exhibit 3- Sims Transcript, 25:13-16). Sims testified that she was aware that the Note was endorsed with her stamp and notes are endorsed as they are being sold into a Freddie Mac pool or delivery. (Cha Supplemental Declaration, ¶6, Exhibit 3- Sims Transcript, 17:20). |
| 26. | CitiMortgage has its accounting records in the accounting department. (Sims Transcript 61:10-19) | Disputed. Misstates witness testimony. Sims testified that she does not have accounting records. (Cha Supplemental Declaration, ¶6, Exhibit 3- Sims Transcript, 61:8-9). Defendants assert that this fact is immaterial and fails to raise a genuine dispute of material fact as to the claims in the action. |
| 27. | CitiMortgage states that Citibank custodian holds the Note. (Sims Transcript 64:6-8) | Undisputed. |
| 28. | Sims certified that delivery of the note to Freddie Mac was complete (Sims Transcript 65:17-21) | Undisputed. |
| 29. | The note was never physically transferred to Freddie Mac. (Sims Transcript 67:24-68:1) | Disputed. Sims testified Citibank was acting as the document custodian for Freddie Mac so physically the custodian, Citibank, N.A., in this case is expected to retain that document on behalf of Freddie Mac. (Cha Supplemental Declaration, ¶6, Exhibit 3- Sims Transcript 66:10-15). |
| 30. | Freddie Mac maintains an accounting record of Loans placed in a PC pool. (Meyer Transcript 106:7-10; 108:5-10 "Decl" **EXHIBIT "E"**) | Disputed. Misstates witness testimony. Meyer testified that there would be records to show that the cash flows for the loan were placed into the PC. (Cha Supplemental Declaration, ¶7, Exhibit 4- Meyer Transcript, 106: 7-10). Defendants assert that this fact is immaterial and fails to raise a genuine dispute of material fact as to the claims in the action. |
| 31. | Freddie Mac maintains a ledger of Loans being taken out of a PC Pool. | Undisputed. |

-6- Case No. 11-05107

**RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

| # | | |
|---|---|---|
| | (Meyer Transcript 116:8-17) | |
| 32. | PC Holders have the right to foreclose on a Note if not paid by Freddie Mac.<br>(Meyer Transcript 119:7-14; 122-3-22) | Disputed. Misstates witness testimony. Meyer testified that if Freddie Mac failed to pay a security holder, they would have the right to take possession of the note and own it. (Cha Supplemental Declaration, ¶7, Exhibit 4- Meyer Transcript 119:9-12; 122-3-22) |
| 33. | CitiMortgage is not the owner of the Deed of Trust.<br>(Meyer Transcript 128:13-17) | Undisputed. |
| 34. | Freddie Mac did not provide any authority to [sic] act on its behalf in regards to the Smith Loan.<br>(Meyer Transcript 137:7-10) | Disputed. Misstates witness testimony. Meyer testified that Freddie Mac did not provide MERS with any authority to act on our behalf. (Cha Supplemental Declaration, ¶7, Exhibit 4-Meyer Transcript 137:7-10). Defendants assert that this fact is immaterial and fails to raise a genuine dispute of material fact as to the claims in the action. |
| 35. | Freddie charged off the remaining balance due on the note to reflect they are no longer trying to collect on the note.<br>(Meyer Transcript 140:2-5) | Disputed. Misstates witness testimony. Plaintiff's assertion that Meyer testified that "he thought the remaining balance was charged off to reflect the fact that Freddie Mac is no longer trying to collect on the note" is simply incorrect as Meyer was testifying in response to Plaintiff's general question regarding notes and not the note that is the subject of this lawsuit. (Cha Supplemental Declaration, ¶7, Exhibit 4-Meyer Transcript, 139:21-22; 140:2-5). Defendants assert that this fact is immaterial and fails to raise a genuine dispute of material fact as to the claims in the action. |
| 36. | Freddie did not grant CitiMortgage a power of attorney to act on its behalf 154, 160.<br>(Meyer Transcript 159:22-160:2) | Disputed. Misstates witness testimony. Meyer testified that Freddie Mac does not provide Citi with powers of attorney. (Cha Supplemental Declaration, ¶7, Exhibit 4-Meyer Transcript, 159:22; 160:1-2). Defendants assert that this fact is immaterial and fails to raise a genuine dispute of material fact as to the claims in the action. |

| | |
|---|---|
| Dated: September 20, 2013 | **PITE DUNCAN, LLP**<br><br>/s/ *Ellen Cha*<br>ELLEN CHA (CA SBN 250243)<br>Attorneys for *Defendants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation |