DAVID E. McALLISTER (CA SBN 185831)
dmcallister@piteduncan.com
ELLEN CHA (CA SBN 250243)
echa@piteduncan.com
**PITE DUNCAN, LLP**
4375 JUTLAND DRIVE, SUITE 200
P.O. BOX 17933
SAN DIEGO, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for CitiMortgage, Inc. and
Federal Home Loan Mortgage Corporation

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>DAVID RANDALL SMITH,<br><br>DEBTOR. | Bankruptcy Case No. 10-52330<br><br>Chapter 11<br><br>**DECLARATION OF FEDERAL HOME LOAN MORTGAGE CORPORATION**<br><br>**Status Conference:**<br>Date: May 23, 2013<br>Time: 2:30 p.m.<br>Ctrm: 3020<br>Judge: Hon. Arthur S. Weissbrodt |

I, Dean Meyer, declare:

1. I am the Director of the Loss Mitigation Department at Federal Home Loan Mortgage, Inc. ("Freddie Mac"). In my capacity as Director, I manage Freddie Mac's portfolios that are in foreclosure, bankruptcy and other loss mitigation status.

2. I am competent to testify and make this declaration based upon my own personal knowledge of the events referred to in this declaration.

4. On March 19, 2013, I was deposed by the Plaintiff, David Randall Smith ("Plaintiff"), in the above-referenced matter. The deposition took place in Washington D.C.

5. At the deposition, Plaintiff introduced into the record a copy of a declaration executed by me on December 6, 2012 ("Declaration"). Attached to the Declaration was a copy of a correspondence dated November 28, 2012 from Pite Duncan law firm ("PD Correspondence") regarding the court's order for Freddie Mac to conduct a search for documents pertaining to the loan which is the subject of this action ("Subject Loan").

6. Plaintiff inquired whether I recalled making the Declaration. I responded that my signature is on the Declaration so I did review any attachments, including the PD Correspondence that was provided as part of the Declaration. I also stated that, however, I did not recall the specific Declaration or the PD Correspondence.

7. I also testified as to Freddie Mac's general procedures in response to discovery requests. Specifically, I testified that Freddie Mac's legal department would reach out to the areas of the company that may have relevant information regarding a specific loan. Freddie Mac's legal department would have obtained any relevant information from the other departments and provided them to me for review generally via email correspondence.

8. Based on a determination of the claims asserted in this action, any relevant loan level information pertaining to the loan which is the subject of this lawsuit would have been maintained by the department I manage. Accordingly, I would have conducted a search of the system utilized in my department, which is referred to as the loss mitigation work station, for any relevant information maintained by Freddie Mac pertaining to the Subject Loan, including but not limited to the following: information regarding default insurance for the Subject Loan, Freddie Mac's interest in the Subject Loan, mortgage insurance for the Subject Loan, foreclosure activity, TARP payments.

9. The information obtained from my search of the loss mitigation work station, included but not limited to, were as follows:

- Freddie Mac did not purchase default insurance for the Subject Loan
- Freddie Mac purchased the Subject Loan from Citi on March 13, 2006
- The Subject Loan was not included as part of a credit default swap or any surety held by Freddie Mac
- Freddie Mac did not receive any TARP payments in relations to the Subject Loan

1 | - No mortgage insurance placed on the Subject Loan
2 | - Freddie Mac owns 100% interest in the Subject Loan
3 | 10. Freddie Mac does not maintain physical files and my search for information would
4 | have been of Freddie Mac's data system.
5 | 11. On or about December 6, 2012, I received from Freddie Mac's legal department the
6 | Declaration and exhibits referenced therein for review via email correspondence.
7 | I declare under penalty of perjury under the laws of the United States that the foregoing is
8 | true and correct, executed this 9th day of May 2013, at McLean, VA.

_____
Dean Meyer