1  DAVID E. McALLISTER (CA SBN 185831)
   dmcallister@piteduncan.com
2  ELLEN CHA (CA SBN 250243)
   echa@piteduncan.com
3  **PITE DUNCAN, LLP**
   4375 JUTLAND DRIVE, SUITE 200
4  P.O. BOX 17933
   SAN DIEGO, CA 92177-0933
5  Telephone: (858) 750-7600
   Facsimile: (619) 590-1385
6

7  Attorneys for *Defendants* CitiMortgage, Inc. and
   Federal Home Loan Mortgage Corporation

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>DAVID RANDALL SMITH,<br><br>Debtor, | Bankruptcy Case No. 10-52330<br><br>Chapter 11<br><br>Adversary Case No. 11-05107 |
| DAVID RANDALL SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC; FEDERAL HOME LOAN MORTGAGE CORPORATION; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-150, Inclusive,<br><br>Defendants. | **BRIEF RE: WAIVER OF PRIVILEGE**<br><br><br>**Hearing**:<br>Date:  October 4, 2013<br>Time:  3:00 p.m.<br>Ctrm:  3020<br>Judge: Hon. Arthur Weissbrodt |

CitiMortgage, Inc. ("Citi") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (hereinafter collectively "Defendants") hereby submit the following Brief re: Waiver of Privilege as ordered by the Court.

## I. FACTUAL AND PROCEDURAL SUMMARY

On July 1, 2013, Citi and Freddie Mac filed their Privilege Log as ordered by the Court.

On July 31, 2013, David Randall Smith ("Plaintiff") filed a Motion to Compel ("Motion to Compel") seeking production of the following documents which Plaintiff argued were relevant under Rule 26(b)(1) and needed to support the allegations outlined in the Complaint:

(1) Pool Placement Records

(2) Documentation of consideration received from Pool investors

(3) Removal from Pool

(4) Charge off

(*See* Adversary Docket ("Adv. Dckt."), No. 205).

On August 16, 2013, Freddie Mac filed a Motion for Protective Order ("Motion for Protective Order") prohibiting the parties from publically disclosing certain Confidential Information outside the context of this litigation. (*See* Adv. Dckt., No. 221).

Hearings on both the Motion to Compel and Motion for Protective Order were heard on September 10, 2013. During the hearings, the Court made some comments regarding the Privilege Log; namely questioning whether the attorney-client privilege had been waived due to the join representation of the Defendants in the litigation and ordered a supplemental brief addressing the issue.

Accordingly, Defendants submit this Brief asserting that the attorney-client privilege has not been waived.

## II. LEGAL AUTHORITY

### A. ATTORNEY-CLIENT PRIVILEGE

The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice,…as well as an attorney's advice in response to such disclosures. *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997) (citations omitted). The privilege is not limited to actual communication by the client, but also applies to both the substance of the attorney's and the client's communication, including, but not limited to papers prepared by the attorney if the papers tend to reveal the confidential communications. *Matter of Fischel*, 557 F.2d 209, 211 (9th

Cir. 1997). Such communications are privileged from disclosure unless the privilege is waived. *United States v. Landof*, 591 F.2d 36, 38 (9th Cir. 1978).

### 1. Common Interest Exception

Like all general rules, the rule governing the attorney-client privilege has its exceptions. Where a client communicates with his attorney in the presence of a third person who shares either a common legal interest, the attorney-client privilege is not waived as to the information that is exchanged. *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). Where parties have an identical legal interest in the subject matter of a communication and the communication is made in the course of furthering the common goal, the common interest rule constitutes an exception to the waiver of the privilege. *United States v. BDO Seidman, LLP*, 492 F.3d 806, 816 (7th Cir. 2007). The rule is intended to protect the free flow of information between client and attorney…"whenever multiple clients share a common interest about a legal matter." *United States v. Schwimmer*, 892 F.2d 237, 243-44 (2nd Cir. 1989). The common interest must relate to a legal matter, and not merely a common business interest. *In re Sulfuric Acid Antitrust Litigation*, 235 F.R.D. 407, 416-417 (N.D. Ill 2006). The exception is not limited to parties who are perfectly aligned on the same side of the litigation but are available to parties who simply demonstrate "actual cooperation toward a common legal goal." *See Strougo v. BEA Assoc.*, 199 F.R.D. 515, 520 (S.D.N.Y. 2011). Waiver of the common interest exception to the privilege rule requires the consent of all parties who share the privilege. *Killebrew v. City of Greenwood*, 1997 WL 208140, 1997 U.S. Dist. Lexis 10065 (N.D.MS 1997); *John Morrell & Co. v. Local Union 304A*, 913 F.2d 544, 556 (8th Cir.1990) *cert. denied* 500 U.S. 905, 111 S.Ct. 1683, 114 L.Ed.2d 78 (1991).

Defendants clearly have a common legal goal in defending against Plaintiff's dispute as to Citi's entitlement to enforce the Loan. Throughout this litigation, Defendants have maintained a joint defense against Plaintiff's claims and neither party has raised a dispute as to Citi's authority to enforce the Note irrespective of Freddie Mac's ownership of the Loan. In fact, Plaintiff is the lone party trying to interpose a dispute between Freddie Mac and Citi despite his lack of standing to do so. Both Defendants have asserted that as the servicer, Citi has acted as Freddie Mac's servicing agent with respect to the Loan. (Adv. Dckt., No. 168, ¶9-11). As servicer, Citi's servicing

obligations and authority are governed by the Guide, which authorizes Citi to take certain action with respect to the Loan, including but not limited to: (a) the right to physically possess and enforce the note; (b) have the Deed of Trust assigned to Citi when necessary; (c) report information to MERS; (d) substitute trustee to enforce the Deed of Trust; (e) declare whether a loan is in default; (f) collect payments due under the Note; (g) initiate foreclosure action. (Adv. Dckt., No. 170, **Exhibit D**). To the extent that the Defendants have shared any communications and/or information as "third parties" to each other, it has been for the purpose of cooperating with each other in pursuit of Citi maintaining a claim against the Plaintiff's bankruptcy estate and enforcing the obligations under the Loan. Where Defendants have consulted with their attorneys concerning a mutual concern, these confidential communications, although they may be known to each other, must remain privileged with the outside world.

### III. CONCLUSION

Based on all of the foregoing, Defendants maintain that the attorney-client privilege has not been waived.

Respectfully submitted,

Dated: September 30, 2013

/s/ *Ellen Cha*
ELLEN CHA
Attorneys for *Defendants* CitiMortgage, Inc. and
Federal Home Loan Mortgage Corporation