EDWINA E. DOWELL, # 149059
Assistant U.S. Trustee
JOHN S. WESOLOWSKI, # 127007
EMILY S. KELLER, #264983
Office of the United States Trustee
U. S. Department of Justice
280 S. First Street, Suite 268
San Jose, CA 95113-0002
Telephone: (408) 535-5525
Fax: (408) 535-5532

Attorneys for August B. Landis
Acting United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DAVID RANDALL SMITH,<br><br>            Debtor. | Case No: 10-52330 ASW<br>Chapter 11<br><br>Date: July 26, 2013<br>Time: 2:15 p.m.<br>Place: Courtroom 3020<br>Honorable Arthur S. Weissbrodt |

## MOTION BY ACTING UNITED STATES TRUSTEE TO CONVERT OR DISMISS CHAPTER 11 CASE

      August B. Landis, the Acting United States Trustee for Region 17 (the "UST") hereby supplements his motion to convert or dismiss the above-captioned case pursuant to 11 U.S.C. § 1112(b) ("Motion"). In support of this motion, the UST asks the Court to take judicial notice of its own records in the case. Fed. R. Evid. 201, made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017.

## I.     INTRODUCTION

      David Randall Smith ("Debtor") initially filed for Chapter 13 protection on March 10, 2010. The case was converted to Chapter 11 on February 14, 2011. More than two years have passed since this case was converted and the Debtor has made no recognizable progress in reorganizing his affairs. While the Debtor has a pending adversary proceeding he is activity pursuing, the Debtor appears to be "parking" in his bankruptcy case with no intent to reorganize. In addition, his prior MORs raise questions as to whether all income and expenses are properly

being reported. Based on the lack of progress towards reorganization, this case should be converted or dismissed.

## II. FACTS

The Debtor filed for Chapter 13 protection on March 10, 2010. On February 14, 2011, the case was converted to Chapter 11. During this entire time, the only activity of any note on the docket is an adversary proceeding filed by the Debtor against CitiMortgage and Freddie Mac (A.P. No. 11-05107) and innumerable discovery motions and pleadings concerning that adversary proceeding. The deed of trust at issue encumbers Debtor's real property at 23 Pine Avenue in Mount Hermon, California; the claim filed by CitiMortgage is for $222,926, and the property was scheduled by the Debtor with a value of $350,000. See Claims Register; Amended Schedule A (Docket #78). No resolution of the adversary proceeding is in sight.

Debtor's assets also include, among other things, a residence located in Boulder Creek, CA, an interest in a house in Sunnyvale, CA, and a family trust that is apparently in litigation. Amended Schedule A and B (Docket #78). The UST has no information as to the current status of the trust litigation.

Debtor's unsecured debts appear to be modest, and total less than $50,000. See Claims Register; Schedule F (Docket #22).

Debtor has not filed a Chapter 11 plan or disclosure statement in the case, despite having been in Chapter 11 for over twenty-six months.

Debtor's MORs disclose little income other than rents, and his personal expenses for a family of 3 seem unreasonably small. For example, Debtor's March-May 2013 MOR report income (other than rental income) of $1,600, $1,000 and $0, respectively, and household expenses of only $153, $232 and $410. These amounts appear to include food, transportation, utilities, clothing, recreation, medical, insurance, and all other personal expenses, and raise questions about whether he is properly reporting all of his income and expenses.

## III. DISCUSSION

A bankruptcy court has the authority to order a Chapter 11 case be converted or dismissed if cause is shown and if the court finds that conversion or dismissal is in the best interest of creditors of the estate. Specifically, § 1112(b) provides:

> . . . [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (Thomson Reuters/West 2012).

Section 1112(b)(4) of the Bankruptcy Code enumerates circumstances that constitute cause including:

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; . . .

(E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) ... without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee;

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order of relief;

(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28; . . .

The factors enumerated in 11 U.S.C. § 1112(b) are not exhaustive, and a court is permitted to "consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." *In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (9th Cir. BAP 2000) (citation omitted).

Once the moving party has shown cause for conversion or dismissal, the burden shifts to the debtor to demonstrate (1) the existence of unusual circumstances to show that conversion or

dismissal is not in the best interest of creditors; (2) that there is a reasonable likelihood that a plan will be confirmed in a reasonable time; (3) there is a reasonable justification for the debtor's acts or omissions; and (4) grounds for dismissal or conversion will be cured within a reasonable time. 11 U.S.C. § 1112(b)(2) (Thomson Reuters/West 2012).

Here, the Debtor has failed to take basic steps towards reorganization. The Debtor filed for bankruptcy over three years ago and has been in Chapter 11 for more than two years. During this time no progress has been made towards reorganization. The only activity of note is the adversary proceeding against CitiMortgage, which has been pending since April 2011. No plan or disclosure statement has been filed. The Debtor is simply parking himself in chapter 11 while he litigates with CitiMortgage. The bankruptcy case is essentially a two-party dispute between the Debtor and CitiMortgage. Based on the Debtor's lack of progress over the past three years, he does not appear able to propose a confirmable plan, which provides cause for conversion or dismissal.[1]

### IV. CONCLUSION

Based on the foregoing, the UST respectfully requests the Court to dismiss or convert this case or for such other relief as the Court deems just and proper.

Dated: July 1, 2013                    Respectfully submitted,

By:    */s/ John S. Wesolowski*
       Attorney for Acting U.S. Trustee

---

[1] If the Court determines that dismissal is in the best interest of creditors, then the Court has discretion to retain a pending adversary proceeding case even if the bankruptcy case is dismissed. *See, e.g., In re Nelson*, 391 B.R. 437, 443-44 (9th Cir. BAP 2008) (stating that both the Ninth Circuit and the Bankruptcy Appellate Panel have held that an adversary proceeding may survive the dismissal of the underlying bankruptcy case); *Carraher v. Morgan Elec., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992).

MOTION BY UST TO CONVERT OR DISMISS CASE                    4