DAVID E. McALLISTER (CA SBN 185831)
dmcallister@piteduncan.com
ELLEN CHA (CA SBN 250243)
echa@piteduncan.com
**PITE DUNCAN, LLP**
4375 JUTLAND DRIVE, SUITE 200
P.O. BOX 17933
SAN DIEGO, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Defendants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>DAVID RANDALL SMITH,<br><br>DEBTOR. | Bankruptcy Case No. 10-52330<br><br>Chapter 11<br><br>Adversary Case No. 11-05107 |
| DAVID RANDALL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>CITIMORTGAGE, INC.; FEDERAL HOME LOAN MORTGAGE CORPORATION; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-150, inclusive,<br><br>Defendants. | **DECLARATION OF FEDERAL HOME LOAN MORTGAGE CORPORATION**<br><br>**Hearing:**<br>Date: October 4, 2013<br>Time: 3:00 p.m.<br>Ctrm: 3020<br>Judge: Hon. Arthur S. Weissbrodt |

I, E. Shannon Pastras, declare as follows:

1. I am employed as Associate General Counsel in the Legal Division at Federal Home Loan Mortgage Corporation ("Freddie Mac"). In this capacity, I am authorized to testify and make this declaration, which is based on my own personal knowledge of the events described herein.

2. Notwithstanding Freddie Mac's on-going objections to the scope and relevancy of Plaintiff's discovery demand, on May 23, 2013, the Court ordered Freddie Mac to file a supplemental declaration regarding its discovery efforts to search for any and all documents relating to the subject loan ("Blanket Order").

3. On June 27, 2013, I executed a declaration detailing Freddie Mac's efforts in response to the Court's Blanket Order and provided a detailed summary of the following: (1) departments within Freddie Mac identified to reasonably have information related to the subject loan; (2) the method of communication with the departments; (3) documents/information received from the departments; (4) the discovery demands that the documents/information were responsive to; (5) how the documents/information are ordinarily maintained; (6) whether the documents/information had been previously produced at that time; and (7) whether the documents/ information were being withheld at that time and the basis for withholding ("Discovery Declaration"). The attached Discovery Declaration was filed with the Court on July 1, 2013. (*See* **Exhibit A**). Freddie Mac has exercised its due diligence and complied with its obligations under the Federal Rules of Civil Procedure in responding to the Blanket Order and Plaintiff's discovery demands.

4. Pursuant to the Court's entry of the Protective Order on September 23, 2013, all documents/information reflected in the Discovery Declaration have been provided to Freddie Mac's counsel to be produced to Plaintiff.

5. In addition, Freddie Mac has complied with the Court's order issued at the September 10, 2013 hearing to produce bank records evidencing the purchase of the subject loan and/or pool of loans. Specifically, Freddie Mac produced evidence which reflects the following: (1) the settlement date; (2) the pool purchased; (3) the processed date; (4) the purchase price; (5) the Freddie Mac account from which funds were withdrawn; (6) the Citi account to which funds were sent; and (7) confirmation of wire transaction. The evidence produced is clearly responsive to the Plaintiff's discovery demands for Freddie Mac to produce evidence of consideration paid by Freddie Mac for the loan or documents evidencing the purchase of the loan by Freddie Mac or however Plaintiff wants to articulate the discovery demand. The evidence produced is maintained by Freddie Mac in the ordinary course of its business and maintained as an ordinary business record for the purposes of

memorializing the banking transactions of the sale/purchase loans such as the subject loan.

6. Plaintiff's continued demand for "bank statements" evidencing Freddie Mac's purchase of the subject loan appears, respectfully, to be conditioned by Plaintiff's understanding of the bank-customer relationship from the standpoint of an individual consumer, wherein the consumer receives a rudimentary monthly statement showing cash receipts and debits to his account whether initiated by paper checks, direct deposits, debit card payments, ATM withdrawals and the like. Plaintiff simply refuses to recognize or acknowledge that Freddie Mac is a multi-billion dollar enterprise dealing in highly complex financial transactions that are reflected in a manner and format entirely different from the financial transactions with which Plaintiff is familiar. Freddie Mac cannot be expected to alter its business records in an attempt to satisfy Plaintiff's notions of what Freddie Mac's banking records reflecting the purchase of a residential mortgage loan should look like. Freddie Mac has responded to the Blanket Order and Plaintiff's discovery demands and produced what it maintains as its ordinary business records reflecting the purchase of the subject loan and cannot be held liable for failure to satisfy Plaintiff's simplistic notion as to the physical appearance of Freddie Mac's sophisticated records.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed this ____ day of October, 2013, at McLean, VA.

E. SHANNON PASTRAS