1  David E. McAllister (SBN 185831)
   dmcallister@piteduncan.com
2  Ellen Cha (SBN 250243)
   echa@piteduncan.com
3  Matthew R. Clark III (SBN 271054)
   mclark@piteduncan.com
4  **PITE DUNCAN, LLP**
   4375 Jutland Drive, Suite 200
5  P.O. Box 17933
   San Diego, CA 92177-0933
6  Telephone: (858) 750-7600
   Facsimile: (619) 590-1385

Attorneys for *Movants/Secured Creditors*
CitiMortgage, Inc. and Federal Home Loan
Mortgage Corporation

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Case No. 10-52330<br><br>Chapter 11<br><br>**CITIMORTGAGE, INC. AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE CONVERT, CHAPTER 11 BANKRUPTCY CASE**<br><br>**Hearing**:<br>Date:   August 22, 2013<br>Time:  2:15 p.m.<br>Ctrm:  3020 |

    *Movants* CitiMortgage, Inc. ("Citi") and Federal Home Loan Mortgage Corporation ("FHLMC") (collectively, the "Movants") hereby move to dismiss or convert this case pursuant to section 1112(b) of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code"), and Rule 1017(a) of the Federal Rules of Bankruptcy Procedure. As set forth in the accompanying Memorandum of Points and Authorities (the "Memorandum"), cause exists to dismiss or convert this case because *debtor* David Randall Smith ("Debtor") has: (1) caused a loss to or diminution of the estate; (2) grossly mismanaged estate resources; (3) failed to file timely operating reports; (4) failed to timely confirm a plan; and (5) filed this case in bad faith.

| | |
|---|---|
| 1 | This motion is based on the motion, the Memorandum, the declaration and request for |
| 2 | judicial notice filed concurrently herewith, all papers, pleadings, records and files in this case, |
| 3 | and on such other and further evidence and/or argument as may be presented to the Court in |
| 4 | connection with this motion. |

Respectfully submitted

**PITE DUNCAN, LLP**

Dated: July 10, 2013

/s/ *Matthew R. Clark III*
MATTHEW R. CLARK III
Attorneys for *Movants* CitiMortgage, Inc. and
Federal Home Loan Mortgage Corporation

David E. McAllister (SBN 185831)
dmcallister@piteduncan.com
Ellen Cha (SBN 250243)
echa@piteduncan.com
Matthew R. Clark III (SBN 271054)
mclark@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Movants/Secured Creditors*
CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Case No. 10-52330<br><br>Chapter 11<br><br>**CITIMORTGAGE, INC. AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE CONVERT, CHAPTER 11 BANKRUPTCY CASE**<br><br><u>Hearing</u>:<br>Date: August 22, 2013<br>Time: 2:15 p.m.<br>Ctrm: 3020 |

*Movants* CitiMortgage, Inc. ("<u>Citi</u>") and Federal Home Loan Mortgage Corporation ("<u>FHLMC</u>") (collectively, the "<u>Movants</u>") respectfully submit the following memorandum of points and authorities in support of their Motion to Dismiss, or, in the alternative, Convert Chapter 11 Bankruptcy Case.

/./././

/././

/././

/././

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................... 1

II. FACTUAL AND PROCEDURAL SUMMARY ...................................................... 1

   A. THE LOAN ........................................................................................................ 1

   B. THE BANKRUPTCY ......................................................................................... 2

   C. THE ADVERSARY ........................................................................................... 3

III. ARGUMENT ............................................................................................................ 3

   A. DEBTOR'S BANKRUPTCY CASE SHOULD BE DISMISSED OR CONVERTED PURSUANT TO 11 U.S.C. § 1112 ........................................... 3

      1. Legal Standard ........................................................................................ 3

      2. Cause Exists to Dismiss or Convert this Case ........................................ 3

         a. *Loss to or Diminution of the Estate* ............................................ 4

         b. *Gross Mismanagement* .............................................................. 5

         c. *Failure to File Operating Reports* ............................................. 6

         d. *Failure to Comply With Court Order and Confirm a Plan* ........ 8

         e. *Bad Faith* ................................................................................... 9

   B. **CONVERSION IS IN THE BEST INTEREST OF DEBTOR'S CREDITORS** .... 10

IV. CONCLUSION ....................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alabama v. Bozeman*, 533 U.S. 146, 153 (2001) ................................................................- 3 -

*BAC Home Loans Serv., LP v. Abdelgadir (In re Abdelgadir)*, 455 B.R. 896, 898 (9th Cir. 2011). ................................................................................................................................- 5 -

*Devers v. Bank of Sheridan, Montana (In re Devers),* 759 F.2d 751, 754 (9th Cir.1985) .........- 6 -

*Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989) ................................................................- 8 -

*In re A Partners, LLC*, 344 B.R. 114, 127 (Bankr. E.D. Cal. 2006) ..........................................- 3 -

*In re Bay Area Material Handling, Inc.*, 76 F.3d 384 (9th Cir. 1996) .......................................- 8 -

*In re De Jounghe*, 334 B.R. 760, 771-72 (1st Cir. BAP 2005) ..................................................- 9 -

*In re Khan*, 2012 WL 2043074 (9th Cir. BAP 2012) ..............................................................- 10 -

*In re Labankoff*, 2010 WL 6259969 (9th Cir. BAP 2010) ........................................................- 3 -

*In re Larmar Estates, Inc.,* 6 B.R. 933, 935 (Bankr.E.D.N.Y.1980) .........................................- 9 -

*In re Lennon*, 2005 WL 6771262, at * 3 (9th Cir. BAP 2005) .................................................- 6 -

*In re Loop Corp.*, 379 F.3d 511, 515-16 (8th Cir. 2004) ...........................................................- 5 -

*In re Marsch,* 36 F.3d 825, 828 (9th Cir. 1994) ........................................................................- 9 -

*In re Orbit Petroleum*, 396 B.R. 145, 148 (Bankr.D.N.M. 2008) .............................................- 3 -

*In re Owens*, 552 F.3d 958, 961 (9th Cir. 2009) .....................................................................- 10 -

*In re Photo Promotion Assocs., Inc.,* 47 B.R. 454, 459 (S.D.N.Y.1985) ..................................- 9 -

*In re Pittsfield Weaving Co.*, 393 B.R. 271, 274 (Bankr.D.N.H. 2008) ....................................- 3 -

*In re Prod. Int'l Co.,* 395 B.R. 101, 107 (Bankr.D.Ariz.2008) ................................................- 10 -

*In re Sylmar Plaza, L.P.,* 314 F.3d 1070, 1074 (9th Cir.2002) .................................................- 9 -

*Larota-Florez v. Goldman Sachs Mortg. Co.*, 719 F.Supp.2d 636, 642 (E.D. VA 2010) ..........- 4 -

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ...................- 3 -

*Rollex Corp. v. Associated Materials, Inc.* (*In re Superior Siding & Window, Inc.*), 14 F.3d 240, 243 (4th Cir.1994) .............................................................................................................- 10 -

*Rosas v. Carnegie Mortg., LLC*, 2012 WL 1865480, at *8 (C.D.Cal. 2012) .............................- 4 -

*SNTL Corp. v. Centre Ins. Co. (In re SNTL Corp.)*, 571 F.3d 826 (9th Cir. 2009) ....................- 5 -

*Thompson v. Margen (In re McConville),* 110 F.3d 47, 50 (9th Cir.1997) ...............................- 6 -

*Woodson v. Fireman's Fund Ins. Co. (In re Woodson),* 839 F.2d 610, 614 (9th Cir.1988) ........- 6 -

*Yares v. Bear Stearns Residential Mortg. Corp.*, 2011 WL 2531090, at *6 (D. Ariz. 2011) ..... - 4 -

**STATUTES**

11 U.S.C. § 101(13) ............................................................................................................. - 6 -

11 U.S.C. § 704(a)(8) .......................................................................................................... - 7 -

11 U.S.C. § 1101(1) ............................................................................................................. - 6 -

11 U.S.C. § 1106(a) ................................................................................................. - 6 -, - 7 -

11 U.S.C. § 1107(a) ............................................................................................................. - 6 -

11 U.S.C. § 1112(b)(1) .............................................................................................. - 3 -, - 10 -

11 U.S.C. § 1112(b)(4) ......................................................................................................... - 4 -

11 U.S.C. § 1123(b)(5) ......................................................................................................... - 5 -

28 U.S.C. § 586(a)(3) ........................................................................................................... - 7 -

Cal. Comm. Code § 3602(a) ................................................................................................ - 4 -

**OTHER AUTHORITIES**

5 L. King, *Collier on Bankruptcy* ¶ 112.03[2][d] (15th ed. 1992) ..................................... - 10 -

**RULES**

LBR 2015-2(b) .................................................................................................................... - 7 -

# I. INTRODUCTION

Despite the pendency of this case for over three years, *debtor* David Randall Smith ("Debtor") is no closer to reorganizing his debts today than he was at the petition date. Rather than seeking to reorganize his debts, Debtor has used this case solely as a forum to litigate claims against Movants. While he alleges that his debt obligation to Movants has been discharged, he offers no proof that he paid the amounts owed under the debt instrument (defined below). He likewise has failed to present any legal authority to support his contention that payments from third parties satisfied his obligations. Nor can he. Simply put, Debtor owes money to Citi – the entity that qualifies as the holder of the debt instrument. This is the case even if Citi is contractually obligated to tender the payments to FHLMC. Regardless, this case involves more than just Movants' interests. Taking into account Debtor's complete lack of progress toward reorganizing, it is evident that he has no intent of doing so. This is further evidenced by the fact that Debtor has failed to file timely operating reports. For these reasons, as explained more fully herein, "cause" exists to dismiss or convert this case.

# II. FACTUAL AND PROCEDURAL SUMMARY

Throughout this case, Debtor has attempted to obfuscate the material issues in an effort to avoid his contractual obligations. Because of these efforts, the record is voluminous. For purposes of this motion, Movants will not repeat the entire factual history, the majority of which involves challenges to Movants' rights in the loan described below. Instead, this motion discusses only those facts and procedure relevant to deciding the motion.

## A. THE LOAN

On or about January 23, 2006, Debtor and his spouse, Sandra K. Smith ("Mrs. Smith") (collectively, the "Borrowers"), obtained a mortgage loan (the "Loan") from Reunion Mortgage, Inc. ("Reunion") in the original principal amount of $227,000.00, which was reflected in a promissory note (the "Note") secured by a deed of trust (the "Deed of Trust") encumbering the real property located at 23 Pine Avenue, Mount Hermon, California 95041 (the "Property"). (*See* Request for Judicial Notice ("RJN"), **Exhibit 1**, ¶ 5). The Deed of Trust was duly recorded in the Official Records of Santa Cruz, California. (*See id.*)

Through a series of transactions, FHLMC acquired the ownership rights in the Loan. (*See* RJN, **Exhibits 1**, **2**). Citi has the contractual right and responsibility to service the Loan and is in possession of the Note, through its undersigned counsel, which is indorsed and payable in blank. (*See id.*)

As a result of Borrowers' default under the Loan, in October of 2009, Citi initiated foreclosure proceedings against the Property. (*See* RJN, **Exhibit 1**, ¶ 19).

**B.     THE BANKRUPTCY**

Before Citi completed its foreclosure sale, on March 10, 2010, Debtor commenced this case by filing a voluntary petition for relief under chapter 13 of the Bankruptcy Code. (*See* RJN, **Exhibit 3**). The case was subsequently converted to a chapter 11 on February 14, 2011. (*See id.*) As of the date of this motion, Plaintiff has not obtained Court approval of a disclosure statement, much less confirmed a plan of reorganization. (*See id.*)

Debtor's sworn bankruptcy schedules reflect that he has an interest in the following real property assets: (1) the Property; (2) the real property located at 412 Mustang Mesa, Boulder Creek, CA (the "Mustang Mesa Property"); (3) an undeveloped lot located at West Park Drive, Boulder Creek, CA; and (4) 141 Carlow Court, Sunnyvale, CA. (*See* RJN, **Exhibit 3**). According to Debtor's Statement of Financial Affairs ("SOFA"), he received no income from employment or the operation of a business for the two year period preceding the filing of this case. (*See id.*) His SOFA reflects that he has operated a millwork business at the Property since 2005. (*See id.*) As for Debtor's monthly income, his *Schedule I* reflects that he has monthly net income of $1,405.00. (*See id.*)

Upon Citi's motion, the Court conditioned the continuation of the automatic stay as to the Property on Debtor's payment of monthly adequate protection payments. (*See* RJN, **Exhibit 3**). Debtor is in default of these payments.[1] (*See* Declaration of Ellen Cha ("Cha Declaration"), ¶ 6).

/./././

/./././

---

[1] Based on the Court's March 26, 2012 order, Debtor was required to tender monthly payments to Movants' counsel in the amount of $1,607.08, commencing January 20, 2012, and continuing each month thereafter. (*See* RJN, **Exhibit 3**). As of the date of this motion, Debtor has tendered only 14 of the 17 payments due under the order. (*See* Cha Declaration, ¶ 6).

-2-     CASE NO. 10-52330
**MOTION TO DISMISS CHAPTER 11 BANKRUPTCY CASE**

**C.    THE ADVERSARY**

On April 13, 2011, Debtor filed an adversary complaint against Movants wherein he challenges their right to enforce the Loan. (*See* RJN, **Exhibit 4**). The Court dismissed three of Debtor's claims and the remaining claims have yet to be resolved as of the date of this motion. (*See id.*)

### III.    ARGUMENT

**A.    DEBTOR'S BANKRUPTCY CASE SHOULD BE DISMISSED OR CONVERTED PURSUANT TO 11 U.S.C. § 1112**

**1.    Legal Standard.**

Section 1112 of the Bankruptcy Code provides, in pertinent part:

> ...on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court *shall*[2] convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes *cause*.

11 U.S.C. § 1112(b)(1)(emphasis added). A movant bears the burden of establishing by preponderance of the evidence that cause exists to convert the case from chapter 11 to chapter 7, or to dismiss the case, whichever is in the best interest of creditors and the estate. *In re Labankoff*, 2010 WL 6259969 (9th Cir. BAP 2010)(citing *In re Pittsfield Weaving Co.*, 393 B.R. 271, 274 (Bankr.D.N.H. 2008)). Once "cause" is established, the burden shifts to the party opposing conversion. *Id.* (citing *In re Orbit Petroleum*, 396 B.R. 145, 148 (Bankr.D.N.M. 2008)("Once 'cause' has been demonstrated, the Court must convert or dismiss, unless the Court specifically identifies 'unusual circumstances that establish that such relief is not in the best interest of creditors and the estate.'")).

**2.    Cause Exists to Dismiss or Convert this Case.**

Subsection (b)(4) of section 1112 sets forth a non-exclusive list of examples of cause including, among other things, "substantial or continuing loss to or diminution of the estate and

---

[2] The statute's use of the term "shall" creates an obligation impervious to judicial discretion. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998)(citation omitted); *see also In re A Partners, LLC*, 344 B.R. 114, 127 (Bankr. E.D. Cal. 2006)(citing *Alabama v. Bozeman*, 533 U.S. 146, 153 (2001)("The term 'shall' is ordinarily 'the language of command.'").

the absence of a reasonable likelihood of rehabilitation," "gross mismanagement of the estate," "failure to comply with an order of the court," "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter," and "failure to file a disclosure statement, or to file *or confirm a plan*, within the time fixed by this title or by order of the court." 11 U.S.C. § 1112(b)(4)(A)-(C), (F), (J)(emphasis added). Several of these examples are applicable in this case, as explained below.

### a. *Loss to or Diminution of the Estate*

This case has been pending for over three years, yet Debtor is no closer to reorganizing his debts today than he was at the time he filed his petition. In fact, the record reflects that Debtor may be worse off today than he was at the time he filed this case. More specifically, Debtor has expended significant estate resources to prosecute his claims against Movants. Indeed, Debtor has incurred expenses to travel across the country to gather evidence to support his claims. His challenge to Movants' right to enforce the Loan is disingenuous, at best, given the record before the Court and the fact that no other entity is asserting a competing right to payment.[3] While Debtor contends that his contractual obligations have been satisfied, he has presented no evidence or legal authority to support this argument. Simply put, Borrowers' obligations under the Note are not discharged unless and until they pay the full amount due thereunder to Citi, the holder of the Note. *See* Cal. Comm. Code § 3602(a) (providing that a promissory note is "paid to the extent payment is made by or on behalf of a party obliged to pay the instrument and to a personal entitled to enforce the instrument").[4]

Movants have likewise incurred significant expenses, in the form of attorneys' fees, to defend against Debtor's claims. (*See* Cha Declaration, ¶ 7). Pursuant to the terms of the Deed of

---

[3] Despite his certification that he had evidentiary support for all of the allegations and factual contentions in his complaint, *see* Fed. R. Bankr. P. 9011(b)(3), Debtor has attempted to delay the resolution of the adversary proceeding by claiming that Movants are withholding evidence, the relevance of which is unclear.

[4] Although not entirely clear, Debtor appears to believe that his obligations were satisfied through a credit default swap or other form of insurance. This contention is legally baseless. *See Yares v. Bear Stearns Residential Mortg. Corp.*, 2011 WL 2531090, at *6 (D. Ariz. 2011) ("To the extent a credit default swap pays money owed to a lender when a borrower defaults on a loan, the benefit does not accrue to the borrower…"); *Larota-Florez v. Goldman Sachs Mortg. Co.*, 719 F.Supp.2d 636, 642 (E.D. VA 2010) (rejecting borrowers' argument that their obligations under a promissory note were satisfied through credit default swaps or other credit enhancements); *Rosas v. Carnegie Mortg., LLC*, 2012 WL 1865480, at *8 (C.D.Cal. 2012) (citing several federal court cases rejecting the theory that a lender's receipt of funds through loan securitizations or credit default swaps satisfies a borrower's obligations under a promissory note).

-4- CASE NO. 10-52330
**MOTION TO DISMISS CHAPTER 11 BANKRUPTCY CASE**

Trust and the law in this circuit, (*see* Deed of Trust, ¶ 14), Movants are entitled to add these amounts to their claim. *See SNTL Corp. v. Centre Ins. Co. (In re SNTL Corp.)*, 571 F.3d 826 (9th Cir. 2009) (concluding that a creditor has a contingent, unliquidated unsecured claim for attorneys' fees based upon a fee provision in a prepetition contract, even if the fees are incurred post-petition). In short, Debtor's lawsuit against Movants is a costly gamble, the risk of which is being borne by creditors of the estate. Indeed, if Debtor is unsuccessful in his action against Movants, he will have wasted estate resources to prosecute the matter and, at the same time, significantly increased the balance of the Loan. This risk is heightened by the fact that Debtor is not an attorney and refuses to retain one. By virtue of the fact that the Property was Debtor's principal residence as of the petition date, Debtor cannot modify any of the amounts due on Movants' claim, including any amounts that may be added to the claim pursuant to the terms of the Deed of Trust. *See* 11 U.S.C. § 1123(b)(5); *see also BAC Home Loans Serv., LP v. Abdelgadir (In re Abdelgadir)*, 455 B.R. 896, 898 (9th Cir. 2011) (holding that "the appropriate time for determining whether property is a debtor's principal residence is the petition date").

Courts recognize that the purpose of section 1112(b) is to preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation. *See In re Loop Corp.*, 379 F.3d 511, 516 (8th Cir. 2004). This is precisely what Debtor is doing in this case. He has demonstrated that he has no legitimate interest in reorganizing and, instead, has used this case as a forum to litigate frivolous claims against one of his largest creditors. Put simply, Debtor's lawsuit against Movants has caused a diminution in the estate – both by virtue of the expenses Debtor has incurred and the reduction of any equity in the Property due to Movants' increased claim. Since Debtor has otherwise failed to demonstrate a "reasonable likelihood of rehabilitation," dismissal or conversion is appropriate under section 1112(b)(4)(A).

    b.  *Gross Mismanagement*

Debtor is a debtor-in-possession[5] of his chapter 11 estate. In this capacity, he owes fiduciary duties to his creditors and is obligated to follow the Bankruptcy Code and Federal

---

[5] The Bankruptcy Code defines a "debtor-in-possession" as the "person…concerning which a case under [the

-5-  CASE NO. 10-52330
**MOTION TO DISMISS CHAPTER 11 BANKRUPTCY CASE**

Case: 10-52330 Doc# 268 Filed: 07/11/13 Entered: 07/11/13 14:02:30 Page 11 of 17

Rules of Bankruptcy Procedure. *See* 11 U.S.C. § 1107(a); *see e.g., Thompson v. Margen (In re McConville),* 110 F.3d 47, 50 (9th Cir.1997) (stating that chapter 11 debtors in possession "were fiduciaries of their own estate owing a duty of care and loyalty to the estate's creditors"), *cert. denied,* 522 U.S. 966 (1997); *Woodson v. Fireman's Fund Ins. Co. (In re Woodson),* 839 F.2d 610, 614 (9th Cir.1988) ("As debtor in possession he is the trustee of his own estate and therefore stands in a fiduciary relationship to his creditors.") (footnote omitted); *Devers v. Bank of Sheridan, Montana (In re Devers),* 759 F.2d 751, 754 (9th Cir.1985) ("A debtor-in-possession has the duty to protect and conserve property in his possession for the benefit of creditors.").

The record in this case reflects that Debtor has failed in the exercise of his fiduciary duties. Significantly, Debtor has failed to timely file a plan of reorganization, as required under 11 U.S.C. § 1106(a). Indeed, Debtor has made virtually no progress toward reorganizing over the three years that this case has pending. Instead, Debtor has used this case to establish a forum to litigate claims against Movants. By focusing solely on his claims against Movants and not making any effort to reorganize, Debtor has essentially ignored his duties to the other creditors of this estate. Rather than preserving estate resources for the benefit of creditors, Debtor is expending them to prosecute claims against Movants. Ultimately, the creditors of Debtor's estate are being forced to assume the risk that Debtor's expenditure of estate resources to prosecute his lawsuit will be of no benefit to the estate. This is not consistent with Debtor's fiduciary duties. Nor is Debtor's inflexible intent to litigate baseless claims against Movants.[6] *See e.g., In re Lennon*, 2005 WL 6771262, at * 3 (9th Cir. BAP 2005) (noting that the "[d]ebtors' inflexible intent to arbitrate/litigate [claims], combined with their unrealistic expectations for recovery, indicates an inability to fulfill the duties of a debtor in possession."). As a consequence, this case should be dismissed pursuant to section 1112(b)(4)(B).

          *c.*    *Failure to File Operating Reports*

A debtor-in-possession is required to perform the duties of a trustee specified in section 704(a)(8) of the Bankruptcy Code, which mandates the filing of periodic operating reports and

---

Bankruptcy Code] has been commenced. *See* 11 U.S.C. §§ 101(13), 1101(1).

[6] Debtor's intent to litigate his claims against Movants is so inflexible that he has rejected settlement offers that would have reduced the amount Borrowers owe on Movants' claim by almost $70,000, a reduction that Debtor is not otherwise entitled to under the Bankruptcy Code. (*See* RJN, **Exhibit 3**, Dkt. No. 205).

-6-    CASE NO. 10-52330
**MOTION TO DISMISS CHAPTER 11 BANKRUPTCY CASE**
Case: 10-52330   Doc# 268   Filed: 07/11/13   Entered: 07/11/13 14:02:30   Page 12 of 17

summaries and such other information as the United States Trustee ("UST") or court requires if the business of the debtor is authorized to be operated. 11 U.S.C. §§ 704(a)(8), 1106(a)(1). The UST is charged with supervising the administration of chapter 11 cases, including a debtor's performance of its statutory and fiduciary responsibilities. 28 U.S.C. § 586(a)(3). To perform this role, the UST has adopted reporting requirements embodied in its guidelines, which a debtor-in-possession is required to fulfill. In this district, the UST requires a debtor-in-possession to complete monthly operating reports on a calendar monthly basis and to submit the report – along with a current bank statement – within twenty days of the close of the period covered by the report.[7] Pursuant to the Local Bankruptcy Rules (the "LBRs"), a debtor is required to file operating reports "no later than the 21st day of the month following the month to which the report pertains." *See* LBR 2015-2(b).

The record reflects that Debtor has failed to timely file almost every single one of his operating reports in this case. His filings are summarized in the following table:

| Month | Filed | Docket No. | Status |
|---|---|---|---|
| February, 2011 | 5/11/2011 | 91 | Untimely |
| March, 2011 | 5/18/2011 | 92 | Untimely/Noncompliant |
| March, 2011 (Amended) | 8/19/2011 | 114 | Untimely |
| April, 2011 | 6/20/2011 | 96 | Untimely/Noncompliant |
| April, 2011 (Amended) | 8/19/2011 | 115 | Untimely |
| May, 2011 | 6/20/2011 | 97 | Timely/Noncompliant |
| May, 2011 | 8/19/2011 | 116 | Untimely |
| June, 2011 | 8/26/2011 | 117 | Untimely |
| July, 2011 | 9/14/2011 | 123 | Untimely |
| August, 2011 | 9/29/2011 | 124 | Untimely |
| September, 2011 | 11/21/2011 | 129 | Untimely |
| October, 2011 | 11/21/2011 | 128 | Timely |
| November, 2011 | 1/17/2012 | 143 | Untimely |
| December, 2011 | 1/25/2012 | 145 | Untimely |
| January, 2012 | 3/1/2012 | 152 | Untimely |
| January, 2012 (Amended) | 3/15/2012 | 153 | Untimely |
| February, 2012 | 4/20/2012 | 157 | Untimely |
| March, 2012 | 5/18/2012 | 161 | Untimely |

---

[7] U.S. Department of Justice, Office of the United States Trustee, Northern District of California, "Monthly Operating Report Instructions (Real Estate Cases)," *available at* http://www.justice.gov/ust/r17/docs/general/nca/instructions_real_estate_case.pdf

| | | | |
|---|---|---|---|
| April, 2012 | 5/18/2012 | 160 | Timely |
| April, 2012 (Amended) | 8/16/2012 | 179 | Untimely |
| May, 2012 | 8/14/2012 | 173 | Untimely |
| June, 2012 | 8/14/2012 | 174 | Untimely |
| July, 2012 | 8/14/2012 | 175 | Timely |
| August, 2012 | 10/18/2012 | 191 | Untimely |
| September, 2012 | 11/7/2012 | 201 | Untimely |
| October, 2012 | 1/9/2013 | 225 | Untimely |
| November, 2012 | 1/9/2013 | 226 | Untimely |
| December, 2012 | 1/9/2013 | 227 | Timely |
| January, 2013 | 2/22/2013 | 232 | Untimely |
| February, 2013 | 4/15/2013 | 241 | Untimely |
| March, 2013 | 6/13/2013 | 258 | Untimely |
| April, 2013 | 6/13/2013 | 259 | Untimely |
| May, 2013 | 6/28/2013 | 262 | Untimely |

In sum, Debtor has filed a total of 34 operating reports during the pendency of this case. Of those 34 reports, only 4 have been filed in compliance with the UST guidelines and LBRs. Each of the remaining 30 reports were either untimely, noncompliant, or both. Debtor's failure to file timely operating reports constitutes "cause" to dismiss or convert this case under section 1112(b)(4)(F).

   d.   *Failure to Comply With Court Order and Confirm a Plan*

Under section 1112(b)(2), "cause exists where 'a debtor's failure to file an acceptable plan after reasonable time indicates its inability to do so[,]' regardless of the reasons for that failure. *In re Bay Area Material Handling, Inc.*, 76 F.3d 384 (9th Cir. 1996) (quoting *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989)). For over three years, Debtor has been afforded an opportunity to confirm a plan of reorganization in this case. He has failed to do so. Whether intentional or not, Debtor has instead used this case to create an injunction – through the operation of the automatic stay – for purposes of allowing him to prosecute claims against Movants. Debtor's reasons for failing to file a viable plan are irrelevant. *Hall*, 887 F.2d at 1044. Simply put, Debtor's failure to file a plan within a reasonable time in and of itself constitutes cause to dismiss this case.[8] It follows that dismissal is warranted under section 1112(b)(4)(J). *See*

---

[8] Undoubtedly, Debtor will attribute his delay in filing a disclosure statement and plan to the pending adversary proceeding against Movants. The mere pendency of the action against Movants, however, does not justify Debtor's delay, especially when considering the highly speculative nature of Debtor's claims. In fact, Debtor's successful

-8-   CASE NO. 10-52330
**MOTION TO DISMISS CHAPTER 11 BANKRUPTCY CASE**

*In re Larmar Estates, Inc.,* 6 B.R. 933, 935 (Bankr.E.D.N.Y.1980) (cause to convert or dismiss present after eight months where plan had not been filed, where there was "absolutely no movement toward the confirmation of a plan," and "[i]t [was] clear that the debtors [had] been unable to effectuate plans of reorganization."); *In re Photo Promotion Assocs., Inc.,* 47 B.R. 454, 459 (S.D.N.Y.1985) (cause to dismiss present after six months where Chapter 11 debtor had neither filed plan nor shown an ability to do so in the near future).

    *e.*    Bad Faith

In addition to the examples of "cause" enumerated in section 1112, Debtor's bad faith constitutes "cause" for dismissal or conversion. While section 1112(b) "does not explicitly require that cases be filed in 'good faith,' courts have overwhelmingly held that a lack of good faith in filing a [c]hapter 11 petition establishes cause for dismissal." *Marsch v. Marsch (In re Marsch),* 36 F.3d 825, 828 (9th Cir. 1994) (citations omitted). The determination of whether a chapter 11 case was filed in good faith "depends on an amalgam of factors and not upon a specific fact." *In re Marsch,* 36 F.3d 825, 828 (9th Cir. 1994) (citation omitted). "The test is whether a debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis." *Id.* (citation omitted). Consideration of any specific factor is unnecessary. *Id.* (citation omitted). Instead, courts may consider any factors which evidence "an intent to abuse the judicial process and the purposes of the reorganization provisions." *Id.* (citation omitted). The ultimate determination of whether a chapter 11 case was filed in good faith is "based on the totality of the circumstances." *Id. (citing In re Sylmar Plaza, L.P.,* 314 F.3d 1070, 1074 (9th Cir.2002)).

The totality of the circumstances in this case supports a finding that Debtor's petition was filed in bad faith. Indeed, it appears that Debtor's sole purpose for filing this case was to obtain the benefit of the automatic stay to enable him to retain the Property and, at the same time,

---

reorganization would have to be construed as hinging on his success in the adversary proceeding in order to justify his complete indifference to other creditors in this case. If so construed, Debtor has little likelihood of rehabilitation given the baseless nature of his claims. *See e.g., In re De Jounghe,* 334 B.R. 760, 771-72 (1st Cir. BAP 2005) (affirming bankruptcy court's dismissal of chapter 11 case on the ground that the debtors had little likelihood of rehabilitation since their reorganization hinged on highly speculative litigation). Significantly, the Court's own form chapter 11 plan includes a category for disputed claims. *See U.S. Bankruptcy Court for the Northern District of California "Combined Plan & Disclosure Statement,"* Part 7, paragraphs (b), (f). Stated differently, the Court's form plan contemplates that a plan may be confirmed while litigation is pending.

litigate frivolous claims against his primary secured creditor. For over three years now, he has used this case to deter and harass Movants without any progress toward reorganization. Put simply, Debtor has not made an attempt to effect a reorganization, much less a speedy and efficient one. Had he truly intended to reorganize his debts, he would have timely availed himself to the provisions of chapter 11 which enable debtors to restructure their debts. In short, Debtor's actions in this case evidence an intent to abuse the judicial process and purpose of chapter 11. For this reason, the case should be dismissed under section 1112.

### B. CONVERSION IS IN THE BEST INTEREST OF DEBTOR'S CREDITORS

Once a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and, (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. *In re Khan*, 2012 WL 2043074 (9th Cir. BAP 2012) (citing 11 U.S.C. § 1112(b)(1), (b)(2); *In re Prod. Int'l Co.,* 395 B.R. 101, 107 (Bankr.D.Ariz.2008)). When deciding between dismissal and conversion under section 1112(b), "the court must consider the interests of *all* of the creditors." *In re Owens*, 552 F.3d 958, 961 (9th Cir. 2009) (emphasis added)(citing *Rollex Corp. v. Associated Materials, Inc.* (*In re Superior Siding & Window, Inc.*), 14 F.3d 240, 243 (4th Cir.1994)). Ultimately, the determination between conversion and dismissal is a matter for sound judicial discretion. 5 L. King, *Collier on Bankruptcy* ¶ 112.03[2][d] (15th ed. 1992).

As far as Movants are concerned, the dismissal of this case would be in their best interest, as they stand to gain nothing in the event a chapter 7 trustee administers Debtor's assets. Put simply, Movants hold a secured claim and, thus, would not be entitled to a disbursement from the chapter 7 trustee. Nevertheless, conversion is in the best interest of Debtor's remaining creditors. Notably, Debtor's sworn bankruptcy schedules reflect that there is equity in the Mustang Mesa Property. If the case is converted to a chapter 7, the case trustee could sell the Mustang Mesa Property and use the proceeds to payoff nearly all of Debtor's unsecured claims, which total approximately $50,000. Although Movants would not share in any disbursement,

they would be entitled to look to their collateral (i.e., the Property) to satisfy their claim. This would be the case regardless of whether the case is converted or dismissed. In light of the foregoing, conversion is in the best interest of Debtor's creditors.

## IV. CONCLUSION

For the reasons set forth herein, this case should be converted or dismissed.

**WHEREFORE**, Movants respectfully request:

1. That the Court grant this motion and dismiss Debtor's case *with prejudice*;
2. Alternatively, that the Court convert this case to a chapter 7;
3. Reasonable attorneys' fees and costs; and
4. Such other relief as the Court deems just and proper.

Respectfully submitted,

**PITE DUNCAN, LLP**

Dated: July 10, 2013

/s/ *Matthew R. Clark III*
MATTHEW R. CLARK
Attorneys for *Movants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation

-11- CASE NO. 10-52330
**MOTION TO DISMISS CHAPTER 11 BANKRUPTCY CASE**