David E. McAllister (SBN 185831)
dmcallister@piteduncan.com
Ellen Cha (SBN 250243)
echa@piteduncan.com
**PITE DUNCAN, LLP**
4375 JUTLAND DRIVE, SUITE 200
P.O. BOX 17933
SAN DIEGO, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Respondents* CitiMortgage, Inc., Federal Home Loan Mortgage Corporation, Pite Duncan, LLP, Matthew Clark, and Ellen Cha

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Bankruptcy Case No. 10-52330<br><br>Chapter 11<br><br>**RESPONSE TO MOTION FOR SANCTIONS**<br><br>**Hearing**:<br>Date:   October 4, 2013<br>Time:   3:00 p.m.<br>Ctrm:   3020<br>Judge:  Hon. Arthur S. Weissbrodt |

Respondents CitiMortgage, Inc. ("Citi"), Federal Home Loan Mortgage Corporation ("Freddie Mac"), Pite Duncan, LLP, Matthew Clark and Ellen Cha (hereinafter collectively "Respondents") hereby submits their Response to Debtor's Motion for Sanctions.

## I.   INTRODUCTION

Through his motion, Debtor, David R. Smith ("Debtor") seeks the imposition of sanctions upon Respondents for willful violations of 11 U.S.C. §362. Specifically, the Debtor argues that the subpoenas issued in conjunction with the pending Motion to Dismiss or, in the alternative, Convert Chapter 11 Bankruptcy Case ("Motion to Dismiss") constitute collection efforts in violation of the automatic stay provision of the Bankruptcy Code. The Debtor also argues that Respondents

grotesquely abuse the subpoena power; such powers that are for the purposes of advancing justice and preserving scarce judicial resources. For the reasons more fully explained below, the Debtor's motion must be denied in its entirety.

## II. FACTUAL AND PROCEDURAL SUMMARY

On March 10, 2010, Debtor commenced his bankruptcy case by filing a voluntary petition for relief under chapter 13 of the Bankruptcy Code. (Bankruptcy Docket ("Dkt."), No. 1). The case was subsequently converted to a chapter 11 on February 14, 2011. (Dkt. No. 56).

Despite having enjoyed the protection of the automatic stay for over 3 years, the Debtor has failed to propose any plan of reorganization to date.

On July 3, 2013, the United States Trustee filed a Motion to Convert or Dismiss Chapter 11 Case. (Dkt. No. 263) citing to Debtor's failure to take any basic steps toward reorganization. Debtor filed his opposition to the Trustee's motion on July 22, 2013. (Dkt. No. 274).

On July 11, 2013, Citi and Freddie Mac filed their own Motion to Dismiss or, in the Alternative, Convert Chapter 11 Bankruptcy Case on grounds of gross mismanagement of finances by the Debtor and loss and diminution of the bankruptcy estate in violation of the Debtor's duties as a debtor-in-possession. (Dkt. No. 267).

On August 20, 2013, Notices of Intent to Serve Subpoena on Non-Party were filed, providing notice of subpoenas to be served on Bank of the West and Liberty Bank for the purposes of prosecuting motion to dismiss. (Dkt. Nos. 278 and 279).

On August 27, 2013, the Debtor filed the instant Motion for Sanctions. (Dkt. No. 287).

Respondents hereby submit their response.

## III. ANALYSIS

**A. RESPONDENTS' ACTIONS DO NOT CONSTITUTE WILLFUL VIOLATIONS OF THE AUTOMATIC STAY**

**1. Legal Standard**

Section 362(k) of the Bankruptcy Code provides, in pertinent part, that "an individual injured by a *willful* violation of a stay provided by this section shall recover actual damages, including costs

and attorneys' fees, and in appropriate circumstances, may recover punitive damages." *See* 11 U.S.C. § 362(k)(emphasis added). "A willful violation is satisfied if a party knew of the automatic stay, and its actions in violation of the stay were intentional." *Eskanos & Adler, P.C. v. Leetien,* 309 F.3d 1210, 1215 (9th Cir. 2002)(citing *Pinkstaff v. United States (In re Pinkstaff)*, 974 F.2d 113, 115 (9th Cir. 1992)). Once a creditor has knowledge of the bankruptcy, it is deemed to have knowledge of the automatic stay. *Ramirez v. Fuselier (In re Ramirez),* 183 B.R. 583, 589 (9th Cir. BAP 1995). Punitive damages under section 362(k) are not warranted absent some showing of reckless or callous disregard for the law or the rights of others. *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 228 (9th Cir. 1989). Debtor's motion fails in several respects.

### a. Issuance of Subpoenas In the Context of Proceedings in Bankruptcy Court Do Not Violate the Automatic Stay

The Debtor alleges that the issuance of subpoenas on non-parties is an attempt to enforce a claim of debt prohibited by Section 362(a) of the Bankruptcy Code. The filing of a bankruptcy petition operates as a stay of the activities described in Section 362(a). 11 U.S.C. §362(a). Although the plain language of this section appears to apply the stay to all proceedings, in the context of proceedings in bankruptcy court, courts have generally limited the application of the stay. *See e.g., In re Teerlink Ranch Ltd.*, 886 F.2d 1233, 1237 (9th Cir.1989) (the Ninth Circuit stated that "[t]he stay does not operate against the court with jurisdiction over the bankrupt."). Similarly, cases have held that the automatic stay implicitly does not bar a party from commencing a proceeding against the debtor in the court where the bankruptcy petition is pending. *In re American Spinning Mills, Inc.*, 43 B.R. 365, 367 (Bankr.E.D.Pa.1984); *In re Atreus Enterprises, Ltd.*, 120 B.R. 341, 346 (Bankr.S.D.N.Y.1990); *In re Washington Manufacturing Co.*, 118 B.R. 555, 561 (Bankr.M.D.Tenn.1990); *In re American Sports Innovations*, 105 B.R. 614, 617 (Bankr.W.D.Wash.1989). The claim that conducting discovery in the context of Citi and Freddie Mac's Motion to Dismiss, a proceeding specifically authorized by the Bankruptcy code, violates the automatic stay would lead to absurd results as stated by the court in *In re North Coast Village, Ltd*., 135 B.R. 641, 643 (9th Cir. B.A.P. 1992) (for example, if the automatic stay were construed to apply to all proceedings in bankruptcy, a creditor would need relief from the stay to file a proof of claim or

even a motion for relief from the stay). Accordingly, the Debtor fails to state a claim for violation of the automatic stay.

### b. Debtor Fails to Allege, Let Alone, Prove Actual Damages

Even if the Court finds that the issuance of subpoenas constitutes an act in violation of the automatic stay, the Debtor would still need to demonstrate actual damages in order to prevail on his motion. *See In re Flack*, 239 B.R. 155 (S.D. Ohio 1999). Actual damages, by definition, are "real, substantial and just damages, or the amount awarded to be complainant in compensation for his actual and real loss or injury as opposed to 'nominal' damages and 'punitive' damages." *McMillian v. F.D.I.C.*, 81 F.3d 1041, 1054 (11th Cir. 1996) (*quoting* Black's Law Dictionary (6th ed. 1991). The Debtor's motion is completely devoid of a claim that any injury has been suffered by the Debtor. At best, the Debtor argues that his banking records are protected records and the attempts to invade them are blatant acts of collection, undertaken in an attempt to enforce a claim of debt. (Motion, [page:line] 2: 23-25). Because the motion lacks any evidence that the Debtor has suffered harm as a result of the subpoenas, the Court must deny the motion.

Additionally, the Debtor fails to provide any legal authority for the contention that information sought by Respondents is protected, which would allow for the Court to determine that he has been harmed by the discovery of his bank records. On the contrary, the Ninth Circuit has failed to recognize a privilege for communications between a bank and its depositor. *See Harris v. United States*, 413 F.2d 316, 319 (9th Cir. 1969). Subsequent courts have uniformly held that the "bank depositor privilege was not recognized at common law and does not exist in the Federal Courts." *See e.g., Delozier v. First Nat'l Bank of Gatlinburg*, 109 F.R.D. 161, 163 (E.D. Tenn. 1986) (*citing United States v. Prevatt*, 526 F.2d 400, 402 (5th Cir. 1976); *Stark v. Connally*, 347 F. Supp. 1242, 1248 (N.D. Cal. 1972), *modified on other grounds*, 416 U.S. 21 (1974). Furthermore, whatever right to privacy the Debtor may have in the information sought pursuant to the subpoena is insufficient to prevent discovery of this information. The Ninth Circuit has stated that the cases hold that depositors have no rights in the records of their banks, and that the records may be subpoenaed over the objection of depositors, notwithstanding the fact that the records concern the account of the depositor. *Harris v. United States*, 413 F.2d at 318 (quotations omitted). Because the Debtor has

not and cannot demonstrate any injury as a result of the subpoenas or that he has a right protected right in his bank records, the Court must deny the motion.

### c. Punitive Damages Are Not Warranted

Debtor urges the Court to find Respondents in contempt and issue sanctions. Section 362(k) allows for, but does not mandate, an award of punitive damages and punitive damages will only be awarded if a defendant's conduct is malicious, wanton or oppressive. *See Ramirez v. Fuselier*, 183 B.R. 583, 590 (9th Cir. B.A.P. 1995). Moreover, no punitive damages should be awarded in the absence of actual damages and where there is no need for deterrence of future violations. In this case, the Debtor has provided absolutely no evidence of actual damages. Further, the actions the Debtor complains of do not constitute violations of the automatic stay factually or legally and, therefore, sanctions are not necessary to deter any purported future violations.

**B. THE DEBTOR LACKS STANDING TO BRING THE MOTION ON BEHALF OF SANDRA SMITH**

Constitutional standing, at a minimum, requires that a party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision. *Valley Forge Christian Coll. V. Am. United for Separation of Church and State*, 454 U.S. 464 (1982); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). The prudential limitations on standing comprise the other component of constitutional standing with the additional requirement that the party seeking redress assert their own rights rather than relying on the rights or interests of a third party. *Warth v. Selden*, 422 U.S. 490 (1975). Here, the Debtor attempts to seek redress for the purported violation of Sandra Smith's privacy rights. (Motion, 2:26-28). Whereas the doctrine of standing mandates that the Debtor can only seek redress for an injury to his own rights and not those of a third party, the Debtor's claims to redress any purported injury suffered by Sandra Smith must fail. Lastly, the protection of the automatic stay is limited to debtors and do not encompass non-debtors, such as Sandra Smith. *See In re Advanced Ribbons and Office Products, Inc.*, 125 B.R. 259, 263 (9th Cir. B.A.P. 1991). For all the foregoing reasons, the Debtor's motion must be denied.

- 5 -
Case No. 10-52330
**RESPONSE TO MOTION FOR SANCTIONS**
Case 10-52330 Doc# 289 Filed: 09/20/13 Entered: 09/20/13 19:14:37 Page 5 of 6

## IV. CONCLUSION

Based on all the foregoing reason, Respondents request that the Court deny the Debtor's Motion for Sanctions in its entirety.

Respectfully submitted,

Dated: September 20, 2013  **PITE DUNCAN, LLP**

/s/ *Ellen Cha*
ELLEN CHA
Attorneys for *Defendant* CitiMortgage, Inc., Federal Home Loan Mortgage Corporation, Pite Duncan, LLP, Matthew Clark, and Ellen Cha