David E. McAllister (SBN 185831)
dmcallister@piteduncan.com
Ellen Cha (SBN 250243)
echa@piteduncan.com
Matthew R. Clark III (SBN 271054)
mclark@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Movants*
CitiMortgage, Inc. and Federal Home Loan
Mortgage Corporation

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Case No. 10-52330<br><br>Chapter 11<br><br>**MOTION TO COMPEL RESPONSES TO DISCOVERY AND FOR MONETARY SANCTIONS**<br><br>**Hearing**:<br>Date: November 22, 2013<br>Time: 2:15 p.m.<br>Ctrm: 3020<br>Judge: Hon. Arthur S. Weissbrodt |

*Movants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation (collectively, the "Movants") hereby move, pursuant to Federal Rule of Civil Procedure 37,[1] for an order: (1) compelling *debtor* David Randall Smith ("Debtor") to respond to Movants' discovery requests (the "Discovery"), including their: First Set of Interrogatories and First Set of Requests for Production of Documents; and (2) requiring Debtor to pay a monetary sanction to Movants for necessitating this Motion.

/./.

/./.

---

[1] As made applicable to this case by Federal Rules of Bankruptcy Procedure 7037 and 9014.

As explained more fully in the accompanying Memorandum of Points and Authorities (the "Memorandum"), this motion is made on the grounds that Debtor has failed to timely respond to the Discovery and has been completely unresponsive to Movants' requests to confer regarding the required responses.

This motion is based on the motion, the Memorandum, and declaration filed concurrently herewith, the pleadings and papers on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

Respectfully submitted,

**PITE DUNCAN, LLP**

Dated: October 22, 2013 /s/ *Matthew R. Clark III*
MATTHEW R. CLARK III
Attorneys for *Movants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation

### CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Civil Procedure 37(a)(1),[2] the undersigned hereby certifies that he attempted in good faith to confer with Debtor in an effort to obtain the Discovery without court action.

Dated: October 22, 2013 /s/ *Matthew R. Clark III*
MATTHEW R. CLARK III
Attorneys for *Movants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation

---

[2] As made applicable to this case by Federal Rules of Bankruptcy Procedure 7037 and 9014.

David E. McAllister (SBN 185831)
dmcallister@piteduncan.com
Ellen Cha (SBN 250243)
echa@piteduncan.com
Matthew R. Clark III (SBN 271054)
mclark@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Movants*
CitiMortgage, Inc. and Federal Home Loan
Mortgage Corporation

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Case No. 10-52330<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DISCOVERY AND FOR MONETARY SANCTIONS**<br><br>**Hearing**:<br>Date: November 22, 2013<br>Time: 2:15 p.m.<br>Ctrm: 3020<br>Judge: Hon. Arthur S. Weissbrodt |

*Movants* CitiMortgage, Inc. ("Citi") and Federal Home Loan Mortgage Corporation ("FHLMC") (collectively, the "Movants") respectfully submit the following memorandum of points and authorities in support of their *Motion to Compel Responses to Discovery and for Monetary Sanctions*.

/./././

/./././

/././/

/./././

## I. INTRODUCTION

This motion is necessitated by *debtor* David R. Smith's ("Debtor") refusal to respond to Movants' discovery requests (the "Discovery"), including its: First Set of Interrogatories (the "Interrogatories") and First Set of Requests for Production of Documents (the "RPDs"). Debtor has demonstrated a complete lack of respect for the rules of this court and the Federal Rules of Civil Procedure. Put simply, he does not believe the rules apply to him. Regardless of whether Debtor chooses to recognize it, he is bound by the Federal Rules of Civil Procedure and required to respond to the Discovery. Notably, Debtor is deemed to have waived any objections to the Discovery as a result of his failure to timely respond to the Interrogatories and RPDs. Because the Discovery is otherwise proper as a matter of law, Movants are entitled to an order compelling Debtor to respond and monetary sanctions, as explained more fully herein.

## II. FACTUAL AND PROCEDURAL SUMMARY[3]

This case has a lengthy history which has been detailed fully in Movants' *Motion to Dismiss or, in the alternative, Convert Chapter 11 Bankruptcy Case* [Dkt. No. 268] (the "Motion to Dismiss"). As a result, Movants will not restate the full history herein. Instead, Movants address only the following facts and events that necessitated this motion:

On July 11, 2013, Movants filed the Motion to Dismiss wherein they requested an order dismissing or converting this case. (*See* Dkt. No. 268). The Motion to Dismiss was originally set for hearing on September 30, 2013, but was recently continued to January 24, 2014. (*See generally Docket*).

On August 21, 2013, Movants served the Interrogatories, RPDs and a First Set of Requests for Admission (the "RFAs") on Debtor via first class mail, postage prepaid. (*See* Declaration in Support of Motion to Compel Responses to Discovery and for Monetary Sanctions (the "Declaration"), ¶ 4).

/./././

/././/

---

[3] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Movants request that the Court take judicial notice of the documents and other records on file in this case, as referenced herein by Docket Number.

- 2 -   Case No. 10-52330
**MEMORANDUM OF POINTS AND AUTHORITIES**

On September 23, 2013, Debtor filed an untimely *Opposition to Motion to Dismiss or, in the alternative, Convert Chapter 11 Bankruptcy Case* (the "Opposition"). (*See* Dkt. No. 293). Despite the untimeliness of the Opposition, on September 26, 2013, Movants filed a reply in support of the Motion to Dismiss. (*See* Dkt. No. 294). Without obtaining any approval to do so, on September 27, 2013, Debtor filed a surreply, which included, as an attachment, general objections/responses to the RFAs.[4] (*See* Dkt. No. 298).

On September 27, 2013, Movants, through their undersigned counsel, sent Debtor a letter (the "Letter") through which they sought to confer regarding Debtor's failure to respond to the Discovery. (*See* Declaration, ¶ 6). Movants did not receive a response to the Letter. (*See id.*)

On October 14, 2013, Movants, through their undersigned counsel, sent Debtor a correspondence following up on the Letter and requesting that Debtor contact counsel to confer regarding his failure to respond to the Discovery. (*See* Declaration, ¶ 7).

On October 15, 2013, *fifty five days after the service of the Discovery*, Debtor filed an *Objection to Discovery Requests* (the "Objection") wherein he argues that he is not required to respond to the Discovery because Citi lacks standing to file a claim in his bankruptcy case. (*See* Dkt. No. 305).

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 33 authorizes a party to propound interrogatories and Rule 34 authorizes a party to request the production of documents. *See* Fed. R. Civ. P. 33, 34. The party responding to interrogatories or requests for production of documents must respond within 30 days of being served. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Both rules are made applicable to contested matters by the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 7033, 7034, 9014. A motion to dismiss a chapter 11 bankruptcy case is contested matter governed by Federal Rule of Bankruptcy Procedure 9014. *See* Fed. R. Bankr. P. 1017(f).

/./../

/././

---

[4] Debtor did not serve his responses to the RFAs within the time period prescribed by Federal Rule of Civil Procedure 36. As a consequence, each of the requests is deemed admitted as a matter of law. *See* Fed. R. Civ. P. 36(a)(3).

Under the Federal Rules of Civil Procedure, upon notice, a party may move for an order compelling disclosure or discovery after a good faith attempt to confer with the responding party. *See* Fed. R. Civ. P. 37(a)(1).[5] The party opposing discovery bears the burden of resisting disclosure. *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D.Cal. 1992). When a party fails to provide a timely response or objection to interrogatories or document requests, they are deemed to have waived any objections. *See Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir.1992) (finding that a party who failed to timely object to interrogatories and document production requests waived any objections); *see also* 7 James Wm. Moore, et al., *Moore's Federal Practice,* § 33.174[2], at 33–106, § 34.13[2][a], at 34–56 to 34–56.1 (3d ed. 2012). If a court grants a motion to compel, it must require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in making the motion, unless "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4)(A).

## IV.     ARGUMENT

### A.     MOVANTS ARE ENTITLED TO AN ORDER COMPELLING DEBTOR TO RESPOND TO THE DISCOVERY

#### 1.     The Discovery.

The starting point for determining whether Movants are entitled to relief under Rule 37 is the Discovery itself. As stated above, Movants served Debtor with the Discovery on August 21, 2013. By law, Debtor had until September 23, 2013, *i.e.*, 33 days from the date of service, to respond to the Discovery. *See* Fed. R. Civ. P. 34(b)(2) (providing that party must respond to requests for production within 30 days); Fed. R. Civ. P. 33(b)(2) (providing that a party must respond to interrogatories within 30 days); Fed. R. Bankr. P. 9006(f) (allowing three additional days to respond if discovery is served by mail). Debtor did not timely respond to the Discovery or request an extension of the deadline to respond. He is therefore deemed to have waived any objections to the Discovery. *See Richmark,* 959 F.2d at 1473.

/./././

/././/

---

[5] As made applicable to this case by Federal Rules of Bankruptcy Procedure 7037 and 9014.

### 2. Debtor's Untimely Objection.

Even if Debtor had timely responded to the Discovery, his objection is baseless. The gravamen of Debtor's objection to the Discovery is that Citi lacks standing to assert a claim in this case. Importantly, Debtor cannot cite to any legal authority or facts that support this contention. Plainly stated, Citi has standing to file a claim in this case. Indeed, the record reflects that Citi is a "creditor" of Debtor's bankruptcy estate because it has a right to payment from Debtor. *See* 11 U.S.C. § 101(10)(A) (defining "creditor" as "entity that has a claim against the debtor…"); 11 U.S.C. § 101(5)(A) (defining "claim" as a "right to payment"). More specifically, Citi is entitled to collect the payments owing under the promissory note at issue (the "<u>Note</u>") by virtue of its possession of the instrument, which is indorsed and payable in blank. *See* UCC § 3-301 (providing that the "holder" qualifies as the "person entitled to enforce" a negotiable instrument); UCC § 1-201(21) (defining "holder" as "the person in possession of a negotiable instrument that is payable to bearer.").[6] While FHLMC has an ownership interest in the Note, its interest does not affect Citi's qualification as the "holder" of the instrument. *See* UCC § 9-331(a) (Article 9 "does not limit the rights of a holder in due course of a negotiable instrument..."). In fact, the Court determined that Movants had established a colorable claim to enforce the note when it entered the Order re: Hearing on Debtor's Motion to Set Aside/Reconsider wherein it ordered Debtor to make adequate protection payments to Movants as a condition of not lifting the automatic stay. *See In re Johnson*, 756 F.2d 738, 740 (5th Cir. 1985); see also Dkt. No. 154.

Having established that Citi is a "creditor" of Debtor's bankruptcy estate, the merits of Debtor's objection turn on whether a "creditor" has standing to file a motion to dismiss. This determination requires an analysis of section 1112 of the Bankruptcy Code. Pursuant to section 1112(b), a court may dismiss or convert a chapter 11 case for cause on request of a *party in interest*

---

[6] By virtue of his failure to respond to the RFAs, Debtor is deemed to have admitted, among other things, that: (a) he signed the Note; (b) Citi qualifies as the "holder" of the Note, as that term is defined under Article 3 of the Uniform Commercial Code; and (c) he has no evidence to refute Movants' contention that Citi is authorized to enforce the Note. (*See* Declaration, **Exhibit A**); *see also* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection…"). Significantly, the foregoing matters are conclusively established for purposes of this case. *See* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended…"). In other words, despite Debtor's arguments to the contrary, it is conclusively established that Citi is the "holder" of the Note and authorized to enforce the instrument.

after notice and a hearing. *See* 11 U.S.C. § 1112(b). Section 1109(b) of the Bankruptcy Code defines a "party in interest" as "including…a creditor…," and expressly authorizes a party in interest to raise, appear, and be heard on any issue in a case under chapter 11. *See* 11 U.S.C. § 1109(b); *Johnston v. Jem Dev. Co. (In re Johnston)*, 149 B.R. 158, 161 (9th Cir. BAP 1992). Put simply, because Citi qualifies as a "creditor" of Debtor's bankruptcy estate, it has standing to file the Motion to Dismiss as a matter of fact and law. The fact that Debtor has challenged the validity of Citi's claim is immaterial. *See Johnston*, 149 B.R. at 161 (noting that a creditor may move for dismissal under section 1112(b) whether or not its claim has been allowed).

### 3. The Motion to Dismiss is Contested Matter.

Movants brought the Motion to Dismiss pursuant to section 1112 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1017. Rule 1017 expressly provides that a motion to dismiss under section 1112 is a contested matter that is governed by Federal Rule of Bankruptcy Procedure 9014. *See* Fed. R. Bankr. P. 1017(f)(1) ("Rule 9014 governs a proceeding to dismiss…a case, or to convert a case to another chapter…"). In turn, Rule 9014 makes Federal Rules of Bankruptcy Procedure 7026 and 7028 through 7037 applicable to contested matters. Because the Motion to Dismiss is a contested matter governed by Rule 9014, Movants were entitled to propound the Discovery on Debtor. Importantly, both the Interrogatories and RPDs seek information that is relevant to the Motion to Dismiss. Indeed, the Discovery seeks information regarding Debtor's finances and his management of this case. This information will unquestionably assist Movants in establishing that Debtor has mismanaged estate resources. If Movants' suspicions are correct, the information will also establish that Debtor has failed to disclose assets in violation of his fiduciary duties. Simply stated, Movants are entitled to the information sought in the Discovery because the information is relevant to the issues raised in the Motion to Dismiss. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). Since the Discovery is legally proper and Debtor has failed to respond, Movants are entitled to an order compelling him to do so.

/./.

/./.

### B. MOVANTS ARE ENTITLED TO RECOVER THEIR ATTORNEYS' FEES

In addition to an order compelling Debtor to respond to the Discovery, Movants are entitled to monetary sanctions. As noted above, Rule 37 mandates that the Court require the party whose conduct necessitates a motion to compel to pay the moving party's reasonable expenses incurred in making the motion. *See* Fed. R. Civ. P. 37(a)(4)(A). Applying this provision to the facts of this case, Movants are entitled to an award of their reasonable attorneys' fees and costs because Debtor's conduct necessitated this motion. Through the date of this motion, Movants have incurred attorneys' fees in the amount of $1,725.00. Movants anticipate incurring additional expenses to respond to any opposition to this motion and attend the hearing on the motion.

### V. CONCLUSION

For the foregoing reasons, Movants' motion should be granted and Debtor should be ordered to respond to the Discovery and pay a monetary sanction to Movants.

**WHEREFORE**, Movants respectfully request:

1. That the Court grant this motion and enter an order: (a) compelling Debtor to respond to the Discovery within 7 days of the entry of an order on this motion; and (b) requiring Debtor to pay Movants' reasonable attorneys' fees incurred in bringing this motion, including the amounts that Movants have incurred through the date of this motion and, subject to proof, any additional amounts incurred up to the date of the entry of the order on this motion; and

2. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**PITE DUNCAN, LLP**

Dated: October 22, 2013

/s/ *Matthew R. Clark III*
MATTHEW R. CLARK III
Attorneys for *Movants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation

# DECLARATION OF MATTHEW R. CLARK III

I, Matthew R. Clark III, declare as follows:

1. I am employed by Pite Duncan, LLP ("Pite Duncan"), attorneys for *movants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation (the "Movants"). I am a member in good standing of the State Bar of California and licensed to practice before this Court.

2. I submit this declaration in support of Movants' *Motion to Compel Responses to Discovery and for Monetary Sanctions*. The declaration is based on my own personal knowledge, information provided to me by employees and staff, and upon my review of Pite Duncan's business records.

3. I have access to and am familiar with Pite Duncan's books and records regarding this case. I am familiar with the manner in which Pite Duncan maintains its books and records. Pite Duncan's records are made at or near the time of the occurrence of the matters set forth in such records by an employee or representative with knowledge of the acts or events recorded. Such records are obtained, kept and maintained by Pite Duncan in the regular course of its business. Pite Duncan relies on such records in the ordinary course of its business.

4. On August 21, 2013, Pite Duncan served *debtor* David R. Smith ("Debtor") with Movants' First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests (the "Discovery"), via first class mail, postage prepaid. Copies of the Discovery documents are collectively attached hereto as **Exhibit A**.

5. Pite Duncan did not receive a response to the Discovery by the September 23, 2013 deadline.

6. On September 27, 2013, I sent Debtor a letter (the "Letter") through which I sought to arrange a time to confer with Debtor regarding his failure to respond to the Discovery. I did not receive a response to the Letter. A copy of the Letter is attached hereto as **Exhibit B**.

7. On October 14, 2013, I sent Debtor a correspondence following up on the Letter and requesting that Debtor contact our office to confer regarding his failure to respond to the Discovery. A copy of the follow up correspondence is attached hereto as **Exhibit C**.

/././

- 1 -  Case No. 10-52330
**DECLARATION OF MATTHEW R. CLARK IN SUPPORT OF MOTION TO COMPEL**
Case: 10-52330    Doc# 310    Filed: 10/22/13    Entered: 10/22/13 17:36:53    Page 10 of 11

8. I am familiar with the fees and charges customarily charged by attorneys in this community and the fees that Movants incurred in connection with this motion.

9. Pite Duncan's billing rates for its attorneys and paralegals were established by considering each attorney's and paralegal's experience and training and by evaluating rates generally charged by other lawyers and paralegals in the community with similar experience and education.

10. A summary of the services performed by Pite Duncan in connection with this motion, including the amount of hours worked by each attorney and paralegal, if applicable, is attached hereto as **Exhibit D**.

11. All of Pite Duncan's work was necessary to obtain responses to the Discovery.

12. Pite Duncan billed Movants at its usual customary rates, and the experience of the attorneys and legal assistants were commensurate with the rates charged by other lawyers and legal assistants in this community with comparable experience and education.

13. Under the circumstances, the fees and expenses incurred by Pite Duncan in representing Movants in this matter were reasonable and necessary, and constitute a fair value for the services provided. I declare under penalty of perjury that the foregoing is true and correct. Executed on October 22, 2013, at San Diego, California.

_____
MATTHEW R. CLARK III