1 David E. McAllister (SBN 185831)
dmcallister@piteduncan.com
2 Ellen Cha (SBN 250243)
echa@piteduncan.com
3 Matthew R. Clark III (SBN 271054)
mclark@piteduncan.com
4 **PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
5 P.O. Box 17933
San Diego, CA 92177-0933
6 Telephone: (858) 750-7600
Facsimile: (619) 590-1385
7
Attorneys for *Movants/Secured Creditors*
8 CitiMortgage, Inc. and Federal Home Loan
Mortgage Corporation
9

10 **UNITED STATES BANKRUPTCY COURT**

11 **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| 12 In re | Case No. 10-52330 |
| 13 DAVID RANDALL SMITH, | Chapter 11 |
| 14     Debtor. | **CITIMORTGAGE, INC. AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S FIRST SET OF REQUESTS FOR ADMISSION** |

17 **PROPOUNDING PARTY**: CitiMortgage, Inc. and Federal Home Loan
Mortgage Corporation

18
19 **SET NUMBER**: One

20 **RESPONDING PARTY**: David Randall Smith

21     Pursuant to Federal Rule of Civil Procedure 36,[1] *movants/secured creditors*

22 CitiMortgage, Inc. ("CMI") and Federal Home Loan Mortgage Corporation ("FHLMC")

23 (collectively, the "Movants") request that *debtor* David Randall Smith ("Debtor") respond in

24 writing, under oath, to the following requests for admissions and serve your responses on

25 Movant's undersigned counsel at the offices of Pite Duncan, LLP, 4375 Jutland Drive, Suite 200,

26 P.O. Box 17933, San Diego, CA 92177-0933, within thirty (30) days after service of these

27 requests.

28 _____
[1] As made applicable to this case by Federal Rule of Civil Procedure 7036 and Federal Rule of Bankruptcy Procedure 9014.

## INSTRUCTIONS

1.     Debtor is instructed to provide a sworn written answer or objection to each Request for Admission ("RFA") below. If an objection is made, the reasons therefore shall be stated. The answer shall specifically admit or deny the matter or set forth in detail the reasons why Debtor cannot truthfully admit or deny the matter. An answer shall fairly meet the substance of the requested admission, and when good faith requires that Debtor qualify his answer or deny only a part of the matter on which an admission is requested, Debtor shall admit so much of the RFA as is true and qualify or deny the remainder.

2.     Debtor may not give lack of information or knowledge as a reason for failure to admit or deny unless Debtor states that it has made reasonable inquiry and that the information known to or readily obtainable by Debtor is insufficient to enable him to admit or deny.

3.     If Debtor considers that a matter of which an admission has been requested presents a genuine issue for trial, it may not, on that ground alone, object to the request. Debtor must instead deny the matter or set forth reasons why he cannot admit or deny it.

4.     Whenever an RFA is stated in the conjunctive, it shall also be taken in the disjunctive, and vice versa.

5.     Whenever an RFA is stated in the singular, it shall also be taken in the plural, and vice versa.

6.     This is a continuing request for admissions. If after making your initial production you obtain or become aware of any further information responsive to this request, you are required to provide supplemental responses.

7.     **IF YOU FAIL TO ADMIT THE GENUINENESS OF ANY DOCUMENT DESCRIBED HEREIN, AND IF MOVANTS PROVE THE GENUINENESS OF THE DOCUMENT, THEY MAY APPLY TO THE COURT FOR AN ORDER REQUIRING DEBTOR TO PAY MOVANTS THE REASONABLE EXPENSES INCURRED IN MAKING THAT PROOF, INCLUDING REASONABLE ATTORNEYS' FEES.**

8.     **EACH OF THE FOLLOWING STATEMENTS AND THE GENUINENESS OF THE DESCRIBED DOCUMENTS, COPIES OF WHICH ARE ATTACHED**

Case: 10-52330   Doc# 310-1   Filed: 10/22/13   Entered: 10/22/13 17:36:53   EXHIBIT A   Page 2 of 25

**HERETO, SHALL BE DEEMED ADMITTED UNLESS APPROPRIATE ACTION IS TAKEN WITHIN 30 DAYS AFTER SERVICE OF THESE REQUESTS:**

**DEFINITIONS**

Notwithstanding the specific definitions below, each word, term, or phrase used in these requests should be given their most expansive and inclusive meaning. As used in these requests, the following terms are to be interpreted in accordance with the following definitions:

1.  **"All"** includes "any and all" and "each and every."

2.  **"Adversary"** refers to the adversary proceeding Debtor filed against CMI and FHLMC, entitled *Smith v. CitiMortgage, et al.*, Case No. 11-5107 (Bankr. N.D.Cal.).

3.  **"And"** and **"or"** are to be construed both conjunctively and disjunctively, as necessary to give each request its broadest possible meaning.

4.  **"Bankruptcy"** refers to the above-captioned bankruptcy case, *In re Smith*, Case No. 10-52330 (Bankr. N.D.Cal.), which is currently pending before the U.S. Bankruptcy Court for the Northern District of California.

5.  **"CMI"** refers to CitiMortgage, Inc.

6.  **"CMI Loan"** refers to the following:

    a.  That certain promissory note signed by Debtor and Sandra K. Smith on or about January 23, 2006, in the original principal sum of $227,000.00, the original copy of which was presented to Debtor for inspection at Pite Duncan, LLP's San Diego Office's; and

    b.  That certain deed of trust signed by Debtor and Sandra K. Smith on or about January 23, 2006, which encumbers the real property located at 23 Pine Avenue, Mount Hermon, California 95041, the original copy of which was presented to Debtor for inspection at Pite Duncan, LLP's San Diego Office.

7.  **"Debtor," "you,"** or **"your"** refers to David Randall Smith. The term also includes any of Debtor's agents or representatives, or anyone else acting, or who has acted, on its behalf.

/././

/././

Case: 10-52330    Doc# 310-1    Filed: 10/22/13    Entered: 10/22/13 17:36:53    EXHIBIT A    Page 3 of 25

8. **"Deed of trust"** refers to that certain deed of trust signed by Debtor and Sandra K. Smith on or about January 23, 2006, which encumbers the real property located at 23 Pine Avenue, Mount Hermon, California 95041, the original copy of which was presented to Debtor for inspection at Pite Duncan, LLP's San Diego Office.

9. **"FHLMC"** refers to Federal Home Loan Mortgage Corporation.

10. **"Motion to Dismiss"** refers to Movants' Motion to Dismiss or, in the alternative, Convert, Chapter 11 Bankruptcy Case filed in this case on July 11, 2013, as *Docket No. 268*.

11. **"Movants"** refers to CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation.

12. **"Mrs. Smith"** refers to Sandra K. Smith, the spouse of Debtor.

13. **"Note"** refers to that certain Promissory Note signed by Debtor and Susan K. Smith on or about January 23, 2006, in the original principal sum of $227,000.00, the original copy of which was presented to Debtor for inspection at Pite Duncan, LLP's San Diego Office.

14. **"Person"** or **"Persons"** means any natural or artificial person, including business entities and other legal entities.

15. **"Petition date"** means March 10, 2010.

16. **"Property"** refers to that certain real property commonly described as 23 Pine Avenue, Mount Hermon, California 95041.

17. **"Reunion"** refers to Reunion Mortgage, Inc.

## FIRST SET OF REQUESTS FOR ADMISSION

**Request for Admission No. 1**: Admit that the document attached hereto as *Exhibit A* is a true and correct copy of the **NOTE**.

ADMIT _____     DENY _____

**Request for Admission No. 2**: Admit that the document attached hereto as *Exhibit B* is a true and correct copy of the **DEED OF TRUST**.

ADMIT _____     DENY _____

**Request for Admission No. 3**: Admit that **REUNION** loaned **YOU AND MRS. SMITH** $227,000.00 in January of 2006.

ADMIT _____     DENY _____

Case: 10-52330    Doc# 310-1    Filed: 10/22/13    Entered: 10/22/13 17:36:53    Exhibit A    Page 4 of 25

**Request for Admission No. 4**: Admit that **YOU** promised to repay to **REUNION** the $227,000.00 loan referenced in Request for Admission No. 3, together with finance charges on the unpaid principal.

ADMIT _____     DENY _____

**Request for Admission No. 5**: Admit that **YOU** signed the **NOTE**.

ADMIT _____     DENY _____

**Request for Admission No. 6**: Admit that **YOU** signed the **DEED OF TRUST**.

ADMIT _____     DENY _____

**Request for Admission No. 7**: Admit that **MRS. SMITH** signed the **NOTE**.

ADMIT _____     DENY _____

**Request for Admission No. 8**: Admit that **MRS. SMITH** signed the **DEED OF TRUST**.

ADMIT _____     DENY _____

**Request for Admission No. 9**: Admit that **YOU** have not repaid **ALL** amounts due under the **NOTE**.

ADMIT _____     DENY _____

**Request for Admission No. 10**: Admit that **MRS. SMITH** has not repaid **ALL** amounts due under the **NOTE**.

ADMIT _____     DENY _____

**Request for Admission No. 11**: Admit that no **PERSON** other than **CMI** has demanded payments from **YOU** under the **NOTE** since March of 2006.

ADMIT _____     DENY _____

**Request for Admission No. 12**: Admit that **YOU** have not filed timely operating reports in the **BANKRUPTCY**.

ADMIT _____     DENY _____

**Request for Admission No. 13**: Admit that **YOU** had no intention to reorganize your debts when you filed the **BANKRUPTCY**.

ADMIT _____     DENY _____

**Request for Admission No. 14**: Admit that **YOUR** successful reorganization is dependent on the success of **YOUR** claims against **MOVANTS** in the **ADVERSARY**.

ADMIT _____     DENY _____

CASE NO. 10-52330

**REQUESTS FOR ADMISSION (SET ONE)**

**Request for Admission No. 15**: Admit that **YOU** have no evidence to support **YOUR** claims in the **ADVERSARY**.

      ADMIT _____     DENY _____

**Request for Admission No. 16**: Admit that **YOU** have no defense to **CMI's** enforcement of the **CMI LOAN**.

      ADMIT _____     DENY _____

**Request for Admission No. 17**: Admit that **CMI** qualifies as the "holder," as that term is defined under Article 3 of the Uniform Commercial Code, of the **NOTE**.

      ADMIT _____     DENY _____

**Request for Admission No. 18**: Admit that **YOU** have no formal legal training.

      ADMIT _____     DENY _____

**Request for Admission No. 19**: Admit that **YOU** are not a licensed attorney.

      ADMIT _____     DENY _____

**Request for Admission No. 20**: Admit that **YOU** are receiving advice in the **ADVERSARY** from an attorney.

      ADMIT _____     DENY _____

**Request for Admission No. 21**: Admit that **YOU** are receiving advice in the **BANKRUPTCY** from an attorney.

      ADMIT _____     DENY _____

**Request for Admission No. 22**: Admit that **YOU** are in default under the **CMI LOAN.**

      ADMIT _____     DENY _____

**Request for Admission No. 23**: Admit that **YOU** have no evidence to refute **MOVANTS'** contention in the **MOTION TO DISMISS** that **YOU** signed the **NOTE**.

      ADMIT _____     DENY _____

**Request for Admission No. 24**: Admit that **YOU** have no evidence to refute **MOVANTS'** contention in the **MOTION TO DISMISS** that **YOU** signed the **DEED OF TRUST**.

      ADMIT _____     DENY _____

**Request for Admission No. 25**: Admit that **YOU** have no evidence to refute **MOVANTS'** contention in the **MOTION TO DISMISS** that **CMI** is authorized to enforce the **NOTE**.

      ADMIT _____     DENY _____

1 **Request for Admission No. 26**: Admit that **YOU** have no evidence to refute **MOVANTS'** contention in the **MOTION TO DISMISS** that **YOU** have made no progress toward reorganizing your debts in the **BANKRUPTCY**.

2

3      ADMIT _____     DENY _____

4 **Request for Admission No. 27**: Admit that **YOU** reside at 1105 Pinecrest Drive, Boulder Creek, CA 95006.

5

6      ADMIT _____     DENY _____

**Request for Admission No. 28**: Admit that **MRS. SMITH** resides at 1105 Pinecrest Drive, Boulder Creek, CA 95006.

7

8      ADMIT _____     DENY _____

9 **Request for Admission No. 29**: Admit that **YOU** are a tenant of the real property located at 1105 Pinecrest Drive, Boulder Creek, CA 95006 pursuant to a lease agreement.

10

11      ADMIT _____     DENY _____

**Request for Admission No. 30**: Admit that **YOU** have not disclosed all of **YOUR** monthly expenses on **YOUR** operating reports in the **BANKRUPTCY**.

12

13      ADMIT _____     DENY _____

14 **Request for Admission No. 31**: Admit that **YOU** operate a business at the **PROPERTY**.

15      ADMIT _____     DENY _____

16                         Respectfully submitted,

17                         **PITE DUNCAN, LLP**

18 Dated: August 21, 2013           */s/ Matthew R. Clark III* _____
                                MATTHEW R. CLARK

19                              Attorneys for *Movants/Secured Creditors*
                             CitiMortgage, Inc. and Federal Home Loan

20                              Mortgage Corporation

21

22

23

24

25

26

27

28

**REQUESTS FOR ADMISSION (SET ONE)**

EXHIBIT A

1  David E. McAllister (SBN 185831)
   dmcallister@piteduncan.com
2  Ellen Cha (SBN 250243)
   echa@piteduncan.com
3  Matthew R. Clark III (SBN 271054)
   mclark@piteduncan.com
4  **PITE DUNCAN, LLP**
   4375 Jutland Drive, Suite 200
5  P.O. Box 17933
   San Diego, CA 92177-0933
6  Telephone: (858) 750-7600
   Facsimile: (619) 590-1385
7
8  Attorneys for *Movants/Secured Creditors*
   CitiMortgage, Inc. and Federal Home Loan
9  Mortgage Corporation

10              **UNITED STATES BANKRUPTCY COURT**

11        **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

12  In re                          | Case No. 10-52330
13  DAVID RANDALL SMITH,           | Chapter 11
14          Debtor.                | **CITIMORTGAGE, INC. AND
                                   | FEDERAL HOME LOAN MORTGAGE
15                                 | CORPORATION'S FIRST SET OF
                                   | REQUESTS FOR PRODUCTION OF
16                                 | DOCUMENTS**

17      **PROPOUNDING PARTY**: CitiMortgage, Inc. and Federal Home Loan
                                Mortgage Corporation
18
19      **SET NUMBER**: One

20      **RESPONDING PARTY**: David Randall Smith

21          Pursuant to Federal Rule of Civil Procedure 34,[1] *movants/secured creditors*

22  CitiMortgage, Inc. ("CMI") and Federal Home Loan Mortgage Corporation ("FHLMC")

23  (collectively, the "Movants") request that *debtor* David Randall Smith ("Debtor") produce and

24  permit Movants to inspect and copy or cause to be copied the documents specified below. Debtor

25  shall make such production within thirty (30) days after service of these requests at the offices of

26  Pite Duncan, LLP, 4375 Jutland Drive, Suite 200, P.O. Box 17933, San Diego, CA 92177-0933,

27  or such other place as mutually agreed upon by the parties.

28  ---
   [1] As made applicable to this case by Federal Rule of Civil Procedure 7034 and Federal Rule of Bankruptcy
   Procedure 9014.

## **INSTRUCTIONS**

1.    Unless otherwise noted, this set of demands requires the production of documents or tangible things that were prepared, created, written, sent, dated or received at any time up to the date of service of your response to these demands.

2.    In producing documents or tangible things pursuant to these demands, please identify the following:

a.    The paragraphs, paragraph or subparts of the demand to which each document or tangible thing corresponds;

b.    The location from which the document or tangible thing was produced, including address, file, drawer, or cabinet name and number.

3.    If you withhold any document or tangible things under a claim of privilege, please furnish with your response to these demands the information required by Federal Rule of Civil Procedure 26(b)(5), including a description of the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

4.    In the event that any requested document and tangible thing can be obtained from a computer or any other electronic media, such information should be printed out and provided, as well as provided on the media on which the information and programs that access it are stored are produced.

5.    If you cannot answer a request for production of documents in full, after exercising due diligence to secure the full information or knowledge you have concerning the request for production of documents, so state and answer the remaining portion stating whatever knowledge or information you have concerning the remaining portion, and detailing your attempt to secure the unknown information.

## **DEFINITIONS**

Notwithstanding the specific definitions below, each word, term, or phrase used in these requests should be given their most expansive and inclusive meaning. As used in these requests, the following terms are to be interpreted in accordance with the following definitions:

Case: 10-52330    Doc# 310-1    Filed: 10/22/13    Entered: 10/22/13 17:36:53    EXHIBIT A    Page 9 of 25

1.      **"Adversary"** refers to the adversary proceeding Debtor filed against CMI and FHLMC, entitled *Smith v. CitiMortgage, et al.*, Case No. 11-5107 (Bankr. N.D.Cal.).

2.      **"All"** includes "any and all" and "each and every."

3.      **"All documents"** means every document within a stated category that is within your possession, custody or control, or which can be designated or located through the use of reasonable diligence. A document is considered to be within your possession, custody or control if you have the ability to require production of the document from someone else, whether because of stock ownership, an employment relationship, a contract, or otherwise.

4.      **"And"** and **"or"** are to be construed both conjunctively and disjunctively, as necessary to give each request its broadest possible meaning.

5.      **"Bankruptcy"** refers to the above-captioned bankruptcy case, *In re Smith*, Case No. 10-52330 (Bankr. N.D.Cal.), which is currently pending before the U.S. Bankruptcy Court for the Northern District of California.

6.      **"CMI Loan"** refers to the following:

    a.      That certain promissory note signed by Debtor and Sandra K. Smith on or about January 23, 2006.

    b.      That certain deed of trust signed by Debtor and Sandra K. Smith on or about January 23, 2006, which encumbers the real property located at 23 Pine Avenue, Mount Hermon, California 95041.

7.      **"CMI"** refers to CitiMortgage, Inc.

8.      **"Communications"** means any transfer of information, ideas, opinions or thoughts by any means, written, electronically, orally or otherwise, at any time or place under any circumstances and is not limited to transfers between persons and/or entities but includes other transfers, such as e-mails, instant messages, records and memoranda to file, any written letter, memorandum, or other document which was sent by one or more individuals and/or entities to another or others; any document memorializing or reflecting a telephone call between one or more individual and another or others; and any document memorializing a conversation or meeting between one or more individuals and another.

**REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)**

9. **"Creditors"** refers to all creditors identified by Debtor in this case pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, regardless of whether Debtor identifies such creditor's claim as contingent, unliquidated, or disputed.

10. **"Debtor**," **"you**," or **"your"** refers to David Randall Smith. The term also includes any of Debtor's agents or representatives, or anyone else acting, or who has acted, on its behalf.

11. **"Document"** or **"documents"** is to be construed broadly to include the recordation of information in any form. The terms include without limitation any letters, correspondence, telegrams, memoranda, records, books of account, ledgers, accounts, balance sheets, checks, canceled checks, check books, deposit slips, bank statements, certificates of deposit, records of money market accounts, records of checking accounts, records of savings accounts, journals, minutes, contracts, records of telephone or personal conversations or conferences, interoffice communications, microfilm, electronically stored information, audio or video tape recordings or other recordings, computer disks or other software, e-mails or other electronic records, reports, analyses, work sheets, vouchers, newspaper clippings, desk calendars, appointment books, diaries, telephone toll records, travel vouchers, receipts for travel, hotel and air fare invoices, and all writings or other recordings of any nature. Where originals are not available, copies of such documents must be produced.

12. **"FHLMC"** refers to Federal Home Loan Mortgage Corporation.

13. **"Interrogatories"** refers to the First Set of Interrogatories to Debtor David Randall Smith served concurrently with these requests.

14. **"Motion to Dismiss"** refers to Movants' Motion to Dismiss or, in the alternative, Convert, Chapter 11 Bankruptcy Case filed in this case on July 11, 2013, as *Docket No. 268.*

15. **"Movants"** refers to CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation.

16. **"Mrs. Smith"** refers to Sandra K. Smith, the spouse of Debtor.

17. **"Person"** or **"Persons"** means any natural or artificial person, including business entities and other legal entities.

CASE NO. 10-52330

**REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)**

18. **"Petition date"** means March 10, 2010.

19. **"Property"** refers to that certain real property commonly described as 23 Pine Avenue, Mount Hermon, California 95041.

20. **"Relating to," "relate to," "related to,"** and **"relates to"** means in any way concerning, containing, describing, constituting, referring to, evidencing, mentioning, reflecting, identifying, refuting, contradicting, supporting, connected with or in any way pertaining to the subject, in whole or in part.

21. **"Referring to"** means constituting, containing, consisting of, comprising, embodying, summarizing, mentioning, memorializing, discussing, showing, commencing upon, or describing.

22. **"Schedules"** refers to the sworn bankruptcy schedules, including any amendments thereto, and all other information Debtor filed in this case in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*.

23. **"Specified date"** means January 1, 2006.

## REQUESTS FOR PRODUCTION

1. **ALL DOCUMENTS** that contain **OR** otherwise **RELATE TO** the facts **OR** information that **YOU** contend refutes, in any way, the allegations contained in the **MOTION TO DISMISS**.

2. **ALL DOCUMENTS** that contain **OR** otherwise **RELATE TO** the facts **OR** information that **YOU** contend supports, in any way, the allegations **YOU** made in the **ADVERSARY**.

3. **ALL DOCUMENTS RELATING TO** the **CMI LOAN**.

4. **ALL DOCUMENTS** referred to, relied upon, consulted **OR** used in any way in **YOUR** answers to the **INTERROGATORIES**.

5. **ALL DOCUMENTS**, exhibits, physical items, **AND** other demonstrative evidence which **YOU** may **OR** will use **OR** introduce at the hearing on any **AND ALL** matters pending herein.

6. **ALL DOCUMENTS** referred to, relied upon, consulted **OR** used in any way in preparing **YOUR SCHEDULES**.

7. **ALL DOCUMENTS RELATING TO** any payments **YOU** claim to have made to CMI under the **CMI LOAN**.

8. **ALL** reports, including drafts, submitted by any expert witness **OR** potential expert witness, **OR** other professional, retained **OR** consulted by **YOU** with respect to the issues raised in the **MOTION TO DISMISS**.

-5-

9. **ALL DOCUMENTS** related to **ALL** sources of **YOUR** income, including interest, dividends, **AND** rental income, from any **AND ALL** sources whatsoever, from the **PETITION DATE** to the present.

10. **ALL** lease agreements for the **PROPERTY** since the **SPECIFIED DATE**.

11. **ALL** lease agreements for the real property located at 1105 Pinecrest Drive, Boulder Creek, CA 95006 from the **SPECIFIED DATE** to the present.

12. Copies of **ALL** of **YOUR** federal **AND** state tax returns, together with **ALL** schedules **AND** work sheets, including W-2 forms, 1099s, 1098s, **AND** other tax reporting forms, for the tax years 2005 through **AND** including 2012. If tax returns have not been filed, please produce **ALL DOCUMENTS** which will be used to prepare such tax returns, including, but not limited to, tax reporting forms requested herein.

13. Copies of **ALL** cancelled checks written by **YOU** or on **YOUR** behalf in connection with the **CMI LOAN**.

14. Copies of **ALL** cancelled checks written by **YOU** or on **YOUR** behalf in connection with any payments **YOU** made to **CREDITORS** since the **PETITION DATE**.

15. Copies of **YOUR** paycheck stubs **AND** other such similar statements from **YOUR** employer, **OR** if **YOU** are self-employed, a statement signed by **YOU**, showing **ALL** wages, salaries, bonuses, commissions, earnings, income, payroll deductions, other deductions of any kind, from the **SPECIFIED DATE** to the present.

16. **ALL DOCUMENTS** relating to any checking accounts held in **YOUR** name individually, with another, as trustee **OR** as guardian, **OR** in which you have an interest, including all personal, partnership, corporate, **OR** other legal entity accounts, including sole proprietorships, on which you have signatory privileges or in which you have **OR** had an interest from the **SPECIFIED DATE** to the present.

17. Copies of **ALL** financial statements **OR** records containing financial information of any nature which have been submitted by **YOU** to banks, lending institutions, **OR** to any **PERSON OR** entities, in connection with **YOUR** application for credit **OR** loans from the **SPECIFIED DATE** to the present.

18. **ALL DOCUMENTS RELATING TO** any personal **AND** real property in which **YOU** have an interest, beneficial **OR** otherwise.

19. **ALL** check registers, cancelled checks, deposit slips, bank statements, passbooks, **AND** certificates of deposit relating to **ALL** accounts in **YOUR** name alone **OR** with another, including **MRS. SMITH**, **OR** under **YOUR** control, in **ALL** banking, savings **AND** loan, **OR** other financial institutions, for the years commencing January 1, 2006, to the present date.

20. **ALL** financial statements prepared by **YOU OR** on **YOUR** behalf for any date **OR** period from the **SPECIFIED DATE** to the present date.

21. **ALL** stocks, bonds, **AND** securities in which **YOU** claim any interest, **AND** any books of account that reflect **AND** show **ALL** stocks, bonds, **AND** securities that **YOU** have owned from the **SPECIFIED DATE** through the present.

REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

22.     **ALL DOCUMENTS** (including, but not limited to, informational booklets, amendments, **AND** statements) **RELATING TO ALL** pension **OR** profit-sharing plans in which **YOU** have an interest from the **SPECIFIED DATE** to the present.

23.     **ALL DOCUMENTATION** regarding loans **OR** gifts of monies received by **YOU** from any source from the **SPECIFIED DATE** to the present date.

24.     **ALL DOCUMENTS** (including, but not limited to, promissory notes) relating to any loans made to **YOU OR** by **YOU** from the **SPECIFIED DATE** to the present.

25.     **ALL** gift tax returns filed from the **SPECIFIED DATE** through the present, reflecting any gifts by **YOU OR** to **YOU**.

26.     **ALL** calendars, appointment books **AND** date books on which **YOU** have maintained a record of **YOUR** activities **AND** appointments from the **PETITION DATE** to the present.

27.     **ALL DOCUMENTS RELATING TO** the balances, from the **SPECIFIED DATE** to the present, of **YOUR** outstanding obligations, either separate **OR** joint, including, but not limited to, mortgages, conditional sales, contract obligations, promissory notes, **AND** charge accounts, including accounts which **YOU** dispute.

28.     **ALL DOCUMENTS** pertaining to trust agreements **OR** interests in which **YOU** are either the trustor, trustee, **OR** beneficiary from the **SPECIFIED DATE** to the present.

29.     **ALL** loan applications filled out by **YOU**, for **YOU, OR** on **YOUR** behalf from the **SPECIFIED DATE** to the present.

30.     **ALL DOCUMENTS RELATING TO** any expenses **YOU** have incurred from the **PETITION DATE** to the present.

31.     **ALL DOCUMENTS RELATING TO** any expenses **MRS. SMITH** has incurred from the **PETITION DATE** to the present.

32.     Copies of **ALL** partnership agreements for Portamill **AND** filings made with the Secretary of State for the State of California on behalf of Portamill.

33.     Copies of **ALL** of Portamill's federal **AND** state tax returns, **AND** profit **AND** loss statements for the tax years 2005 through and including 2012. If tax returns have not been filed, please produce **ALL DOCUMENTS** which will be used to prepare such tax returns.

34.     Copies of **ALL** of Portamill's double entry balance sheets **OR** ledgers from the **SPECIFIED DATE** to the present.

Respectfully submitted,

**PITE DUNCAN, LLP**

Dated: August 21, 2013        /s/ *Matthew R. Clark III*
                                        MATTHEW R. CLARK
                                        Attorneys for *Movants/Secured Creditors*
                                        CitiMortgage, Inc. and Federal Home Loan
                                        Mortgage Corporation

-7-                                    Case No. 10-52330

REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

1  David E. McAllister (SBN 185831)
   dmcallister@piteduncan.com
2  Ellen Cha (SBN 250243)
   echa@piteduncan.com
3  Matthew R. Clark III (SBN 271054)
   mclark@piteduncan.com
4  **PITE DUNCAN, LLP**
   4375 Jutland Drive, Suite 200
5  P.O. Box 17933
   San Diego, CA 92177-0933
6  Telephone: (858) 750-7600
   Facsimile: (619) 590-1385
7
   Attorneys for *Movants/Secured Creditors*
8  CitiMortgage, Inc. and Federal Home Loan
   Mortgage Corporation

9

**UNITED STATES BANKRUPTCY COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

11

| | |
|---|---|
| In re | Case No. 10-52330 |
| DAVID RANDALL SMITH, | Chapter 11 |
| Debtor. | **CITIMORTGAGE, INC. AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S FIRST SET OF INTERROGATORIES** |

12

13

14

15

16

17     **PROPOUNDING PARTY**: CitiMortgage, Inc. and Federal Home Loan
                              Mortgage Corporation

18

19     **SET NUMBER**: One

20     **RESPONDING PARTY**: David Randall Smith

21        Pursuant to Federal Rule of Civil Procedure 33,[1] *movants/secured creditors*

22  CitiMortgage, Inc. ("CMI") and Federal Home Loan Mortgage Corporation ("FHLMC")

23  (collectively, the "Movants") request that *debtor* David Randall Smith ("Debtor") answer

24  separately and fully in writing, under oath, each of the following interrogatories and serve the

25  answers on U.S. Bank's undersigned counsel at the offices of Pite Duncan, LLP, 4375 Jutland

26  Drive, Suite 200, P.O. Box 17933, San Diego, CA 92177-0933, within thirty (30) days after

27  service of these interrogatories.

28
---
[1] As made applicable to this case by Federal Rule of Civil Procedure 7033 and Federal Rule of Bankruptcy
Procedure 9014.

Case: 10-52330    Doc# 310-1    Filed: 10/22/13    Entered: 10/22/13 17:36:53    Page 15
of 25

# INSTRUCTIONS

1. Each interrogatory is to be answered separately, in writing, and as fully as possible. State the name of the person answering that interrogatory, whether information furnished is within the personal knowledge of that person and, if not, the name of the person assisting in the preparation of, or furnishing of, information used in the answer to that interrogatory, and the name of the person to whom such information is a matter of personal knowledge.

2. In answering these interrogatories, furnish all information, however obtained, including hearsay which is available to you and information known by or in possession of yourself, your agents and your attorneys, or appearing in your records.

3. Answers to interrogatories must contain all information known by, available to, or otherwise in the possession of the responding party.

4. If you cannot answer the following interrogatories in full after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

5. A question that seeks information contained in or information about or identification of any documents may be answered by providing a copy of such document for inspection and copying or by furnishing a copy of such a document without a request for production.

6. These interrogatories shall be deemed to be continuing until and during the course of trial. Information sought by these interrogatories that you obtain after you serve your answers must be disclosed by supplementary answers.

7. The omission of any name, fact, or other item of information from the answers shall be deemed a representation that such name, fact or item is not known to you or your counsel at the time of the service of your answer to the interrogatory.

/././

8.     To the extent that you believe that an interrogatory is objectionable, answer so much of the interrogatory as, in your view, is not objectionable and separately state the portion of each interrogatory to which you object and the grounds for your objection.

9.     To the extent that you believe that an interrogatory calls for information subject to a privilege, answer so much of each interrogatory that, in your view, is not privileged and separately set forth in a log:

       a.   the grounds upon which you believe the document is privileged;

       b.   whether the document has been withheld or redacted;

       c.   the date of the document or communication;

       d.   the author(s) of the document or the person(s) who participated in the communication;

       e.   the recipient(s) of the document or the person(s) who received the communication;

       f.   the title of the document;

       g.   the type of document (e.g., e-mail, fax, letter, agreement, etc.);

       h.   the subject of the document or communication, except to the extent that you claim that the subject itself is privileged;

       i.   the number of pages in the document; and

       j.   the specific request, or requests, to which the document is responsive.

10.     To the extent that you believe any interrogatory is ambiguous, your answer should set forth the matter deemed ambiguous and the construction used in responding. When interpreting these interrogatories words in the singular also include their plural. Words used in the plural also include their singular.

## DEFINITIONS

Notwithstanding the specific definitions below, each word, term, or phrase used in these interrogatories should be given their most expansive and inclusive meaning. As used in these interrogatories, the following terms are to be interpreted in accordance with the following definitions:

1      1.     **"All"** includes "any and all" and "each and every."

2      2.     **"All documents"** means every document within a stated category that is within

3 your possession, custody or control, or which can be designated or located through the use of

4 reasonable diligence. A document is considered to be within your possession, custody or control

5 if you have the ability to require production of the document from someone else, whether

6 because of stock ownership, an employment relationship, a contract, or otherwise.

7      3.     **"Adversary"** refers to the adversary proceeding Debtor filed against CMI and

8 FHLMC, entitled *Smith v. CitiMortgage, et al.*, Case No. 11-5107 (Bankr. N.D.Cal.).

9      4.     **"And"** and **"or"** are to be construed both conjunctively and disjunctively, as

10 necessary to give each request its broadest possible meaning.

11     5.     **"Bankruptcy"** refers to the above-captioned bankruptcy case, *In re Smith*, Case

12 No. 10-52330 (Bankr. N.D.Cal.), which is currently pending before the U.S. Bankruptcy Court

13 for the Northern District of California.

14     6.     **"Claim"** refers to all creditor claims listed in Debtor's sworn bankruptcy

15 schedules in this case and all claims appearing on the claims register for this case, regardless of

16 whether Debtor disputes them.

17     7.     **"Citi Loan"** refers to the following:

18          a.     That certain promissory note signed by Debtor and Sandra K. Smith on or

19 about January 23, 2006, in the original principal sum of $227,000.00.

20          b.     That certain deed of trust signed by Debtor and Sandra K. Smith on or

21 about January 23, 2006, which encumbers the real property located at 23 Pine Avenue, Mount

22 Hermon, California 95041.

23     8.     **"CMI"** refers to CitiMortgage, Inc.

24     9.     **"Communications"** means any transfer of information, ideas, opinions or

25 thoughts by any means, written, electronically, orally or otherwise, at any time or place under

26 any circumstances and is not limited to transfers between persons and/or entities but includes

27 other transfers, such as e-mails, instant messages, records and memoranda to file, any written

28 letter, memorandum, or other document which was sent by one or more individuals and/or

Case: 10-52330    Doc# 310-1    Filed: 10/22/13    Entered: 10/22/13 17:36:53    EXHIBIT A Page 18 of 25

entities to another or others; any document memorializing or reflecting a telephone call between one or more individual and another or others; and any document memorializing a conversation or meeting between one or more individuals and another.

10. **"Creditors"** refers to all creditors identified by Debtor in this case pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*., regardless of whether Debtor identifies such creditor's claim as contingent, unliquidated, or disputed.

11. **"Debtor,"** **"you,"** or **"your"** refers to David Randall Smith. The term also includes any of Debtor's agents or representatives, or anyone else acting, or who has acted, on its behalf.

12. **"Deed of trust"** refers to that certain deed of trust signed by Debtor and Sandra K. Smith on or about January 23, 2006, which encumbers the real property located at 23 Pine Avenue, Mount Hermon, California 95041

13. **"Document"** or **"documents"** is to be construed broadly to include the recordation of information in any form. The terms include without limitation any letters, correspondence, telegrams, memoranda, records, books of account, ledgers, accounts, balance sheets, checks, canceled checks, check books, deposit slips, bank statements, certificates of deposit, records of money market accounts, records of checking accounts, records of savings accounts, journals, minutes, contracts, records of telephone or personal conversations or conferences, interoffice communications, microfilm, electronically stored information, audio or video tape recordings or other recordings, computer disks or other software, e-mails or other electronic records, reports, analyses, work sheets, vouchers, newspaper clippings, desk calendars, appointment books, diaries, telephone toll records, travel vouchers, receipts for travel, hotel and air fare invoices, and all writings or other recordings of any nature. Where originals are not available, copies of such documents must be produced.

14. **"FHLMC"** refers to Federal Home Loan Mortgage Corporation.

15. **"Identify"** or **"Identifying"** means, in the case of an act, transaction, relationship, thing or occurrence:

a. Giving a detailed description, including complete references to: date, place, person involved, and means employed;

b. Identifying your source of information concerning such act, transaction, thing or occurrence, including the date you received such information; and

c. Identifying each person having knowledge of such act, transaction, thing or occurrence.

16. "**Identify**" or "**Identifying**" means, when used in conjunction with the term "person," or "identity" to state the person's:

a. full legal name;

b. relationship to Debtor, e.g., friend, relative, employee;

c. present or last known address and telephone number (business and residential);

d. name of employer, occupation, job title, business affiliation and/or nature of business.

17. "**Identify**" or "**Identifying**" means, when used in conjunction with an entity, organization, or anything other than a natural person, to state as much of the following information as is available to Debtor:

a. the name under which it customarily does business;

b. the address of its principal place of business; and

c. the identity of the person in such organization who is believed to have the most extensive knowledge of the matters in question.

18. "**Identify**" or "**Identifying**" means, when used in conjunction with communications, to provide as much of the following information as is available to Debtor:

a. the manner or type of the communication;

b. the date of and parties to the communication;

c. where the communication took place;

d. the substance of the communication; and

e. identify all documents describing or memorializing the communication.

CASE NO. 10-52330

**INTERROGATORIES (SET ONE)**

1         19.     **"Identify"** or **"Identifying"** means, when used in conjunction with the term

2 "document," to provide as much of the following information as is available to Debtor:

3               a.     its author(s), sender(s), addressee(s), recipient(s);

4               b.     its date;

5               c.     type of document (e.g., letter, memorandum, report);

6               d.     its subject matter;

7               e.     the number of pages;

8               f.     any attachments or appendices; and

9               g.     the person(s) who is its custodian.

10         20.     **"Interrogatories"** refers to this document, and each and every interrogatory

11 contained within this document.

12         21.     **"Motion to Dismiss"** refers to Movants' Motion to Dismiss or, in the alternative,

13 Convert, Chapter 11 Bankruptcy Case filed in this case on July 11, 2013, as *Docket No. 268.*

14         22.     **"Movants"** refers to CitiMortgage, Inc. and Federal Home Loan Mortgage

15 Corporation.

16         23.     **"Mrs. Smith"** refers to Sandra K. Smith, the spouse of Debtor.

17         24.     **"Note"** refers to that certain Promissory Note signed by Debtor and Susan K.

18 Smith on or about January 23, 2006, in the original principal sum of $227,000.00.

19         25.     **"Person"** or **"Persons"** means any natural or artificial person, including business

20 entities and other legal entities.

21         26.     **"Petition date"** means March 10, 2010.

22         27.     **"Property"** refers to that certain real property commonly described as 23 Pine

23 Avenue, Mount Hermon, California 95041.

24         28.     **"Relating to," "relate to," "related to,"** and **"relates to"** means in any way

25 concerning, containing, describing, constituting, referring to, evidencing, mentioning, reflecting,

26 identifying, refuting, contradicting, supporting, connected with or in any way pertaining to the

27 subject, in whole or in part.

28

Case: 10-52330    Doc# 310-1    Filed: 10/22/13    Entered: 10/22/13 17:36:53    EXHIBIT 2A    Page 21 of 25

1       29.    **"Referring to"** means constituting, containing, consisting of, comprising,

2  embodying, summarizing, mentioning, memorializing, discussing, showing, commencing upon,

3  or describing.

4       30.    **"Reunion"** refers to Reunion Mortgage, Inc.

5       31.    **"Schedules"** refers to the sworn bankruptcy schedules, including any amendments

6  thereto, and all other information Debtor filed in this case in accordance with section 521 of title

7  11 of the United States Code, 11 U.S.C. § 101 *et seq*.

8       32.    **"Specified date"** means January 1, 2006.

9                                **FIRST SET OF INTERROGATORIES**

10  **Interrogatory No. 1**: State the name, address, telephone number, **AND** relationship to **YOU** of

11  each **PERSON** who prepared **OR** assisted in the preparation of the responses to these **INTERROGATORIES**. This does not include anyone who simply typed **OR** reproduced the responses.

12

13  **Interrogatory No. 2**: State **ALL** facts upon which **YOU** base **YOUR** contention that **YOU** did not obtain a loan from **REUNION** in January of 2006. If **YOU** make no such contention, **YOU** need not answer this interrogatory.

14

15  **Interrogatory No. 3**: State the name, address **AND** telephone number of each **PERSON** who has knowledge of the facts upon which **YOU** base **YOUR** contention that **YOU** did not obtain a loan from **REUNION** in January of 2006. If **YOU** make no such contention, **YOU** need not answer this interrogatory.

16

17  **Interrogatory No. 4**: Identify each **DOCUMENT** which **YOU** believe supports **YOUR** contention that **YOU** did not obtain a loan from **REUNION** in January of 2006. If **YOU** make no such contention, **YOU** need not answer this interrogatory.

18

19  **Interrogatory No. 5**: State **ALL** facts upon which **YOU** base **YOUR** contention that **CMI** is not authorized to enforce the **NOTE**. If **YOU** make no such contention, **YOU** need not answer this interrogatory.

20

21  **Interrogatory No. 6**: State the name, address **AND** telephone number of each **PERSON** who has knowledge of the facts upon which **YOU** base **YOUR** contention that **CMI** is not authorized to enforce the **NOTE**. If **YOU** make no such contention, **YOU** need not answer this interrogatory.

22

23

24  **Interrogatory No. 7**: Identify each **DOCUMENT** which **YOU** believe supports **YOUR** contention that **CMI** is not authorized to enforce the **NOTE**. If **YOU** make no such contention, **YOU** need not answer this interrogatory.

25

26  **Interrogatory No. 8**: Identify each **CLAIM** that **YOU** dispute **AND** for each:

27       A.    State all facts upon which **YOU** base **YOUR** dispute.

28       B.    State the names, addresses, **AND** telephone numbers of **ALL PERSONS** who have knowledge of those facts; **AND**

-8-

**INTERROGATORIES (SET ONE)**

1    C.    Identify **ALL DOCUMENTS AND** other tangible things that support **YOUR** dispute **AND** state the name, address, **AND** telephone number of the **PERSON** who has each
2    **DOCUMENT**.

3    <u>**Interrogatory No. 9**</u>: State all facts upon which **YOU** base **YOUR** contention that the **MOTION TO DISMISS** should be denied. If **YOU** make no such contention, **YOU** need not
4    answer this interrogatory.

5    <u>**Interrogatory No. 10**</u>: State the name, address **AND** telephone number of each **PERSON** who has knowledge of the facts upon which **YOU** base **YOUR** contention that the **MOTION TO**
6    **DISMISS** should be denied. If **YOU** make no such contention, **YOU** need not answer this
7    interrogatory.

8    <u>**Interrogatory No. 11**</u>: Identify each **DOCUMENT** which **YOU** believe supports **YOUR** contention that the **MOTION TO DISMISS** should be denied. If **YOU** make no such
9    contention, **YOU** need not answer this interrogatory.

10   <u>**Interrogatory No. 12**</u>: State **ALL** facts upon which **YOU** base **YOUR** allegations in the **ADVERSARY**.

11   <u>**Interrogatory No. 13**</u>: State the name, address **AND** telephone number of each **PERSON** who has knowledge of the facts upon which **YOU** base **YOUR** allegations in the **ADVERSARY**.
12

13   <u>**Interrogatory No. 14**</u>: Identify each **DOCUMENT** which **YOU** believe supports **YOUR** allegations in the **ADVERSARY**.

14                                        Respectfully submitted,

15                                        **PITE DUNCAN, LLP**

16   Dated: August 21, 2013             <u>*/s/ Matthew R. Clark III*</u> _____
                                        MATTHEW R. CLARK
17                                       Attorneys for *Movants/Secured Creditors*
                                        CitiMortgage, Inc. and Federal Home Loan
18                                       Mortgage Corporation

19

20

21

22

23

24

25

26

27

28

-9-

Case: 10-52330   Doc# 310-1   Filed: 10/22/13   Entered: 10/22/13 17:36:53   Page 23 of 25   EXHIBIT 3

1   David E. McAllister (SBN 185831)
    dmcallister@piteduncan.com
2   Ellen Cha (CA SBN 250243)
    echa@piteduncan.com
3   Matthew R. Clark, III (SBN 271054)
    mclark@piteduncan.com
4   **PITE DUNCAN, LLP**
    4375 Jutland Drive, Suite 200
5   P.O. Box 17933
    San Diego, CA 92177-0933
6   Telephone: (858) 750-7600
    Facsimile: (858) 412-2704
7
    Attorneys for *Movants/Secured Creditors*
8   CitiMortgage, Inc. and Federal Home Loan
    Mortgage Corporation
9

10

                    **UNITED STATES BANKRUPTCY COURT**
11
            **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**
12

13  In re                             |   Bankruptcy Case No.  10-52330

14  DAVID RANDALL SMITH,              |   Chapter  11

15              Debtor.

16                                        **PROOF OF SERVICE**

17

18

19

20

21

22

23          I, Ellen Cha, hereby certify that:

24          I am over the age of 18 and not a party to this proceeding.  My business address is: 4375

25  Jutland Drive, Suite 200, P.O. Box 17933, San Diego, CA 92177-0933.

26

27

28

                                        -1-
                                                                        CASE NO. 10-52330
                                    PROOF OF SERVICE

On August 21, 2013, a copy of the following documents:

- **CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation's First Set of Requests for Production of Documents**
- **CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation's First Set of Requests for Admissions**
- **CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation's First Set of Interrogatories**

were served by placing copies thereof enclosed in a sealed envelope in the United States Mail, first class, postage prepaid, as follows:

David Randall Smith
P.O. Box 436
Mt. Hermon, CA 95041
*(Via U.S. Mail)*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/21/2013 | Ellen Cha | /s/ Ellen Cha |
|---|---|---|
| Date | Type Name | Signature |

CASE NO. 10-52330

**PROOF OF SERVICE**