

# PITE DUNCAN LLP

**VIA U.S. MAIL & EMAIL**

David Randall Smith
P.O. Box 436
Mt. Hermon, CA 95041
davidwood100@yahoo.com

Re:   **Meet and Confer Notice**
      *In re Smith*, **Case No. 10-52330 (Bankr. N.D.Cal.)**
      **Our File No. 000172-004084**

Dear Mr. Smith:

This letter is an attempt to meet and confer pursuant to Federal Rule of Civil Procedure 37(a)(1) to avoid the necessity of motions to compel and for sanctions.

As you know, on July 11, 2013, our firm filed a *Motion to Dismiss, or in the alternative, Convert Chapter 11 Bankruptcy Case* [Dkt. No. 268] (the "Motion") in the above-referenced bankruptcy case (the "Bankruptcy") on behalf of our clients, CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation (collectively, the "Movants"). The Motion is made on the ground that good cause exists to dismiss the Bankruptcy pursuant to section 1112(b) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* Motions to dismiss or convert a bankruptcy case are contested matters governed by Federal Rule of Bankruptcy Procedure 9014. *See* Fed. R. Bankr. P. 1017(f). Rule 9014 makes Federal Rules of Bankruptcy Procedure 7028-7037 applicable to contested matters. Stated otherwise, Rule 9014 makes the discovery devices prescribed by the Federal Rules of Bankruptcy Procedure applicable to the Motion.

In accordance with the Federal Rules of Bankruptcy Procedure, on August 21, 2013, our firm served you with Movants' discovery requests (collectively, the "Discovery"), including a: (1) First Set of Interrogatories; (2) First Set of Requests for Production of Documents; and (3) First Set of Requests for Admission (the "RFAs"). Based on the date of service of the Discovery, your response deadline was September 23, 2013. *See* Fed. R. Bankr. P. 7033; Fed. R. Bankr. P. 7034; Fed. R. Bankr. P. 7036; Fed. R. Bankr. P. 9006(f). We have not received any of the information requested in the Discovery as of the date of this letter. Notably, Federal Rule of Bankruptcy Procedure 7036 provides that any matter within a request for admission is deemed admitted – and conclusively established – if not timely responded to. *See* Fed. R. Bankr. P. 7036(a)(3), (b). Because you failed to timely respond to the RFAs, each of the requests contained therein is deemed admitted and conclusively established as a matter of law.

Case: 10-52330   Doc# 310-2   Filed: 10/22/13   Entered: 10/22/13 17:36:53   EXHIBIT B   Page 1 of 2



Before proceeding with a motion to compel you to respond to the remaining Discovery, we are required to meet and confer in an effort to obtain the documents/information without court action. *See* Fed. R. Bankr. P. 7037. To this end, please advise as to your availability to discuss your failure to respond to the Discovery. If we do not hear from you within 5 days from the date of this letter, we will assume that you are unwilling to produce the requested Discovery. We will thereafter be left with no choice but to file a motion to compel and for sanctions.

In addition to your availability to discuss the Discovery, please provide us with dates in the month of October, 2013, that you and your wife are available to be deposed in connection with the Motion. Absent hearing from you, we will select dates based on our availability and provide you with reasonable notice in accordance with the Federal Rules of Bankruptcy Procedure.

Please contact me immediately if any aspect of this letter is not clear to you, or you dispute any of the demands Movants have made, so that we can resolve these matters in a timely fashion. We look forward to hearing from you.

Sincerely,

Matthew R. Clark III