David E. McAllister (SBN 185831)
dmcallister@piteduncan.com
Ellen Cha (SBN 250243)
echa@piteduncan.com
Brian A. Paino (SBN 251243)
bpaino@piteduncan.com
Matthew R. Clark III (SBN 271054)
mclark@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Movants*
CitiMortgage, Inc. and Federal Home Loan
Mortgage Corporation

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Case No. 10-52330<br><br>Chapter 11<br><br>***EX PARTE* MOTION FOR ORDER SETTING HEARING ON MOTION FOR ORDER COMPELLING DAVID RANDALL SMITH TO APPEAR AT DEPOSITION ON SHORTENED NOTICE**<br><br>*[Proposed] Order Lodged Concurrently* |

*Movants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation (collectively, the "Movants") hereby move, pursuant to Federal Rule of Bankruptcy Procedure 9006, Local Bankruptcy Rule 9006-1, and 11 U.S.C. § 105, for an order setting their *Motion for Order Compelling David Randall Smith to Appear at Deposition* (the "Motion to Compel") on shortened notice.

As explained more fully in the accompanying Memorandum of Points and Authorities (the "Memorandum"), this motion is made on the grounds that good cause exists to hear the Motion to Compel on shortened notice because: (1) Debtor's improper refusal to appear at his scheduled

| | |
|---|---|
| 1 | deposition on December 16, 2013 necessitated the filing of the Motion to Compel; and (2) there is |
| 2 | insufficient time to bring the Motion to Compel on regular notice. |
| 3 |     This motion is based on the motion, the Memorandum and declaration filed concurrently |
| 4 | herewith, the pleadings and papers on file herein, and upon such oral and documentary evidence as |
| 5 | may be presented by the parties at the hearing. |

                                          Respectfully submitted,

                                          **PITE DUNCAN, LLP**

Dated: December 12, 2013            /s/ *Brian A. Paino*_____
                                               BRIAN A. PAINO
                                               Attorneys for *Movants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation

- 2 -    Case No. 10-52330
*EX PARTE* **MOTION FOR HEARING ON SHORTENED NOTICE**
Case: 10-52330    Doc# 328    Filed: 12/12/13    Entered: 12/12/13 16:32:31    Page 2 of 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  FACTUAL AND PROCEDURAL SUMMARY[1]

This case has a lengthy history which has been detailed fully in Movants' *Motion to Dismiss or, in the alternative, Convert Chapter 11 Bankruptcy Case* [Dkt. No. 268] (the "Motion to Dismiss"). As a result, Movants will not restate the full history herein. Instead, Movants address only the following facts and events that necessitated this motion:

On July 11, 2013, Movants filed the Motion to Dismiss wherein they requested an order dismissing or converting this case. (*See* Dkt. No. 268). The Motion to Dismiss was originally set for hearing on September 30, 2013, but was continued to January 24, 2014. (*See generally Docket*).

On October 23, 2013, Movants served Debtor with a Notice of Deposition (the "Deposition Notice") wherein they notified Debtor that they intended to depose him on November 25, 2013, at Landi Court Reporters, 1292 Lincoln Avenue, San Jose, California 95125, and requested that Debtor produce certain documents. (*See* Declaration in Support of Motion for Order Compelling David Randall Smith to Appear at Deposition ("Declaration"), ¶ 4; **Exhibit A**). Movants served Debtor with an Amended Notice of Deposition (the "Amended Notice") on November 19, 2013, that continued the deposition date to December 16, 2013, and gave Debtor until December 11, 2013, to produce the documents identified in the Deposition Notice. (*See id.* at ¶ 5; **Exhibit B**).

On December 5, 2013, Debtor filed an Objection to Amended Notice of Deposition and Request for Production of Documents (the "Objection") wherein he argues that Movants lack standing to propound discovery on him in this case. (*See* Dkt. No. 326).

As a result of Debtor having filed the Objection, on December 11, 2013, Movants, through their undersigned counsel, sent Debtor a correspondence advising Debtor that the filing of the Objection did not excuse his appearance at the deposition and requesting confirmation that he intended to comply with the Amended Notice. (*See* Declaration, ¶ 7; **Exhibit D**). Debtor responded to this correspondence by advising Movants' counsel that he *would not* be attending the deposition. (*See id.* at ¶ 8).

---

[1] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Movants request that the Court take judicial notice of the documents and other records on file in this case, as referenced herein by Docket Number.

Concurrently with the filing of this motion, Movants filed a Motion for Order Compelling David Randall Smith to Appear at Deposition (the "<u>Motion to Compel</u>"). (*See* Dkt. No. 327). Because the deposition is scheduled for December 16, 2013, there is insufficient time to hear the Motion to Compel on regular notice.

## II. LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 9006 governs the computation of time periods in bankruptcy proceedings. *See generally* Fed. R. Bankr. P. 9006. Pursuant to Rule 9006, with certain exceptions not applicable to this case, a bankruptcy court is authorized to reduce the notice period for a motion upon a showing of cause. *See* Fed. R. Bankr. P. 9006(c)(1). Notably, the Federal Rules of Bankruptcy Procedure are to be construed "to secure the just, speedy, and inexpensive determination of every…proceeding." *See* Fed. R. Bankr. P. 1001. Section 105 of the Bankruptcy Code authorizes a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a). It also provides that a bankruptcy court may, "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *See id.* The Local Bankruptcy Rules dictate that a request to have a matter heard on shortened notice must be made by motion or stipulation of the parties. *See* LBR 9006-1(a).

## III. ANALYSIS

### A. GOOD CAUSE EXISTS TO SET A HEARING ON THE MOTION TO COMPEL ON SHORTENED NOTICE

The record reflects that Debtor has been on notice for nearly a month that Movants intended to take his deposition on December 16, 2013. It was not until December 4, 2013, that Debtor objected to the Amended Notice. Significantly, Debtor's Objection is based on a legal theory that has already been considered and rejected by the Court. Indeed, the Objection is based on Debtor's contention that Movants lack standing to propound discovery on him in this case. At the December 5, 2013 hearing on Movants' *Motion to Compel Responses to Discovery and for Monetary Sanctions* [Dkt. No. 310], the Court held that Movants have submitted sufficient evidence to establish their standing as parties in interest in this case. As a consequence, Debtor's Objection is without merit.

- 2 -
Case No. 10-52330
**MEMORANDUM OF POINTS AND AUTHORITIES**
Case: 10-52330   Doc# 328   Filed: 12/12/13   Entered: 12/12/13 16:32:31   Page 4 of 8

Simply put, the Objection is nothing more than a dilatory tactic. Regardless, the mere filing of an objection does not, as a matter of law, excuse Debtor from complying with the Amended Notice. *See* Fed. R. Civ. P. 37(d)(2).[2]

Despite the efforts of Movants' undersigned counsel, he has been unable to convince Debtor that he is required by law to appear at the deposition, thereby necessitating the Motion to Compel. Movants have notably made arrangements with a court reporter to appear at, commenced their preparation for, and made travel plans in connection with the scheduled deposition. Unless Debtor is compelled to attend the deposition, he will be rewarded for blatantly ignoring the prior ruling of this Court with respect to Movants' standing and, more broadly, the Federal Rules of Bankruptcy Procedure. Since Movants are otherwise entitled to propound discovery on Debtor as a matter of fact and law, good cause exists to hear the Motion to Compel on shortened notice.

## IV.     CONCLUSION

For the foregoing reasons, Movants are entitled to an order setting the hearing on the Motion to Compel on shortened notice.

**WHEREFORE**, Movants respectfully request:

1. That the Court grant this motion and enter an order setting a hearing on the Motion to Compel on the Court's December 13, 2013 calendar;

2. Reasonable attorneys' fees and costs; and

3. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**PITE DUNCAN, LLP**

Dated: December 12, 2013         /s/ *Brian A. Paino*_____
BRIAN A. PAINO
Attorneys for *Movants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation

---

[2] As made applicable to this case by Federal Rules of Bankruptcy Procedure 7030 and 9014.

# **DECLARATION OF BRIAN A. PAINO**

I, Brian A. Paino, declare as follows:

1. I am employed as an Associate Attorney by Pite Duncan, LLP ("Pite Duncan"), attorneys for *movants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation (the "Movants") in this case. I am a member in good standing of the State Bar of California and licensed to practice before this Court.

2. I submit this declaration in support of Movants' *Ex Parte Motion for Order Setting Hearing on Motion for Order Compelling David Randal Smith to Appear at Deposition on Shortened Notice*. The declaration is based on my own personal knowledge, information provided to me by employees and staff, and upon my review of Pite Duncan's business records.

3. I have access to and am familiar with Pite Duncan's books and records regarding this case. I am familiar with the manner in which Pite Duncan maintains its books and records. Pite Duncan's records are made at or near the time of the occurrence of the matters set forth in such records by an employee or representative with knowledge of the acts or events recorded. Such records are obtained, kept and maintained by Pite Duncan in the regular course of its business. Pite Duncan relies on such records in the ordinary course of its business.

4. On October 23, 2013, Pite Duncan served *debtor* David Randall Smith ("Debtor") with a Notice of Deposition (the "Deposition Notice"), via first class mail, postage prepaid. The Deposition Notice notified Debtor that Movants intended to depose him on November 25, 2013, at Landi Court Reporters, 1292 Lincoln Avenue, San Jose, California 95125. A copy of the Deposition Notice is attached hereto as **Exhibit A**.

5. On November 19, 2013, Pite Duncan served Debtor with an Amended Notice of Deposition (the "Amended Notice"). The Amended Notice notified Debtor that Movants intended to depose him on December 16, 2013, at Landi Court Reporters, 1292 Lincoln Avenue, San Jose, California 95125. A copy of the Amended Notice is attached hereto as **Exhibit B**.

6. On or about December 9, 2013, Pite Duncan received Debtor's Objection to Amended Notice of Deposition and Request for Production of Documents ("Objection"). The Objection was accompanied by a Proof of Service that reflects that the Objection was placed in the

1  United States mail at Boulder Creek, CA, with postage thereon fully prepaid, on December 4, 2013.
2  However, the envelope in which the Objection was sent is postmarked December 6, 2013, two days
3  after the Objection was purportedly placed in the mail. Copies of the Objection, Proof of Service,
4  and envelope are collectively attached hereto as **Exhibit C**.

5      7.    Following my receipt of the Objection, on December 11, 2013, I left a voice message
6  for Debtor at (831)234-8407. Later that day, I sent an email to Debtor wherein I advised Debtor that
7  the Objection did not excuse his appearance at the December 16, 2013 deposition and requested
8  confirmation that he would comply with the Amended Notice. A copy of the email correspondence
9  is attached hereto as **Exhibit D**.

10      8.    On December 12, 2013, Debtor responded to my December 11, 2013 email and
11  indicated that he *would not* be appearing at the noticed deposition. *See* **Exhibit D**.

12      9.    On December 12, 2013, I sent Debtor two additional emails wherein I: (a) advised
13  Debtor that his refusal to appear at the scheduled deposition left our clients with no choice but to file
14  this motion; and (b) provided him with the audio file for the Court's December 6, 2013 hearing on
15  Movants' *Motion to Compel Responses to Discovery and for Monetary Sanctions* for purposes of
16  resolving Debtor's apparent confusion regarding the Court's ruling. Because there is only one court
17  day before the scheduled deposition, I advised Debtor that, absent hearing from him by 2:00 p.m. on
18  December 12, 2013, we would proceed with filing a motion to compel Debtor to appear at the
19  deposition. *See* **Exhibit D**. I did not receive any further communications from Debtor prior to filing
20  this motion.

21      10.    Movants request an order setting their *Motion for Order Compelling David Randall*
22  *Smith to Appear at Deposition* (the "<u>Motion to Compel</u>") on shortened notice because there is
23  insufficient time before the scheduled deposition to have the motion heard on regular notice.

24      11.    Movants have not been afforded any prior time modifications with respect to the
25  Motion to Compel.

26      12.    The entry of an order setting the Motion to Compel on shortened notice will promote
27  the efficient administration of this case as Debtor's objection to the Amended Notice has no basis in
28  fact or law.

13. Although I have discussed the issues underlying the Motion to Compel with Debtor, due to time constraints, I have not been able to ascertain Debtor's position with respect to Movants' request that the motion be heard on shortened notice, but anticipate that Debtor will reject any such request.

14. After filing this motion and the Motion to Compel, our office intends to email courtesy copies of the documents to Debtor to ensure that he has timely notice of the filings.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 12, 2013, at San Diego, California.

/s/ *Brian A. Paino*
BRIAN A. PAINO

- 3 -  Case No. 10-52330
**DECLARATION OF BRIAN A. PAINO IN SUPPORT OF *EX PARTE* MOTION**