David E. McAllister (SBN 185831)
dmcallister@piteduncan.com
Ellen Cha (SBN 250243)
echa@piteduncan.com
Brian A. Paino (SBN 251243)
bpaino@piteduncan.com
Matthew R. Clark III (SBN 271054)
mclark@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Movants*
CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Case No. 10-52330<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION TO QUASH AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>**Hearing**:<br>Date: January 16, 2014<br>Time: 3:00 p.m.<br>Ctrm: 3020<br>Judge: Hon. Arthur S. Weissbrodt |

    *Movants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation (collectively, the "<u>Movants</u>") hereby submits their Opposition to *debtor* David Randall Smith's ("<u>Debtor</u>") Motion to Quash Amended Notice of Deposition and Request for Production of Documents.

- 1 -  Case No. 10-52330

Case: 10-52330    Doc# 339    Filed: 01/02/14    Entered: 01/02/14 15:06:27    Page 1 of 6

## I. FACTUAL AND PROCEDURAL SUMMARY

This case has a lengthy history which has been detailed fully in Movants' *Motion to Dismiss or, in the alternative, Convert Chapter 11 Bankruptcy Case* [Dkt. No. 268] (the "Motion to Dismiss"). As a result, Movants will not restate the full history herein. Instead, Movants address only the following facts and events that necessitated this motion:

On July 11, 2013, Movants filed the Motion to Dismiss wherein they requested an order dismissing or converting this case. (*See* Dkt. No. 268). The Motion to Dismiss was originally set for hearing on September 30, 2013, but was recently continued to January 24, 2014. (*See generally Docket*).

On October 23, 2013, Debtor was served with a Notice of Deposition and Request for Production of Documents Pursuant to Rule 34. Debtor was required to appear for an examination November 25, 2013. Debtor was also required to produce any requested documents no later than November 22, 2013. (*See* Dkt. No. 313).

On November 19, 2013, an Amended Notice of Deposition and Request for Production of Documents Pursuant to Rule 34 was served on the Debtor continuing the date of examination to December 16, 2013. Debtor was also provided additional time, to December 11, 2013, to produce any requested documents. (*See* Dkt. No. 321).

On December 5, 2013, Debtor filed an Objection to Amended Notice of Deposition and Request for Production of Documents (the "Objection") wherein he argues that Movants lack standing to propound discovery on him in this case. (*See* Dkt. No. 326).

As a result of Debtor having filed the Objection, on December 11, 2013, Movants, through their undersigned counsel, sent Debtor a correspondence advising Debtor that the filing of the Objection did not excuse his appearance at the deposition and requesting confirmation that he intended to comply with the Amended Notice. (*See* Dkt. No. 327). Debtor responded to this correspondence by advising Movants' counsel that he *would not* be attending the deposition. (*See id*).

Consequently, Movants filed a Motion for Compelling, on an ex parte basis, the Debtor to appear at the deposition. (*See* Dkt. No. 327). The court has advised Movants to set the matter on for hearing on regular notice. (*See* Dkt. No. 330).

On December 13, 2013, Debtor filed this instant Motion to Quash Amended Notice of Deposition and Request for Produion of Documents ("Motion"). (*See* Dkt. No. 334). However, since the motion was not docketed until December 16, 2013, Movants were not provided with sufficient notice of the Motion until after the deposition on December 16, 2013.

## II. LEGAL ARGUMENT

### A. DEBTOR HAS FAILED TO MEET HIS BURDEN FOR A PROTECTIVE ORDER TO ISSUE [1]

#### 1. Legal Standard

Fed. R. Civ. P. 26(c) provides in pertinent part:

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure of discovery;
(B) specifying terms, including time and place, for the disclosure or discovery;
(C) prescribing a discovery method other than the one selected by the party seeking discovery;
(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
(E) designating the person who may be present while the discovery is conducted;
(F) requiring that a deposition be sealed and opened only on court order;
(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

---

[1] Although styled as a motion to quash, Debtor appears to seek a protective order under Fed. R. Civ. P. 26(c) based on the substance of his arguments. Movants file this Opposition as one to a motion for protective order. However, in the event the motion is truly a motion to quash a notice of deposition, Movants reserve the right to amend their Opposition accordingly.

*See* Federal R. Civ. P. 26(c)(1)(A)-(H) (emphasis added).[2] The discretion to limit discovery extends to imposing restrictions where the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at state in the action, and the importance of the discovery in resolving the issue." Fed. R. Civ. P. 26(b)(2)(C)(iii). The burden is on the moving party to demonstrate that good cause exists for protecting the material. Fed. R. Civ. P. 26(c). Once these elements are met, the burden shifts to the party seeking disclosure to show that the material is relevant and necessary to its case. *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (D.C. Fla. 1985); *In re Remington Arms Co., Inc.*, 952 F.2d 1029, 1031-32 (8th Cir.1991).

### 1. Debtor's Motion is Procedurally Defective

The meet and confer requirements under the Federal and Local Rules are threshold requirements that must be met prior to bringing a motion for protective order. Rule 26 specifically requires that a motion for protective order include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to obtain it without court intervention. Fed. R. Civ. P. 26(c). Plaintiff's motion is completely devoid of any evidence that the meet and confer requirements have been met. Accordingly, Plaintiff's Motion should be denied in its entirety.

### 2. Debtor's Motion is Substantively Defective

The Motion is likewise substantively defective as the Debtor fails to indicate under which prong of Rule 26(c) he seeks relief thereby necessitating Movants to take on the burden which initially should be bore by Debtor. Based on this defect alone, the Motion should be denied in its entirety until the Debtor amends the Motion to properly set forth the basis for the relief he seeks so that Movants can adequately present its defense to the same.

### 3. Debtor's Request for An Order of Protection Fails

The Motion sets for no basis, factual or legal, for the court to award an order of protection.

---

[2] Fed. R. Civ. P. 26(c) is made applicable to this proceed by Fed. R. Bankr. P. 7026(c).

In short, the Motion simply reiterates the same defective argument the Debtor advanced in his Objection to the Amended Notice - that Movants lack standing to propound discovery on him in this case. As previously argued, the Court rejected this theory at the December 5, 2013 hearing on Movants' *Motion to Compel Responses to Discovery and for Monetary Sanctions* [Dkt. No. 310], at which time the Court held that Movants have submitted sufficient evidence to establish their standing as parties in interest in this case. More specifically, the Court determined that Citi was in possession of a promissory note (the "Note") executed by Debtor, which is indorsed and payable in blank. As the entity in possession of the Note, Citi has a right to payment from Debtor. *See* Cal. Comm. Code § 3301 (providing that the "holder" qualifies as the "person entitled to enforce" a negotiable instrument); Cal. Comm. Code § 1201(21) (defining "holder" as "the person in possession of a negotiable instrument that is payable to bearer."). This right is sufficient to confer standing on Citi in the context of this proceeding. *See* 11 U.S.C. § 1112(b) (entitling a "party in interest" to file a motion to dismiss a chapter 11 case); 11 U.S.C. § 1109(b) (defining "party in interest" as including a "creditor"); 11 U.S.C. § 101(10)(A) (defining "creditor" as "entity that has a claim against the debtor…"); 11 U.S.C. § 101(5)(A) (defining "claim" as a "right to payment"). In short, Debtor's request for a protective order on the ground that Movants lack standing is factually and legally baseless.

Movants are entitled to depose Debtor in this case. Movants brought the Motion to Dismiss pursuant to section 1112 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1017. Rule 1017 expressly provides that a motion to dismiss under section 1112 is a contested matter that is governed by Federal Rule of Bankruptcy Procedure 9014. *See* Fed. R. Bankr. P. 1017(f)(1) ("Rule 9014 governs a proceeding to dismiss…a case, or to convert a case to another chapter…"). In turn, Rule 9014 makes Federal Rules of Bankruptcy Procedure 7026 and 7028 through 7037 applicable to contested matters. Because the Motion to Dismiss is a contested matter governed by Rule 9014, Movants are entitled to propound discovery – including the Deposition Notice and Amended Notice – on Debtor.

## III. CONCLUSION

The Debtor has failed to demonstrate *any* cause, let alone good cause for the Court to issue a protective order under Rule 26(c). The Motion is procedurally and substantively lacking and, accordingly, the court should deny the relief requested.

**WHEREFORE**, Movants respectfully requests the following:

1. Deny the Debtor's Motion in its entirety;
2. An award of reasonable attorneys' fees and cost related to Motion;
3. All other relief the Court deems just and proper.

Respectfully submitted,

Dated: January 2, 2014          **PITE DUNCAN, LLP**

/s/ *Ellen Cha*_____
ELLEN CHA
Attorneys for *Movants* CitiMortgage, Inc. and
Federal Home Loan Mortgage Corporation

- 6 -     Case No. 10-52330