David E. McAllister (SBN 185831)
dmcallister@piteduncan.com
Ellen Cha (SBN 250243)
echa@piteduncan.com
Brian A. Paino (SBN 251243)
bpaino@piteduncan.com
Matthew R. Clark III (SBN 271054)
mclark@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Movants*
CitiMortgage, Inc. and Federal Home Loan
Mortgage Corporation

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>DAVID RANDALL SMITH,<br><br>Debtor. | Case No. 10-52330<br><br>Chapter 11<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF DAVID RANDALL SMITH IN SUPPORT OF OBJECTION TO MOTION TO COMPEL RESPONSES TO DISCOVERY AND FOR MONETARY SANCTIONS** |

*Movants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation (collectively, the "Movants") hereby object to the *Declaration of David Randall Smith in Support of Objection to Motion to Compel Responses to Discovery and For Monetary Sanctions* [Dkt. No. 332] (the "Smith Declaration").

### I. OVERVIEW

*Debtor* David Randall Smith ("Smith") filed the Smith Declaration on December 13, 2013, eight days after the Court conducted a hearing on Movants' *Motion to Compel Responses to Discovery and For Monetary Sanctions* [Dkt. No. 310] (the "Motion to Compel"). Through the Smith Declaration, Smith seeks to rebut Movants' contention that they attempted in good faith to

- 1 -  Case No. 10-52330
**EVIDENTIARY OBJECTION TO DECLARATION OF DAVID RANDALL SMITH**

meet and confer with Smith to resolve the discovery issues raised in the Motion to Compel. Significantly, the Court determined at the hearing on the Motion to Compel that Movants complied with the meet and confer requirements of Federal Rule of Civil Procedure 37.[1] After finding that Movants were entitled to propound discovery on Smith and to recover their attorneys' fees for the Motion to Compel, the Court instructed Movants to submit evidence of the additional attorneys' fees they incurred subsequent to the filing of the motion. The deadline for Movants to submit this evidence was December 20, 2013. In turn, Smith was given until January 10, 2014, to object to any supplemental evidence submitted by Movants. Rather than waiting for Movants to submit their supplemental evidence, Smith filed the Smith Declaration which seeks to re-litigate issues already decided by the Court; namely, whether Movants satisfied the meet and confer requirement of Rule 37.

## II. OBJECTIONS

1. <u>Relevance</u>.

Federal Rule of Evidence 402[2] provides that "[e]vidence which is not relevant is not admissible." *See* Fed. R. Evid. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Smith Declaration should be stricken because it is irrelevant. Indeed, Smith appears to have filed the declaration in an effort to rebut the Court's determination that Movants complied with the meet and confer requirement of Federal Rule of Civil Procedure 37. In other words, Smith seeks to have the Court reconsider its finding that Movants made a good faith effort to confer with Smith to obtain the discovery detailed in the Motion to Compel. This finding was based on the evidence Movants submitted with the Motion to Compel, including two separate correspondence that Movants' counsel, Matthew Clark ("<u>Clark</u>"), sent to Smith prior to the filing of the motion, to which Smith did not timely respond. Plainly stated, the Smith Declaration is an improper attempt to collaterally attack an issue that has already been decided. Because the information contained in the Smith Declaration

---

[1] As made applicable to this case by Federal Rule of Bankruptcy Procedure 9037.
[2] As made applicable to this case by Federal Rule of Bankruptcy Procedure 9017.

otherwise has no bearing on the Court's determination of the reasonableness and extent of the attorneys' fees Movants incurred in connection with the Motion to Compel, it is of no consequence to any pending issue before the Court. As a result, the Smith Declaration does not satisfy the relevance requirements of Federal Rule of Evidence 402 and is therefore inadmissible.

Even if the Court were to consider the Smith Declaration, it does not establish that Movants did not comply with Rule 37. On the contrary, the record reflects that Movants made multiple attempts to meet and confer with Smith. In the last of these attempts, Movants requested that Smith provide them with an acceptable time and date by 5:00 p.m. on October 15, 2013, to complete the conference required by Rule 37. Smith's own evidence does not establish that he responded to Movants by the prescribed deadline. Instead, Smith proceeded to file an objection to Movants' discovery requests and, thereafter, sent an email to Clark regarding the objection. Smith appears to believe that his invitation to Clark to "[l]et [Smith] know if there is anything further to discuss" negates Movants' efforts to meet and confer, and absolves him of any responsibility to reimburse Movants for their reasonable attorneys' fees and costs. Put simply, there can be no dispute that Movants' multiple attempts to meet and confer with Smith satisfied the requirements of Rule 37. Neither the Smith Declaration nor Smith's discovery objections changes this fact.

2. <u>28 U.S.C. § 1746</u>.

Section 1746 of title 28 of the United States Code requires that a declaration be subscribed to under penalty of perjury, and be executed substantially in the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." *See* 28 U.S.C. § 1746. While a lack of swearing is not a fatal defect, a "declaration must be made under penalty of perjury and must be attested to be true." *Davenport v. Bd. of Trustees of State Ctr. Cmty. Coll. Dist.*, 654 F. Supp. 2d 1073, 1083 (E.D. Cal. 2009) (citations omitted); *see also Okada v. Green Tree*, 2010 WL 700660 (N.D. Cal. 2010) ("A declaration must be made under penalty of perjury…"); *Barroca v. Santa Rita Jail*, 2006 WL 571355 (N.D. Cal. 2006) ("A declaration is not admissible as evidence if not verified as true and correct and signed under penalty of perjury."). Importantly, unrepresented parties are bound by the rules and procedure of this Court. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

1  The Smith Declaration fails to satisfy the requirements of section 1746. Although Smith states in the declaration that the facts he attests to are within his personal knowledge, he altogether fails to attest to the facts under penalty of perjury. Smith's status as a *pro se* litigant does not excuse his failure to comply with the requirements of section 1746. *See Ghazali*, 46 F.3d at 54. Absent compliance with the requirements of section 1746, the Smith Declaration is inadmissible.

### III.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court sustain the objections detailed herein and strike the Smith Declaration.

Respectfully submitted,

**PITE DUNCAN, LLP**

Dated: January 14, 2014

/s/ *Brian A. Paino*
BRIAN A. PAINO
Attorneys for *Movants* CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation